IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD CONSTANTINESCU,<br>PERRY "PJ" MATLOCK,<br>JOHN RYBARCZYK,<br>GARY DEEL,<br>STEFAN HRVATIN,<br>TOM COOPERMAN,<br>MITCHELL HENNESSEY,<br>DANIEL KNIGHT. | No. 4:22-CR-00612 |

**JOINT DEFENDANTS' UNOPPOSED MOTION
FOR CONTINUANCE AND TO CERTIFY CASE AS COMPLEX**

Defendants, Edward Constantinescu ("Constantinescu"), Perry "PJ" Matlock ("Matlock"), John Rybarczyk ("Rybarczyk"), and Daniel Knight ("Knight") (collectively "Joint Defendants"), by and through their attorneys, file this Unopposed Motion for Continuance and to Certify Case as Complex (the "Motion"), pursuant to 18 U.S.C § 3161(h). The Government has indicated it does not oppose the relief requested by the Motion.

**INTRODUCTION**

1. On December 7, 2022, the Government filed its sealed Indictment in the Southern District of Texas, asserting twelve counts in connection with an alleged securities "pump and dump" scheme against eight Defendants—Constantinescu, Matlock, Rybarczyk, Knight, Gary Deel ("Deel"), Stefan Hrvatin ("Hrvatin"), Tom Cooperman ("Cooperman"), and Mitchell Hennessey ("Hennessey") (collectively the "Defendants").

2. Of the eight Defendants, four[1] have been arraigned in the Southern District of Texas, and presently have identical scheduling orders in place with the following dates/deadlines:

   a. Motions will be filed by January 3, 2023;
   b. Responses will be filed by January 17, 2023;
   c. Pretrial conference is set for February 6, 2023; and
   d. Jury trial is set to begin on February 13, 2023.

The four remaining Defendants—Deel, Hrvatin, Cooperman, and Hennessey—reside in California, Florida, or New Jersey and have yet to appear in the Southern District of Texas.

3. Notably, as of the date of this filing, Defendant Deel still does not have counsel of record. A Hearing as to Determination of Counsel for Deel is scheduled for January 12, 2023. On this point, the Government has indicated that it is waiting to transmit its first production of discovery to Joint Defendants' counsel—a drive estimated to contain about 300–400 GB of data—until every defendant has retained counsel. *Exhibit A*. The current scheduling orders regarding Joint Defendants require motions to be filed prior to the anticipated time that they are likely to receive *any discovery* from the Government. And, as the Government has indicated, that first tranche of discovery will be substantial. Thus, Joint Defendants require a continuance to allow additional time for receipt and review of the Government's discovery to decide whether they will submit any appropriate motions.

4. Additionally, this case should be certified as "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) because this case involves (i) eight Defendants, (ii) four defendants that reside outside the Southern District of Texas, (iii) allegations of securities fraud and conspiracy to commit securities fraud, (iv) a voluminous amount of discovery material, and (v) novel questions of fact

---

[1] Matlock [ECF No. 22]; Rybarczyk [ECF No. 28]; Knight [ECF No. 38]; and Constantinescu [ECF No. 43].

and law, given the unique quality of the allegations against Defendants related to their purported use of social media.

5. For these reasons, Joint Defendants respectfully request: (i) a continuance of all deadlines in the present scheduling orders, (ii) a continuance of the deadline to file a Motion for Bill of Particulars, and (iii) certification of this case as "complex" under of 18 U.S.C. § 3161(h)(7)(B)(ii), such that the continuance of motion deadlines, pretrial proceedings, and the date of the trial itself is continued for an unspecified amount of time, to allow Joint Defendants reasonable time to prepare their respective defenses.

## ARGUMENT

6. This case is the first of its kind. In the ever-changing landscape of social media, the Defendants in this case have been accused of utilizing their popularity as "influencers" to engage in a $114 million scheme to commit securities fraud.[2] To be clear, each Defendants' purported number of Twitter followers are key Indictment allegations in connection with their alleged "pump and dump" scheme. Given the complex factual allegations and novelty of the legal theories underpinning this case, it is imperative that Defendants are afforded adequate time to prepare their respective defenses.

7. The U.S. Constitution guarantees criminal defendants "the right to a speedy trial." U.S. Const. amend. VI. Consistent with this constitutional protection, the Speedy Trial Act (the "Act") governs the time limits within which a trial of a Defendant charged with an offense must commence. 18 U.S.C. § 3161 et seq. Under the Act, judicial officers are instructed, "at the earliest practicable time," to "set the case for trial... so as to ensure a speedy trial." 18 U.S.C. § 3161(a). This is understood to mean, where a defendant enters a plea of not guilty, "the trial shall commence

---

[2] *See* Indictment, Paragraph 12 ("Indeed, the defendants used their social media influence to pump and dump securities for their own financial gain.")

Case 4:22-cr-00612 Document 72 Filed on 12/28/22 in TXSD Page 4 of 9

within seventy days" from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer. 18 U.S.C. § 3161(c)(1).

8. Regardless, the Act recognizes "that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 489 (2006). Subsection (h) "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*.; 18 U.S.C. § 3161(h). Specifically, and as pertinent in this case, any "period of delay resulting from a continuance" is excludable from the Act's time limits "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Subsection (B) further instructs judges to consider certain factors in determining whether to grant a continuance under subparagraph (A), including, among others:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> ...

18 U.S.C. § 3161(h)(7)(B)(i), (ii).

9. If required to abide by the currently scheduling orders' dates, Joint Defendants would be forced to decide almost immediately whether they intend to file any motions to defend against an Indictment predicated on novel theories of securities laws. Critically, they would be forced to make this decision *before* receiving the Government's first production of approximately

300-400 GB[3] of data. A continuance of the motion deadline, and all other dates in the present scheduling orders, is necessary to ensure that Joint Defendants have a reasonable time to receive and review the Government's production, decide whether to file appropriate motions, and otherwise prepare their respective defenses.

10. Moreover, this case is so unusual and complex that it should, at this stage, be continued for an unspecified amount of time pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Whether a criminal case is "complex" within the meaning of the Act requires consideration of the following factors: (1) the number of defendants, (2) the nature of the prosecution, or (3) the existence of novel questions of fact or law. 18 U.S.C. § 3161(h)(7)(B)(ii).

11. As for the first factor, the existence of eight Defendants in this case—all alleged to have participated in a conspiracy to commit securities fraud—warrants designation of the case as complex and is consistent with other cases from the Fifth Circuit upholding such designation on the basis of numerous defendants. *See e.g. United States v. Perry*, 35 F.4th 293, 314, 351 (5th Cir. 2022), cert. denied sub nom. (upholding district court's determination that the case was complex under § 3161(h)(7)(B)(ii) where the district court's reasoning noted the involvement of ten co-defendants); *United States v. Whitfield*, 590 F.3d 325, 335, 338 (5th Cir. 2009) (upholding district court's determination that the case was complex where it involved three defendants charged with participating in bribery schemes as the case was "facially and actually complex"). And, complexity is further heightened because four of the Defendants—Deel, Hrvatin, Cooperman, and Hennessey—reside outside of the Southern District of Texas (in California, Florida, or New Jersey). *See e.g. United States v. Williams*, 314 F. App'x 656, 657 (5th Cir. 2009) (case found to be complex where defendants resided in various locations throughout Louisiana and Texas).

---

[3] By way of limited example, 1 GB of data is equivalent to roughly 678,000 pages of text.

5

12. As for the "nature of the prosecution," the fact that this case involves allegations of securities fraud and conspiracy to commit securities fraud further highlights the complex nature of the Government's allegations. Courts in the Southern District of Texas have "deemed" cases involving allegations of conspiracy to commit securities fraud as "complex for purpose of the Speedy Trial Act." *United States v. Stanford*, 832 F. Supp. 2d 767, 767, 771 (S.D. Tex. 2011).

13. Additionally, Fifth Circuit courts have considered cases complex based upon the existence of a "voluminous amount of discovery material." *Williams*, 314 F. App'x at 657, 662 (no violation of Speedy Trial Act where district found case complex based on, among others, "a voluminous amount of discovery material"); *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (considering the "volume of discovery" a factor in determination that the case was complex). Here, the Government has indicated that, once all Defendants have obtained counsel, it plans to produce its *first* tranche of discovery, which is estimated to contain about 300-400 GB of data. *Exhibit A*. This material is expected to include extensive "twitter communications, discord communications, and brokerage records," and will undoubtedly require numerous hours of review prior to any determination by Joint Defendants regarding whether to file appropriate motions.

14. Finally, there can be no question that this case presents novel question of law and fact. The Government appears to have acknowledged as much when, in reference to this case, U.S. Attorney Alamdar S. Hamdani for the Southern District of Texas indicated that his office "will be on the *cutting edge* of prosecuting" fraud related to "advances in technology and social media." *Exhibit B* (emphasis added).

15. Given the complex nature of the case, it should, at this stage, be continued for an open-ended, unspecified period of time. *See Gonzalez v. United States*, 2020 WL 1891877, at *1 (S.D. Tex. Apr. 15, 2020) ("[A] district court's certification that the criminal case is 'complex'

6

tolls the Speedy Trial clock indefinitely."). As the Supreme Court has noted, "[t]he exclusion of delay resulting from an ends-of-justice continuance [under 18 U.S.C. § 3161(h)(7)] is the most open-ended type of exclusion recognized under the Act." *Zedner*, 547 U.S. at 508. The purpose of such an open-ended continuance is understood by the Court's recognition that "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id*. The nature of the allegations in the Indictment make clear that this case warrants the type of open-ended continuance contemplated by the Act.

## CONCLUSION

For these reasons, Joint Defendants Constantinescu, Matlock, Rybarczyk, and Knight respectfully request:

1. a continuance with respect to all deadlines included in the present scheduling orders,

2. a continuance with respect to the deadline to file a Motion for Bill of Particulars, and

3. certification of this case as "complex" within the meaning of 18 U.S.C § 3161(h)(7)(B)(ii), such that the continuance of motion deadlines, pretrial proceedings, and the date of the trial itself is continued for an unspecified amount of time, to allow Joint Defendants reasonable time to prepare their respective defenses.

Dated: December 28, 2022

Respectfully submitted,

 /s/ Matthew A. Ford
Matthew A. Ford
FORD O'BRIEN LANDY, LLP
3700 Ranch Road 620 South, Suite A
Austin, Texas 78738
(212) 858-0040
mford@fordobrien.com

*Attorney for Joint Defendant*
*Edward Constantinescu*

 /s/ Luis Alejandro Reyes
Luis Alejandro Reyes
Christopher Leigh Peele
Johnny Keane Sutton
ASHCROFT LAW FIRM
919 Congress Ave, Ste 1500
Austin, TX 78701
(512) 370-1800
lreyes@ashcroftlawfirm.com
cpeele@ashcroftlawfirm.com
jsutton@ashcroftlawfirm.com

*Attorneys for Joint Defendant*
*Perry "PJ" Matlock*

 /s/ Philip Harlan Hidler
Philip Harlan Hilder
Quentin Tate Williams
Stephanie K McGuire
HILDER & ASSOCIATES, P.C.
819 Lovett Blvd
Houston, TX 77006-3905
(713) 655-9111
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

*Attorneys for Joint Defendant*
*John Rybarczyk*

 /s/ Cordt Cullen Akers
Cordt Cullen Akers
THE AKERS FIRM
3401 Allen Pkwy.
Suite 101
Houston, TX 77019
(713) 827-2500
cca@akersfirm.com

*Attorney for Joint Defendant*
*Daniel Knight*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 28th day of December 2022 via CM-ECF on all counsel of record.

 /s/ Matthew A. Ford.

Matthew A. Ford

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that Joint Defendants have conferred with the Government regarding the relief requested in this Motion, and the Government has indicated that it does not oppose Joint Defendants' request to certify the case as complex.

                         */s/ Matthew A. Ford.*
                         Matthew A. Ford