IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**EDWARD CONSTANTINESCU,<br>PERRY "PJ" MATLOCK,<br>JOHN RYBARCZYK,<br>GARY DEEL,<br>STEFAN HRVATIN,<br>TOM COOPERMAN<br>MITCHELL HENNESSEY,<br>DANIEL KNIGHT**<br><br>**Defendants.** | Case No. 22-CR-00612<br>The Honorable Andrew S. Hanen |

### United States' Response to Defendants' Motion

The United States of America, by and through undersigned counsel, respectfully submits this response to the Defendants' joint motion for a continuance and to certify the case as complex (Doc. No. 72). The United States does not oppose a continuance or the Defendants' request to certify this case as complex under 18 U.S.C. § 3161(h). The United States does, however, object to the Defendants' request to continue the case "for an open-ended, unspecified period of time." *See* Defs.' Mot. at 6. Such a nebulous timeframe is deeply contrary to the interests of justice and the best interests of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. Jones*, 56 F.3d 581, 584–85 (5th Cir. 1995) (concluding that an open-ended continuance violated the Speedy Trial Act and noting that, although the district court does have authority to grant one, "such a continuance for any substantial length of time is extraordinary and must be adequately justified by the circumstances of the particular case"). An unspecified schedule is an invitation to allow this case to languish, rather than move expeditiously toward trial, and is not merited by the

1

circumstances of this case. The United States stands ready to produce the bulk of discovery currently in its possession the first week of January 2023, at which point the Defendants may expeditiously prepare their defenses.

To the extent the Court is inclined to grant the Defendants' continuance request, the United States respectfully submits that such a continuance should be for a maximum of 120 days from the current trial date of February 13, 2023, to a trial date in June 2023, at which point the parties can reevaluate their preparedness for trial. Such a timeline is consistent with the ends of justice and the need for the defendants to prepare their defenses, as well as the best interests of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The United States also respectfully moves the Court to exclude any time between the current trial date and any resetting for Speedy Trial Act purposes. *See id.*

Dated: December 29, 2022                                   Respectfully submitted,


GLENN S. LEON                                              ALAMDAR HAMDANI
Chief, Fraud Section                                       United States Attorney
Criminal Division, Department of Justice                     for the Southern District of Texas

By:     */s/ Scott Armstrong*                              By:     */s/ Heyward Carter*
        Scott Armstrong, Assistant Chief                           Thomas H. Carter
        John J. Liolos, Trial Attorney                             Assistant United States Attorney
        Fraud Section, Criminal Division                           State Bar Nos.: TX24048387
        United States Department of Justice                        1000 Louisiana Street, 25th Floor
        1400 New York Ave. NW                                      Houston, Texas 77002
        Washington, DC 20005                                       Tel.: (713) 567-9470
        Tel.: (202) 355-5704

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered by ECF to counsel of record for Defendants on December 29, 2022.

/s/ Scott Armstrong
Scott Armstrong
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 355-5704
Scott.armstrong@usdoj.gov