IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § § | |

**MITCHELL HENNESSEY'S RESPONSE IN PARTIAL OPPOSITION TO GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant Mitchell Hennessey opposes, in part, the Government's Motion to Modify Conditions of Release. Mr. Hennessey:

(1) *opposes* the government's request to require Mr. Hennessey to wear a GPS tracking device;

(2) *does not oppose* the government's request to prohibit Mr. Hennessey from possessing firearms while this case is pending; and

(3) *does not oppose* the government's request to limit Mr. Hennessey's travel to New Jersey, where he lives, and the Southern District of Texas, where this case is pending.

Mr. Hennessey has strong ties to his community and is not a flight risk. Requiring Mr. Hennessey to wear a GPS tracking device is unnecessary and unduly restrictive.

## I.    FACTS

On December 7, 2022, Mr. Hennessey was indicted in the Southern District of Texas on one count of conspiracy to commit securities fraud, 18 U.S.C. § 1349, and two counts of securities fraud, 18 U.S.C. §§ 1348 & 2. ECF 1. Mr. Hennessey was arrested on December 13, 2022, at his

apartment in New Jersey. He made his initial appearance in New Jersey,[1] and was released that same day on a $250,000 unsecured appearance bond with various conditions of release recommended by Pretrial Services and agreed to by the government. *See* Ex. A, Transcript of Initial Appearance in *United States v. Hennessey*, No. 2:22-mj-10339-MAH (D.N.J.), at 7-9; Ex. B, Order Modifying Conditions of Release in No. 2:22-mj-10339-MAH (D.N.J.). Neither Pretrial Services nor the government suggested that Mr. Hennessey was a flight risk or that he should be required to wear a GPS tracking device, and no such condition was imposed. *See id.*

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████Mr. Hennessey appeared for his arraignment in this Court on January 5, 2023. Mr. Hennessey has complied with each and every condition of release.

Notwithstanding Mr. Hennessey's absolute adherence to the conditions of release for a month now, including appearance at all required Court settings, the government now seeks to impose a condition requiring Mr. Hennessey to wear a GPS tracking device.

## II.     LEGAL STANDARD

Before imposing a bond condition restricting a defendant's constitutionally protected rights, the Court must find that a condition imposes "the 'least restrictive . . . condition, or combination of conditions' that 'will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Green*, 793 F. App'x 223, 225 (5th Cir. 2019) (quoting 18 U.S.C. § 3142(c)(1)(B)). To make this determination, the

---

[1] The government's motion incorrectly states that Mr. Hennessey appeared in the Middle District of Tennessee, but Mr. Hennessey had his initial appearance in New Jersey.

DEFENDANTS' RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION TO MODIFY CONDITIONS OF RELEASE – PAGE 2

Court should consider a variety of factors, including: (1) "the history and characteristics of the person"; (2) "the nature and circumstances of the offense charged"; (3) "the weight of the evidence against the person"; (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## III.    ARGUMENT

The government does not even attempt to argue that the factors identified in 18 U.S.C. § 3142(g) support requiring Mr. Hennessey to wear a GPS tracking device. The government apparently does not do so because it cannot establish that requiring Mr. Hennessey to wear a GPS tracking device is "the 'least restrictive . . . condition, or combination of conditions' that 'will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *See Green*, 793 F. App'x at 225 (quoting 18 U.S.C. § 3142(c)(1)(B)). Analysis of each of these factors weighs heavily against imposing the significant and unnecessary burden of requiring Mr. Hennessey to wear a GPS tracking device. Not only is a tracking device unnecessary, requiring Mr. Hennessey to wear one would impose an undue burden as it would interfere with Mr. Hennessey's ability to obtain employment, help his parents with chopping and hauling firewood for their home, and subject Mr. Hennessey to unnecessary and unwarranted stigma.

### 1.   The government changed its position on GPS tracking.

Pretrial Services has not recommended GPS tracking for Mr. Hennessey, and the government did not request GPS tracking at either Mr. Hennessey's initial appearance and bond hearing in New Jersey or his arraignment in this Court. Apparently, the government is requesting GPS tracking for Mr. Hennessey now simply because it is a condition of release for *other* defendants.

The government's only stated basis for imposing GPS tracking now is the vague and conclusory statement that it is "necessary to ensure that the Defendant appears in court in a timely manner and will ensure the proper dispensation of justice in this case" and that it was "included in [Mr. Hennessey's] co-defendants' conditions, and such modifications would bring [Mr. Hennessey] into parity with others similarly situated." ECF 99 at 2. First, Mr. Hennessey has already demonstrated that he will "appear[] in court in a timely manner" without wearing a GPS tracking device as he timely appeared for his arraignment on January 5, 2023. Second, Mr. Hennessey may be named in an indictment with others, but that does not mean that he is similarly situated to them. Bond conditions must be based on a defendant's individualized characteristics, not based on other co-defendants' characteristics. The government fails to even argue, much less demonstrate, that Mr. Hennessey's specific characteristics and situation requires that *he* wear a GPS tracking device to reasonably ensure *his* appearance. *See Green*, 793 F. App'x at 225.

Indeed, at Mr. Hennessey's initial bond hearing in New Jersey, the government, which was represented in that hearing by the same Washington, DC-based prosecuting unit—the Criminal Division Fraud Section—that is prosecuting this case, never suggested that Mr. Hennessey was a flight risk or should be required to wear a GPS tracking device. The government did not object to the conditions that were recommended by Pretrial Services and imposed at that time. Nothing has changed since then except that Mr. Hennessey has actually demonstrated that he (1) will comply with the conditions of release, (2) appear in court in a timely manner, and (3) does not pose a flight risk.

> **2.      18 U.S.C. § 3142(g) factors all weigh *against* requiring Mr. Hennessey to wear a GPS tracking device.**

All the 18 U.S.C. § 3142(g) factors weigh *against* requiring Mr. Hennessey to wear a GPS tracking device, including: (1) Mr. Hennessey's "history and characteristics"; (2) "the weight of

the evidence against" him; (3) "the nature and circumstances of the offense charged"; and (4) "the

nature and seriousness of the danger to any person or the community that would be posed by" Mr.

Hennessey not being required to wear a GPS tracking device. *See* 18 U.S.C. § 3142(g).

*First*, Mr. Hennessey's history and characteristics demonstrate that he does not need to be

tracked with a GPS device. ████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████

  ██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████

Mr. Hennessey (████████████████████████████████████████████) is a

charitable, contributing citizen whose character is demonstrated by the way he cares for those

around him and supports his community. Mr. Hennessey's history, ties to his community, and characteristics demonstrate that GPS tracking is not necessary in this case.

*Second*, the weight of the evidence against Mr. Hennessey appears weak. When the Indictment's merely conclusory allegations against Mr. Hennessey are set aside, the substantive allegations regarding Mr. Hennessey's purportedly illegal actions boil down to four tweets in total about two different companies. The government alleges that the following purported tweets were false: (1) "Long TRCH for merger" and (2) "New swing $TRCH[.] They HAD to do an offering to get to the level of cash they needed[.] NOW the merger is full steam ahead baby . . . ." ECF 1, Indictment at ¶ 33. The government also alleges that the following two tweets were false: (1) "I am long $SURF – have been stalking this company and would be shocked if acquisition deal was not done by EOY . . . ." and (2) "[w]on't need to post about her much. $Surf already tons of dd out there[.] Unless new DD comes out. Only way I'll be out of this one is if bad catalyst. Long and strong babyyy . . . ." *See id.* at ¶¶ 56 and 60.

The indictment alleges that these tweets were false because sometime after these purported tweets, Mr. Hennessey allegedly sold his shares in these companies. *See id.* at ¶¶ 38 and 60.

While the government has not yet provided all discovery, including discovery specifically required under Federal Rule of Criminal Procedure 16, neither the allegations nor the discovery produced to date supports requiring that Mr. Hennessey wear a tracking device.

*Third*, Mr. Hennessey is not a threat to anyone. He has no previous criminal record, he is not accused of committing any violent crimes, and he has demonstrated that he will comply with his conditions of release.

*Fourth and finally*, the crime alleged is not one of violence or terrorism, it does not involve a minor victim, and it does not involved controlled substances, firearms, explosives, or the like.

3.      **A tracking device would pose an undue, unwarranted burden on Mr. Hennessey.**

Requiring Mr. Hennessey to wear a GPS tracking device would create an undue burden on Mr. Hennessey. Mr. Hennessey is simply not a flight risk, and a GPS tracking device would interfere with Mr. Hennessey's employment prospects and create an unnecessary stigma. ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Finally, subjecting Mr. Hennessey to the stigma associated with a tracking device is unwarranted. Mr. Hennessey has not demonstrated any behavior that warrants such an intrusion on his liberty. He should be permitted to attend his church and employment without the undue stigma of wearing a GPS tracking device.

IV.      **CONCLUSION**

In short, a tracking device is not necessary because Mr. Hennessey is not a flight risk. On the other hand, requiring Mr. Hennessey to wear a tracking device would needlessly interfere with Mr. Hennessey's ability to obtain employment and help his parents around the house. It would also subject him to unnecessary and undue stigma.

The government has failed to even argue, much less establish, that Mr. Hennessey poses a flight risk to justify imposing the additional condition of requiring Mr. Hennessey to wear GPS tracking device.

Mr. Hennessey respectfully requests that the Court deny the portion of the government's motion requesting that Mr. Hennessey be required to wear a GPS tracking device.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**MITCHELL HENNESSEY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova