```
 1                  IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE SOUTHERN DISTRICT OF TEXAS
 3                            HOUSTON DIVISION
 4   UNITED STATES OF AMERICA                    4:22-cr-612-3
 5                                            December 15, 2022
 6   V.                                         Houston, Texas
                                                  2:58 p.m.
 7
     JOHN RYBARCZYK
 8       Defendant
 9
10                              ARRAIGNMENT
11            BEFORE THE HONORABLE CHRISTINA A. BRYAN
12                  UNITED STATES MAGISTRATE JUDGE
13   APPEARANCES:
14
     For the United States      Thomas Carter, AUSA
15                              United States Attorney's Office
                                1000 Louisiana
16                              Suite 2300
                                Houston, Texas 77010
17
     For the Defendant          Philip H. Hilder
18                              Hilder & Associates, P.C.
                                819 Lovett Boulevard
19                              Houston, Texas 77006
20
     Case Manager               Melissa Moore
21
     Electronic Recording       Brandis Isom
22      Operator                United States District Clerk's
                                    Office
23                              515 Rusk
                                Houston, Texas 77002
24
25   Proceedings from official electronic sound recording;
     transcript produced by court approved transcriber.

     DIGITAL SCROLL TRANSCRIPTION              281.382.9862
```

```
 1              THE COURT:  All right.
 2                   Mr. Hilder, we'll start with your case, if
 3   you're ready.
 4              MR. HILDER:  Yes, Judge.
 5              THE COURT:  United States versus John Rybarczyk.
 6              MR. CARTER:  Good afternoon, Your Honor.
 7                   Thomas Carter for the Government.
 8              THE COURT:  Thank you, Mr. Clark (phonetic).
 9                   Oh, Carter.  Why did I say, "Clark"?
10                   All right.  Are you Mr. Rybarczyk?
11              DEFENDANT RYBARCZYK:  Yes, Your Honor.
12              THE COURT:  All right.
13                   Mr. Rybarczyk – Mr. Hilder, did Mr. Rybarczyk
14   appear in another jurisdiction?
15              MR. HILDER:  Yes, Judge.
16              THE COURT:  For the Initial?
17              MR. HILDER:  In Tennessee?
18              THE COURT:  Okay.
19              MR. HILDER:  Yes.
20              THE COURT:  All right.  So, we're scheduled for an
21   Arraignment.  That's the proceeding in which you enter your
22   formal plea to the charges that have been brought against you
23   in the Indictment.
24                   Understood?
25              DEFENDANT RYBARCZYK:  Yes, ma'am.
```

```
 1              THE COURT:  Do you have a copy of the Indictment?
 2              DEFENDANT RYBARCZYK:  Yes, I do.
 3              THE COURT:  Have you had enough time to go over the
 4   charges in the Indictment with your attorney and ask any
 5   questions that you have about the charges in the Indictment?
 6              DEFENDANT RYBARCZYK:  Yes, Your Honor.
 7              THE COURT:  And have you read the entire Indictment?
 8              DEFENDANT RYBARCZYK:  Yes, Your Honor.
 9              THE COURT:  All right.
10                   All right, sir.  You're charged in Counts 1
11   through 11 of the Indictment.
12                   Count 1 is conspiracy to commit securities fraud
13   in violation of 18 United States Code, Section 1349.
14                   Counts 2 through 11 are securities fraud charges
15   in violation of 18 United States Code, Section 1348 and
16   Section 2, which is the aiding and abetting statute.
17                   If you are convicted on Count 1, you face up to
18   25 years in prison, a $250,000 fine, a 5-year term of
19   supervised release and a $100,000 special assessment.
20                   If you are convicted on Counts 2 through 11, you
21   face up to 25 years in prison, a $250,000 fine, 5 years of
22   supervised release and a $100 special assessment per Count of
23   conviction.
24                   Do you understand the charges in Counts 1
25   through 11?
```

```
 1              DEFENDANT RYBARCZYK:  Yes, Your Honor.
 2              THE COUNT:  And do you understand the maximum
 3  statutory penalty that you face if you are convicted on those
 4  charges?
 5              DEFENDANT RYBARCZYK:  Yes, Your Honor.
 6              THE COURT:  All right.
 7              Are you ready at this point to enter your formal
 8  plea to the charges in Counts 1 through 11 of the Indictment?
 9              DEFENDANT RYBARCZYK:  Not guilty.
10              THE COURT:  We're going to enter a not guilty plea on
11  your behalf.
12              For the record, in this jurisdiction I will give
13  the United States the Brady order.
14              United States is ordered under Rule 5(f) – the
15  United States is ordered to comply with its disclosure
16  obligations under Brady v. Maryland and its progeny.  The
17  failure to do so may result in the dismissal of charges,
18  exclusion of evidence, adverse jury instructions, contempt
19  proceedings and sanctions.
20              All right.  Is there anything else that we need
21  to cover?
22              MR. CARTER:  There is, Your Honor.
23              The United States would like to make a Motion
24  for Modification for bond.  We can do that here today, or we
25  could file the motion that I was typing when Ms. Morgan called
```

1  me that he would be in court this morning – this afternoon.
2             THE COURT:  Okay.
3                  Are you prepared at this point to add – to let
4  Mr. Hilder know what the modifications are that you are asking
5  for and you can get his position?  And if he opposes them,
6  then we can set it for a hearing.
7             MR. CARTER:  Certainly.  Well, we literally just
8  talked three minutes ago, so I don't – I'm not sure exactly
9  what the positions are, but they're fairly standard, given
10 what you've given the other defendants in this court, and they
11 need to be addressed sooner rather than later.
12            THE COURT:  Mr. Hilder, do you oppose the
13 modifications?
14            MR. HILDER:  It depends on what those modifications
15 are.
16            THE COURT:  I think it's going to be – the bond
17 conditions that I gave to other defendants that appeared here
18 for their Initial Appearances included requirements that they
19 not post on social media, that they not transfer any assets –
20 sell, transfer or otherwise dispose of any assets without giv-
21 -- at least giving notice to the United States prior to doing
22 so and giving the United States an opportunity to object.
23                  Those are the specific ones that I remember that
24 are specific to this type of case.
25            MR. HILDER:  We would not oppose that, Judge.  I

1  think that's already part of the conditions that were rendered
2  by the court in Tennessee as well, some of those conditions.
3  So, we have no objection to that.
4        MR. CARTER:  Specifically, Your Honor, the Court in
5  Tennessee did not impose GPS, the stand-alone GPS monitoring
6  system –
7        THE COURT:  Okay.
8        MR. CARTER:  -- that we would definitely request.  We
9  have no idea where Mr. Rybarczyk's passport is.  We do not
10 know whether his guns have been surrendered, and furthermore,
11 Your Honor, they gave him a $250,000 unsecured bond.  I can go
12 through his assets –
13       THE COURT:  Okay.
14       MR. CARTER:  -- if you would like me to.  But that is
15 absolutely inappropriate.
16       THE COURT:  All right.
17       MR. HILDER:  Judge, we – we surrendered the passport
18 this morning to Pretrial Services.  They have it; they gave us
19 a receipt for it.  And then in terms of the guns, the guns
20 were in a locker at the house, and they've been removed as of
21 this morning.
22       THE COURT:  Does Mr. Rybarczyk live in Houston or in
23 Tennessee?
24       MR. HILDER:  In the Woodlands.
25       THE COURT:  In the – okay.  He lives in this judicial

```
 1  district?
 2          MR. HILDER:  Yes, Judge.
 3          THE COURT:  All right.
 4              Is he going to be supervised in this judicial
 5  district?
 6          MR. HILDER:  Yes.
 7          THE COURT:  Okay.
 8          MR. CARTER:  We would request that he not be allowed
 9  to leave this judicial district.
10          THE COURT:  Okay.  But in terms of supervision – I
11  mean, he was given conditions in Tennessee, and then, now he's
12  appearing here; he's going to be supervised here, obviously;
13  the case is filed here.  This is what I would suggest.
14              Those are standard conditions.  The weapons,
15  obviously, we don't allow people to have weapons in their
16  possession or when they're being supervised.
17              We talked about the financial restrictions and
18  the social media restrictions.  The –
19              I have never seen Mr. Rybarczyk's financial
20  affidavit or Pretrial Services Report.  Certainly, I've
21  imposed bonds on other individuals, and I imposed a secured
22  bond on one individual who had a high net worth.
23              So, what I would suggest is that you all have a
24  discussion about the modifications that Mr. Carter is going to
25  request, see what can be agreed upon, what can't, and then
```

1   we'll set it for a hearing.  And then – I'm not actually
2   certain of the process.
3              So, the conditions that were set in Tennessee
4   were those just conditions until he appeared here?
5          MR. HILDER:  No, Judge.  They were –
6          THE COURT:  Those are –
7          MR. HILDER:  -- straight out conditions.
8          THE COURT:  Okay.
9          MR. HILDER:  I have a copy for you.  They were the
10  conditions that they give normal defendants, and I can provide
11  the Court with a copy, and the social media was included in
12  that, as well as no property transfer, as well without
13  Probation's acknowledgement, and that was found in letters,
14  TNU, of the additional conditions of release.  And I can hand
15  this up to the Court, if the Court would like to see.
16         THE COURT:  Okay.
17         MR. HILDER:  And also no firearms, and the firearms
18  have been removed.  And as of this morning, we also
19  surrendered the passport.
20         THE COURT:  Okay.
21             Well, I still think because there's been no
22  motion filed I need to think about who has the authority to
23  modify these conditions, whether that's me, whether that's
24  the – this is Judge Bennett's case?
25         MR. CARTER:  Hanen, Judge.

DIGITAL SCROLL TRANSCRIPTION                          281.382.9862

1     THE COURT: Judge Hanen.
2         So, I need to figure out who you should file
3  your motion with, whether that's me.  Maybe you file it with
4  Judge Hanen, and in all likelihood, he's going to refer it to
5  a Magistrate Judge.  But I need to figure that out, because
6  this has never come up before in my experience.  And then, I
7  think there are going to be some things that you can easily
8  agree upon, and then, there may not be any issue that we can
9  just have an agreed modification of the bond, if you agree to
10 everything.  If you don't, then we'll have to set it for a
11 hearing.
12    MR. CARTER:  Your Honor, can we at this point do –
13 adopt the Tennessee recommendations and add the GPS, so that
14 there's no issue as to where he is at any given time?
15         And I think Mr. Hilder agreed that that was not
16 an issue.
17    THE COURT:  Certainly.  The other defendants have GPS
18 monitors.  I mean, if he had appeared in this court, that is
19 what would have happened.
20    MR. HILDER:  Yes --
21    THE COURT:  Just based on the – the amounts of money
22 involved and the – generally, high net worth of the
23 individuals, which enables – or goes to risk of flight.
24    MR. HILDER:  I understand, and if I may –
25    THE COURT:  Sure.

```
 1            MR. HILDER:  -- just take a moment with my –
 2            THE COURT:  Sure.
 3       (Pause in the proceedings.)
 4            MR. HILDER:  Yeah, we would agree to the GPS
 5  monitoring, Judge.
 6            THE COURT:  All right.
 7                 So – could I ask that – may I excuse you all?
 8  We're going to add the GPS monitoring to conditions, but I
 9  think it would be worth spending 10 minutes talking about the
10  other conditions and then if we can do all of that at one
11  time, we wouldn't have to bring Mr. Rybarczyk back or you back
12  on another date.
13            MR. HILDER:  That's perfectly fine, Judge.
14            THE COURT:  All right.
15            MR. HILDER:  I will talk with the Prosecutor.
16            THE COURT:  Okay.
17            MR. CARTER:  Thank you, Judge.
18            MR. HILDER:  See if we can work something out.
19            THE COURT:  All right.
20                Thank you.
21                 You're excused.
22            MR. HILDER:  Thank you.
23            THE COURT:  And let me know when you're ready to come
24  up and talk.
25            MR. HILDER:  Thank you, Judge.
```

```
 1           MR. CARTER:  Thank you, Judge.
 2           THE COURT:  Thank you.
 3     (Pause in the proceedings at 3:08:09 p.m.)
 4     (Proceedings resumed at 3:46:23 p.m.)
 5           THE COURT:  Mr. Hilder and Mr. Carter, any agreement
 6  that we can reach today?
 7           MR. HILDER:  Yes, Judge.  We've agreed to – in terms
 8  of a bond, and we've agreed to it be a million-dollar bond
 9  secured with a ten percent down – it would be a thousand
10  dollars paid into the registry of the court.
11           THE COURT:  Ten thousand dollar deposit on a one
12  million-dollar bond.
13           MR. HILDER:  No, a hundred thousand.
14           THE COURT:  A hundred thousand dollars.
15           MR. HILDER:  Yes, Judge.
16           THE COURT:  And GPS monitoring?
17           MR. HILDER:   Yes, Judge.
18           THE COURT:  And then, though – the one condition that
19  you read about no transfer of assets or anything you said
20  without notification to Probation, but the other defendants
21  required – I required them to notify the United States if they
22  intended to sell or transfer property.
23             Any objection to that?
24           MR. HILDER:  No objection, Judge.
25           THE COURT:  Okay.
```

1                    Anything else that – that is going to be added
2   to his conditions of release?
3          MR. CARTER:  Your Honor, we contacted the Middle
4   District of Tennessee.  They did not do a Financial Affidavit.
5   It is unclear whether they did a Pretrial Report or not.  So,
6   I would ask the Court order that the Defendant do at least a
7   Financial Affidavit before proceeding, if it's some point
8   within the next week with Pretrial.
9          THE COURT:  Okay.  What – why – why – what basis do
10  you have to require him to do a Financial Affidavit?
11         MR. CARTER:  Your Honor, because when he is here in
12  custody and he – well, he's not in custody – when he's in
13  front of the Court he's going to need to – it would be
14  standard in this court and district anyway; he has not done
15  it.
16         THE COURT:  Well, it's standard when someone is
17  asking for court appointed counsel, but I'm not sure it's
18  standard if there's no request for court appointed counsel.
19             Is it?
20         PROBATION OFFICER:  That's my understanding, Your
21  Honor.  I think that we do a Financial so the Court can
22  determine if he qualified anyway.
23         THE COURT:  I don't know that I have the authority to
24  order him to complete a Financial Affidavit.
25         MR. CARTER:  If you don't have the authority, then I

```
 1  won't ask you for it, Judge.
 2           THE COURT:  Okay.
 3           MR. CARTER:  It does seem -
 4           THE COURT:  I don't know of any authority that I have
 5  to require him to complete a Financial Affidavit.  I - he's
 6  retained counsel.
 7               I do have the authority to say, he can't
 8  transfer any assets without notifying you first, but I don't
 9  know that I have -
10           MR. CARTER:  I would just like to know that we're all
11  on the same page as to what his assets are.  But we can
12  determine that another way.  That's fine.
13           THE COURT:  Any objection to just require - what I've
14  seen so far there are cars and properties and maybe identify
15  accounts.
16           MR. HILDER:  I think it's - we're satisfied in terms
17  of the conditions that we've already talked about.
18           THE COURT:  Okay.
19           MR. HILDER:  It's unnecessary.
20           THE COURT:  I mean, look, if he transfers assets in
21  violation of a bond condition, that's on him.
22           MR. CARTER:  My concern is, is that there are assets
23  up there in places that we may not be sure of at this point.
24  We know that there were se- --
25           THE COURT:  I hear you, but I don't know that I
```

```
 1  have –
 2            MR. CARTER:  I understand.
 3            THE COURT:  -- any authority to do anything about
 4  that.
 5            MR. CARTER:  That's fine.  We'll take care of it
 6  another way.
 7            THE COURT:  Okay.  All right.
 8                 It might be easier for you if you gave it to
 9  him, but I don't think I have the authority to require a
10  Financial Affidavit, and I don't have the authority to require
11  them to give you any other information.
12                 Okay.  So, I'm going to – I think we just –
13  Ms. Morgan, just let's do a new set of Pretrial conditions,
14  because also he's going to be supervised out of this District,
15  so I think it's much better if we just have our own set of
16  conditions, and there won't be any confusion about what his
17  conditions of release – release are.
18            MR. HILDER:  Thank you, Judge.
19            THE COURT:  Uh-huh.
20                 All right.  Mr. Rybarczyk, I am going to set the
21  following pretrial release conditions.
22                 First, the standard conditions, you may not
23  violate any federal, state or local law while on conditions of
24  release.
25                 You must advise the Court and your – or you must
```

1 advise your supervising officer in writing and in advance
2 before changing your address or phone number.
3          I don't think I have – do I have a Pretrial
4 Report?
5          What's the address that you're going to be
6 residing at?
7      DEFENDANT RYBARCZYK:  6913 West Warwick Lake Lane,
8 Spring, Texas 77389.
9          THE COURT:  Okay.
10          You must continue – do we have any Pretrial
11 Report on him?
12          Nothing.
13      PROBATION OFFICER:  No, Your Honor.  We reached out
14 to the – to the District, and the Report is not ready yet we
15 were told.
16          THE COURT:  Okay.
17          So, the things that I needed – I'm going to
18 require him to maintain full-time, verifiable employment.
19          Is he a day trader?
20      MR. HILDER:  Yes, Judge.
21      THE COURT:  Okay.  So, maintain your verifiable
22 employment; however, I've already said you cannot violate any
23 federal, state or local law while on conditions of release.
24          I also am requiring of all the defendants in the
25 case that they not post on any social media or Chat or any

1   type of electronic format any information about their trades,
2   their positions, their beliefs, about values of stocks.  Do
3   your job; do your trading, and that's it.
4           DEFENDANT RYBARCZYK:  Understood, Your Honor.
5           THE COURT:  Understood?
6               You have to appear in court for all of your
7   court appearances.
8               Do you have – you surrendered the passport
9   already, correct, Mr. Hilder?
10          MR. HILDER:  Yes.
11          THE COURT:  You are going to have a GPS monitor.  Do
12  you have the need to leave the Southern District of Texas?
13          MR. HILDER:  He does not normally, but he does have a
14  vacation planned for Colorado from December 29th, returning
15  back on January 2nd.
16          DEFENDANT RYBARCZYK:  And that was canceled last year
17  because of this one; that's all.
18          THE COURT:  Okay.
19              That's – that's fine.  That travel is fine.  It
20  just need -- you need to inform your supervising officer of –
21  you know, all the information on your travel.  Other than –
22              Here's what I'm going to do.
23              You stay in the Southern District of Texas,
24  except travel that's preapproved by your supervising officer.
25  So, as long as they have the information and they're fine with

1  it, you may travel and you may travel for your vacation to
2  Colorado.
3              Don't have any contact with any co-defendant,
4  victim or witness in the case.  That is very important.
5              Don't possess any firearm, destructive device or
6  other dangerous weapon.
7              Don't possess any narcotic drugs or controlled
8  substances unless they are prescribed to you by a licensed
9  medical practitioner.
10             And the GPS is going to be a stand-alone GPS
11 monitor to the – you may be required to pay for the cost of
12 that GPS monitoring.
13             Did I miss any of the conditions that were
14 already in place under –
15        MR. HILDER:  Not that I'm aware, Judge, no.
16        THE COURT:  Okay.
17        MR. CARTER:  And just to be – just to be clear –
18        THE COURT:  Oh.
19        MR. CARTER:  -- the conditions that are – no – no
20 financial transactions over $5,000 or $10,000?
21        THE COURT:  I didn't –
22        MR. CARTER:  Or any significant buys or transactions.
23        THE COURT:  Well, let – what I said – what I've done
24 in earlier bonds is say, no transfer – no sale, transfer of
25 assets or no unusual spending that, you know – I guess let's

1  set a – this is really hard for me to do in the dark without a
2  Pretrial Report actually, because I don't know what his net
3  worth is, and I normally would –
4          MR. CARTER:  I do.
5          THE COURT:  What's the amount you're asking for, for
6  no financial transactions over what amount, without notice?
7          MR. CARTER:  Five thousand dollars, Your Honor.
8          THE COURT:  Now –
9          MR. CARTER:  I mean, excluding things like –
10         THE COURT:  You're not excluding fixed –
11         MR. CARTER:  -- mortgages and such, yes.
12         THE COURT:  -- expenses.  All right.
13              All right.  Without notice to the United States,
14 no financial transactions that are outside of ordinary fixed
15 expenses or attorney's fees.  If it's not any of those things,
16 notice to the – to the United States and no transfer of assets
17 absent notice to the United States.
18              The bond is going to be a $1 million-dollar bond
19 secured by a $100,000 deposit, cash deposit.
20              Can you make that deposit by tomorrow, close of
21 business?
22         MR. HILDER:  Yes, Judge.
23         THE COURT:  All right.
24              So, by tomorrow close of business deposit the
25 $100,000 in the register of the – in the – with the Clerk's

```
 1  Office.
 2              I think that's it.
 3         MR. HILDER:  Very good.
 4         MR. CARTER:  A GPS would be placed when?  Today?
 5         THE COURT:  GPS – they can do it today.
 6         MR. HILDER:  Okay.
 7         THE COURT:  I'll give you until five o'clock tomorrow
 8  when you're going to make the cash deposit, but it – you might
 9  as well get it done today, if possible.
10         MR. HILDER:  Okay.
11         THE COURT:  All right.
12         MR. HILDER:  With the Marshal Service?
13         THE COURT:  I think the Pretrial will put it on.
14         MR. HILDER:  Oh, Pretrial.
15         PROBATION OFFICER:  Yes, Your Honor.
16         MR. HILDER:  Okay.
17         THE COURT:  On the Sixth Floor.
18         MR. HILDER:  Thank you.
19         THE COURT:  All right.
20         MR. CARTER:  Thank you, Your Honor.
21         THE COURT:  All right.  Thank you.
22         MR. HILDER:  Thank you.
23         THE COURT:  Thank you.
24         MR. HILDER:  Bye-bye, Judge.
25      (Proceedings concluded at 3:56 p.m.)
```

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE SOUTHERN DISTRICT OF TEXAS
 3                       HOUSTON DIVISION
 4
 5      I, Linda Griffin, court approved transcriber, certify that
 6   the foregoing is a correct transcript from the official
 7   electronic sound recording of the proceedings in the above-
 8   entitled matter.
 9
10   /s/ Linda Griffin                           January 17, 2023
     Linda Griffin                                       Date
11   Digital Scroll Transcription
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```