IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § § | |

## MITCHELL HENNESSEY'S MOTION FOR A SPEEDY TRIAL

Defendant Mitchell Hennessey respectfully asserts his right to a speedy trial under The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, and requests that the Court set his trial date to a date within 70 days of the disposition of this Motion.

Pursuant to the Speedy Trial Act, a defendant charged in an indictment "*shall*" proceed to trial "within seventy days from the filing date (and making public)" of the indictment or "the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (emphasis added). The Fifth Circuit has expressly held that the Act's 70-day trial-commencement requirement is not waivable. *See United States v. Willis*, 958 F.2d 60, 63 (5th Cir. 1992). Therefore, a continuance is only permitted when a district court finds that "the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

## BACKGROUND

Mr. Hennessey was arrested and made his initial appearance in the District of New Jersey on December 13, 2022. *See* ECF 75.

On December 28, 2022, prior to Mr. Hennessey's appearance in the Southern District of Texas, four of Mr. Hennessey's co-defendants filed a motion requesting an open-ended

continuance and for the case to be certified as complex. ECF 72. On December 29, 2022, the government opposed the request for an open-ended continuance, arguing that the "United States stands ready to produce the bulk of discovery currently in its possession the first week of January 2023" and requesting that "a continuance should be for a maximum of 120 days from the current trial date of February 13, 2023, to a trial date in June 2023 . . . ." ECF 76. On January 3, 2023, the Court granted the motion to certify the case as complex, ECF 87, and issued a scheduling order setting the trial for October 23, 2023. ECF 88.

The following week, on January 5, 2023, Mr. Hennessey appeared for the first time in the Southern District of Texas for his arraignment. Upon questioning from the Magistrate Judge, Mr. Hennessey agreed to waive his right to a speedy trial, and the Magistrate Judge noted that a scheduling order had already been entered for the case. At the time of his arraignment, Mr. Hennessey had not received any discovery from the government.

On January 5, 2023, the government sent Mr. Hennessey what it categorized as "the bulk of discovery" in this case. On January 19, 2023, the government sent Mr. Hennessey a letter stating that it would be producing additional discovery "in the coming days." The government sent that additional discovery to Mr. Hennessey on January 27, 2023.

## LEGAL ARGUMENT

Mr. Hennessey is entitled to a speedy trial for two reasons: (1) he is asserting his statutory right and is ready to proceed; and (2) the ends of justice will not be served by granting a § 3161(h) continuance as to him because the case against him is not complex and a continuance will be unduly prejudicial.

*First*, Mr. Hennessey is exercising his right to a speedy trial. He has reviewed the "bulk" of the government's evidence—as the government describes its production to date—and is ready

to defend himself against the unfounded charges in the indictment. The Speedy Trial Act assures Mr. Hennessey the right to a speedy trial under these circumstances.

*Second*, Mr. Hennessey is entitled to a speedy trial because a continuance as to him is unwarranted. The Court previously granted a motion for continuance as to certain co-defendants, certifying the case as complex within the meaning of 18 U.S.C. § 3161(h). ECF 87. While the case may be complex as to certain co-defendants, the case against Mr. Hennessey is not. Thus, Mr. Hennessey should be permitted to proceed to trial separately to safeguard his speedy trial rights.

The government's allegations that Mr. Hennessey committed securities fraud in violation of 18 U.S.C. § 1348 can be reduced to essentially four tweets about two companies. And its allegations that he conspired to commit securities fraud in violation of 18 U.S.C. § 1349 is predicated on generalized statements and conclusions that largely do not concern him. To be sure, the government's prosecution is novel, as the government itself acknowledged. *See* ECF 72, at 6. But, even recognizing said novelty, the government has urged the Court to "move expeditiously toward trial" and argued that a prolonged continuance is "not merited by the circumstances of this case." ECF 76, at 1–2. Mr. Hennessey agrees.

An expeditious trial is further warranted because a continuance would unduly prejudice Mr. Hennessey. The Supreme Court has recognized that a defendant awaiting a criminal trial is "disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." *Barker v. Wingo*, 407 U.S. 514, 533 (1972). Requiring Mr. Hennessey to continue to live under that cloud when he is ready to defend himself against the government's accusations does not serve the ends of justice, especially when the government has indicated that it also favors moving "expeditiously toward trial." ECF 76, at 1.

## CONCLUSION

Congress recognized the need to afford defendants speedy trials by codifying the right enshrined in the Sixth Amendment to the United States Constitution. Mr. Hennessey is exercising that unwaivable right, and the Court should enforce it because the case against him is not complex and any continuance would be unduly prejudicial.

Mr. Hennessey respectfully requests that the Court grant his Motion and set his trial date within 70 days of the disposition of the same.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for the government about the relief requested herein on January 27, 2023. The government is opposed to the requested relief.

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova