IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

### MITCHELL HENNESSEY'S REPLY
### IN SUPPORT OF HIS MOTION FOR A SPEEDY TRIAL

Mr. Hennessey respectfully submits his Reply to the government's Opposition (ECF 128) and requests that the Court grant his Motion and safeguard his speedy trial rights. The case against Mr. Hennessey is not complex; Mr. Hennessey did not waive his rights; and the government cannot refute the prejudice that Mr. Hennessey faces if his Motion is denied.

*First*, the charges against Mr. Hennessey may be novel, but they are not complex. The government fails to explain how the case against Mr. Hennessey, as charged in the indictment, is complex. Instead, the government resorts to claiming that it has a "legion" of evidence against Mr. Hennessey, including a "quantum" of false statements. ECF 128, at 6–7. The government's vague claims about evidence do not make the case complex, and Mr. Hennessey stands ready to defend himself against the charges in the indictment.

*Second*, the government's argument that Mr. Hennessey's motion should be denied because he did not object to his co-defendants' motion to certify the case as complex or seek a severance at that time is misplaced.[1] It should be of no consequence that Mr. Hennessey did not object to

---

[1] A severance would not necessarily be required to safeguard Mr. Hennessey's speedy trial rights if his co-defendants requested an earlier trial date. But Mr. Hennessey's co-defendants requested a continuance, which the Court granted, so Mr. Hennessey is prepared to proceed individually.

**DEFENDANT'S MOTION FOR A SPEEDY TRIAL – PAGE 1**

that motion because: (1) the co-defendants' motion was filed and the Court ruled on the issue *prior to* Mr. Hennessey's arraignment and *prior to* a trial date setting for Mr. Hennessey; (2) Mr. Hennessey had *not* received *any* discovery from the government prior to his arraignment;[2] and (3) Mr. Hennessey consequently did not have the necessary information to assert his speedy trial rights or seek a severance at that time.  The government should not be permitted to use its own delayed discovery production as a sword to cut down Mr. Hennessey's statutory and constitutional rights.

*Third and finally*, the government's assertion that Mr. Hennessey cannot be prejudiced because he remains on bond and can work misses the mark.  While he awaits trial, Mr. Hennessey's employment prospects are severely limited, and he remains under a cloud of anxiety, suspicion, and hostility due to the indictment.  The government has not, and cannot, overcome that prejudice.

Mr. Hennessey respectfully requests that the Court grant his Motion and set his trial date within 70 days of the disposition of the same.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT MITCHELL HENNESSEY**

---

[2] The government waited more than three weeks after Mr. Hennessey's December 13, 2022 initial appearance to provide *any* discovery.  Mr. Hennessey's attorneys received the government's first production of discovery on January 5, 2023, after Mr. Hennessey's arraignment.

**DEFENDANT'S MOTION FOR A SPEEDY TRIAL – PAGE 2**

## CERTIFICATE OF SERVICE

    I hereby certify that on February 6, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                      */s/ Laura Marie Kidd Cordova*
                                      Laura Marie Kidd Cordova