IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**EDWARD CONSTANTINESCU,<br>PERRY "PJ" MATLOCK,<br>JOHN RYBARCZYK,<br>GARY DEEL,<br>STEFAN HRVATIN,<br>TOM COOPERMAN,<br>MITCHELL HENNESSEY**, and<br>**DANIEL KNIGHT,**<br><br>Defendants. | Case No. 4:22-cr-612<br><br>The Honorable Andrew S. Hanen |

**United States' Response in Opposition to Defendant Cooperman's Motion to Travel**

The United States, by and through undersigned counsel, respectfully files this opposition to Defendant Cooperman's motion seeking permission to travel to Mexico and the return of his passport to facilitate that travel. (*See* Def.'s Mot., ECF No. 131.) The Defendant's motion should be denied because a change in his release conditions is unwarranted.

**I.  Procedural History**

A Grand Jury in this District indicted Defendant Cooperman and seven codefendants on December 7, 2023 in a twelve-count Indictment with charges of securities fraud and conspiracy to commit the same. (*See* Indictment, ECF No. 1.) Defendant Cooperman was charged with three counts: two counts of securities fraud in violation of 18 U.S.C. § 1348, and one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 1349. (*See id.*) The Indictment was unsealed, and Defendant Cooperman and

his codefendants arrested, on December 13, 2022. The Defendant made his initial appearance that day in the Central District of California, where he resided at the time. (*See* ECF No. 74.)

An attorney filed an appearance on the Defendant's behalf in this Court in this case on December 21, 2022. (*See* ECF No. 57.) The Court held the Defendant's arraignment on January 5, 2023. (*See* ECF No. 93.) The Defendant was ordered to post $100,000 secured cash bond. (*See* ECF Nos. 95, 96.) The Defendant's additional conditions of release included that the Defendant surrender any passport and not obtain a passport or other international travel document, granted him permission to move from California to Texas, restricted his travel "to Harris and surrounding counties," and required him to submit to GPS monitoring. (*See* Order at 2–3, ECF No. 96.) The Defendant filed the instant request on February 6, 2023. (*See* ECF No. 131.)

## II. The Court should deny the Defendant's request to travel to Mexico because a change in his release conditions is unwarranted.

The United States has no objection to Defendant Cooperman's request to travel to Lafayette, Louisiana. His request to travel to Mexico—and for his passport back to do the same—presents another matter entirely and the Court should deny both requests. Courts in this District routinely do so in similar circumstances. *See, e.g.*, Order, *United States v. Jones*, 4:18-cr-344 (Dec. 15, 2022) (ECF No. 577); Order, *United States v. Chavda*, Crim. No. H-18-344-06 (Feb. 27, 2019) (ECF No. 177).

The Magistrate Judge's findings of the least restrictive combination of conditions that would reasonably assure the appearance of the Defendant included restricting the

Defendant's travel to "Harris and the surrounding counties," surrendering his passport, and that no other passport be obtained. (*See* ECF No. 96; *see also* 18 U.S.C. § 3142(c)(B)).

There is no reason to alter these conditions of release because the circumstances necessitating those conditions remain. The Defendant is facing serious securities fraud and conspiracy charges. The consequences of conviction include substantial prison time with a statutory maximum 25-year term, and a significant fine based on the alleged gains or losses in this matter. *See* 18 U.S.C. §§ 1348, 1349, 3571(d). The Defendant also has substantial means. And the United States understands he is not a citizen of the United States, but a citizen of the State of Israel. Thus, the Defendant presumably has international ties. His significant personal resources provide the means to flee. And the substantial consequences of prosecution that he faces, coupled with his foreign citizenship and ties, provide the incentive to do so.

The Defendant's current compliance with his bond conditions, and desire to take a vacation outside of the United States in addition to within it, do not justify modifying his bond conditions to travel outside the United States. To assure his appearance in this proceeding, Defendant Cooperman's passport should not be returned to him.

Furthermore, this Court has issued an order noting that "any modifications to the conditions of release should [be] in parity with others similarly situated." (Order, ECF No. 40.) The United States submits that each defendant in this case presents a flight concern if allowed to travel internationally. Should Defendant Cooperman be allowed to do so, other requests may come, given the Court's Order for parity of conditions of release. (*See id.*)

Accordingly, the Court should stem the tide here by denying Defendant Cooperman's request.

## Conclusion

For the foregoing reasons, the United States respectfully submits that Defendant Cooperman's request to travel to Mexico, and for the return of his passport to do the same, should be denied.

Dated: February 7, 2023                    Respectfully submitted,

                                              GLENN S. LEON
                                              Chief, Fraud Section
                                              Criminal Division, Department of Justice

By:  */s/ John J. Liolos*
      Scott Armstrong, Assistant Chief
      John J. Liolos, Trial Attorney
      Fraud Section, Criminal Division
      United States Department of Justice
      1400 New York Ave. NW
      Washington, DC 20005
      Tel.: (202) 768-2246

      ALAMDAR S. HAMDANI
      United States Attorney
      Southern District of Texas

By:  */s/ Thomas H. Carter*
      Thomas H. Carter
      Assistant United States Attorney
      State Bar Nos.: TX24048387
      1000 Louisiana Street, 25th Floor
      Houston, Texas 77002
      Tel.: (713) 567-9470

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

>*/s/ John J. Liolos*
>John J. Liolos, Trial Attorney
>U.S. Department of Justice
>Criminal Division, Fraud Section