IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

**MITCHELL HENNESSEY'S MOTION TO DISMISS
COUNTS 8, 9, AND 11 OF THE SUPERSEDING INDICTMENT**

Defendant Mitchell Hennessey respectfully moves the Court to dismiss Counts 8, 9, and 11 of the superseding indictment because the superseding indictment fails to allege facts sufficient to meet the minimum requirements of the Sixth Amendment and Federal Rule of Criminal Procedure 7.

## I. BACKGROUND

Mr. Hennessey was indicted on December 7, 2022, in the Southern District of Texas on one count of conspiracy to commit securities fraud, 18 U.S.C. § 1349, and two counts of securities fraud, 18 U.S.C. §§ 1348 & 2.[1] ECF 1. The government filed a superseding indictment on February 8, 2023, adding three new counts of securities fraud, 18 U.S.C. §§ 1348 & 2, against Mr.

---

[1] On January 27, 2023, Mr. Hennessey filed a Motion for a Speedy Trial, asserting that the case against him was not complex, he did not waive his right to a speedy trial, any continuance as to him would be unduly prejudicial, and requesting that his trial be set within 70 days. *See* ECF 124. The government opposed the motion, arguing that it possessed a large amount of evidence against Mr. Hennessey that made the case complex. *See* ECF 128. That motion is pending. The superseding indictment does not change Mr. Hennessey's request for a speedy trial. While the government added new counts against Mr. Hennessey after he filed his Motion for a Speedy Trial, the government's *factual* allegations against Mr. Hennessey remain exactly the same and boil down to essentially four tweets about two companies. Mr. Hennessey re-urges his motion and is ready to defend himself against the government's allegations.

**DEFENDANT'S MOTION TO DISMISS COUNTS 8, 9, AND 11
OF THE SUPERSEDING INDICTMENT – PAGE 1**

Hennessey, but adding no new factual allegations. The new counts, which are the subject of this motion are:

| Count | Defendants | On or about Date and Time | Issuer |
|---|---|---|---|
| 8 | HENNESSEY | March 2021 | Regulus Therapeutics, Inc. (RGLS) |
| 9 | HENNESSEY | June 2021 | Regulus Therapeutics, Inc. (RGLS) |
| 11 | DEEL, MATLOCK, HENNESSEY | May 2021 | Alzamend Neuro, Inc. (ALZN) |

ECF 134 at 38.

    A.    **Counts 8 and 9 (RGLS)**

Other than the above chart that lists the counts, the superseding indictment only mentions Regulus Therapeutics, Inc. (RGLS) two times, both times in paragraph 17, where the government simply quotes the language of 18 U.S.C. §§ 1349 and 1348, alleging that the defendants conspired to commit:

> securities fraud, that is, to knowingly, and with the intent to defraud, execute, and attempt to execute, a scheme and artifice (1) to defraud any person in connection with any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78*l*) and that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78*o*(d)), including . . . **Regulus Therapeutics, Inc. (RGLS)** . . . and (2) to obtain, by means of materially false and fraudulent pretenses, representations, promises, and material omissions, any money and property in connection with the purchase and sale of any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78*l*) and that is required to file reports under section

> 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78*o*(d)), including . . . **Regulus Therapeutics, Inc. (RGLS)** . . . .

ECF 134 at 35 (emphasis added). The superseding indictment does not allege any conduct specific to RGLS. Nor does the superseding indictment allege the dates or times that the purported securities fraud occurred.

### B. Count 11 (ALZN)

The superseding indictment provides more details regarding ALZN, which was included in the original indictment, but fails to allege what Mr. Hennessey, rather than his co-defendants, purportedly did to commit the alleged offense. The government only mentions Mr. Hennessey in connection with ALZN in three paragraphs.

> 63. In or around June 2021, MATLOCK, DEEL, COOPERMAN,[2] and **HENNESSEY** collectively sought to pump and dump the security of the issuer Alzamend Neuro, Inc., trading on the NASDAQ under the ticker ALZN, through false representations, pretenses, and material omissions.
> . . .
>
> 65. On or about June 30, 2021, at approximately 12:37 EST, DEEL exchanged the following private messages with RYBARCZYK[3] about the forthcoming plan relating to ALZN:
>
> | | |
> |---|---|
> | DEEL: | we are loading these shares back down here on ALZN to send to nhod [new high of the day] after lunch if you want anymore . . . . |
> | RYBARCZYK: | Yes sir! |
> | | . . . |
> | DEEL: | hugh **[HENNESSEY]** says get size . . . . |
> | DEEL at 12:59:50 p.m.: | posting |
>
> . . .

---

[2] Mr. Cooperman is not charged in Count 11.
[3] Mr. Rybarczyk is not charged in Count 11.

**DEFENDANT'S MOTION TO DISMISS COUNTS 8, 9, AND 11**
**OF THE SUPERSEDING INDICTMENT – PAGE 3**

> 71. In or around June 2021, MATLOCK, DEEL, COOPERMAN, and **HENNESSEY** profited approximately $212,822 from the pump and dump of ALZN.

ECF 134 at 18–20 (emphasis added). Nowhere does the superseding indictment allege how Mr. Hennessey allegedly committed securities fraud in connection with ALZN. Nor does the superseding indictment allege the dates or times that the purported securities fraud occurred.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" An indictment must allege the facts and circumstances of an offense "with sufficient clarity and certainty" to "enable the accused to prepare his defense and to . . . invoke the double jeopardy clause in any subsequent proceeding." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (citation omitted); *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). Should an indictment not meet Rule 7's requirements, or should it contain some other defect, a defendant may move to dismiss the indictment. *See* FED. R. CRIM. P. 12(b)(3)(B). When considering a motion to dismiss an indictment for failure to state an offense, a court must "take the allegations of the indictment as true and [] determine whether an offense has been stated." *Kay*, 359 F.3d at 742. Dismissal of the defective charge is appropriate where the indictment fails to state an offense. *United States v. Fontenot*, 665 F.3d 640, 642 (5th Cir. 2011); *see also United States v. Forkner*, 584 F. Supp. 3d 180, 189 (N.D. Tex. 2022).

## III.    ARGUMENT

Counts 8, 9, and 11 of the superseding indictment should be dismissed because the government failed to assert the essential facts constituting each offense with sufficient clarity and certainty to enable Mr. Hennessey to prepare his defense. Counts 8 and 9 allege *no* facts or

circumstances whatsoever advising Mr. Hennessey what conduct the government (or the grand jury) considers securities fraud related to RGLS. Similarly, the government added Mr. Hennessey to Count 11 without adding any facts to advise Mr. Hennessey as to what conduct the government (or the grand jury) considers securities fraud in connection with ALZN.

### A. Counts 8 and 9 (RGLS)

The superseding indictment contains *no* facts or circumstances that enable Mr. Hennessey to prepare his defense against Counts 8 and 9, which charge him with securities fraud in connection with RGLS. The Federal Rules of Criminal Procedure expressly prohibit such an indictment. Rule 7 specifically requires that the government support an indictment with a "plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" FED. R. CRIM. P. 7(c)(1). Far from complying with the plain text of this rule, the superseding indictment only references RGLS in paragraphs 117 and 121, the charging paragraphs of the superseding indictment. There are no facts alleging how Mr. Hennessey purportedly committed securities fraud in connection with RGLS, what profit or benefit he allegedly obtained, or even what date he supposedly committed the alleged offense (save a general reference in a chart to a month and year).

The United States District Court for the District of Columbia recently dismissed a similarly defective indictment in *United States v. Miller*, No. 1:21-CR-00119 (CJN), 2022 WL 1718984, at *2 (D.D.C. May 27, 2022). In *Miller*, the government charged the defendant with obstructing an official proceeding in an indictment that echoed the operative statutory text while also specifying the time and place of the offense. *Id.* The court dismissed the indictment, finding that the government failed to comply with Rule 7's requirements by not including any *specific* allegations, general facts, or statement that the defendant took any action with "respect to a document, record, or other object" as the statute at issue required. *Id.*

Like the indictment in *Miller*, the superseding indictment here merely echoes the general statutory language for Counts 8 and 9 without alleging *any* facts or *specific* conduct that supports charging Mr. Hennessey with a violation of the securities fraud statute. Moreover, unlike the indictment in *Miller*, the superseding indictment here does not even allege the date or time that the alleged violation occurred. Mr. Hennessey is thus left to guess what conduct the government considers securities fraud in connection with RGLS.

### B. Count 11 (ALZN)

The superseding indictment alleges no facts constituting securities fraud by Mr. Hennessey as charged in Count 11. The paragraphs that allege facts concerning ALZN, Paragraphs 63–71, only mention Mr. Hennessey three times: (1) Paragraph 63 contains the general allegation that Mr. Hennessey sought to "pump and dump" the stock; (2) Paragraph 65 includes a statement referencing a "hugh," which the government apparently believes refers to Mr. Hennessey, made by co-defendant Mr. Deel in a conversation that did not include Mr. Hennessey; and (3) Paragraph 71 is a conclusory statement that Mr. Hennessey and Messrs. Matlock, Deel, and Cooperman "profited approximately $212,822 from the pump and dump of ALZN." Yet again, the essential facts of the charge against Mr. Hennessey are missing from Count 11. The superseding indictment fails to allege the conduct by Mr. Hennessey that the government considers securities fraud in connection with ALZN.

The government cannot simply allege that an individual committed criminal securities fraud without alleging the essential facts constituting the offense. *See* FED. R. CRIM. P. 7(c)(1). The Court should accordingly dismiss Counts 8, 9, and 11 as to Mr. Hennessey. *See Fontenot*, 665 F.3d at 642; *Forkner*, 584 F. Supp. 3d at 189.

## IV. CONCLUSION

The government must set forth the facts and circumstances of each offense charged against Mr. Hennessey with sufficient clarity and certainty to enable him to prepare his defense and to invoke the double jeopardy clause in any subsequent proceeding. It did not. Mr. Hennessey respectfully requests that the Court dismiss Counts 8, 9, and 11 of the superseding indictment.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for the government about the relief requested herein on February 13, 2023. The government is opposed to the requested relief.

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura Marie Kidd Cordova*
Laura Marie Kidd Cordova