IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § § | Case No. 4:22-CR-612-2 |
| PERRY MATLOCK | § § | |
| Defendant. | § § | |

### MATLOCK'S UNOPPOSED MOTION
### TO ALLOW TRAVEL AND TO MODIFY A PRETRIAL BOND CONDITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, PERRY MATLOCK, and respectfully moves the Court to:

(1) allow Defendant to temporarily leave the Southern District of Texas from ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

(2) allow Defendant to travel to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Defendant Matlock is the lead plaintiff and his presence is required; and,

(3) modify the Defendant's conditions of bond going forward to allow for travel within the Western District of Texas.

The Government does not oppose the requested relief in this motion.

### I.    Relevant Procedural History

Mr. Matlock was charged by sealed indictment in this district on December 7, 2022. (ECF Dock. No.1)  He was arrested and brought before the court on December 13, 2022. (ECF Dock. Nos 14 and 16.)  During the detention hearing that day, Mr. Matlock was represented by prior criminal defense counsel. (*See* ECF Docket, generally.)  The Government did not move for detention, and Magistrate Judge Bryan presided over his initial appearance and set pretrial bond conditions. (*Id*.)  Mr. Matlock was released on a $500,000 secured bond.

As part of his conditions of bond Mr. Matlock's travel is restricted to the Southern District of Texas. (ECF Dock. No. 47). On February 8, 2023 the government filed a Superseding Indictment and Mr. Matlock was again arraigned on February 14, 2023. Mr. Matlock's conditions of bond have not changed since his detention hearing on December 13, 2022 (ECF Dock. No. 47).

### II.    Requested Relief

1) **Travel to** ███████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

The Government does not oppose this requested relief.

2) **Travel to** ███████████████████████

███████████████████████████████████

███████████████████████████████████



The Government does not oppose this request.

(3) **Request to Modify Bond Conditions to Allow for Travel within the Western District of Texas.** Mr. Matlock's current bond restricts him to travel within the Southern District only. (ECF Dock. No. 47). Mr. Matlock requests that this condition of bond be modified to also allow for travel within the Western District of Texas. Among other reasons for this request, Mr. Matlock foresees the distinct possibility of travel into the Western District in the near future to confer with his lead counsel and team (Ashcroft, Sutton, Reyes, LLC), who reside in Austin, Texas. Furthermore, Mr. Matlock anticipates attending a handful of his 11 year old daughter's gymnastics competitions in Texas, which are occasionally outside of Houston in cities such as Austin and San Antonio. This request is made in the interest of judicial economy as opposed to burdening the Court with motions to travel to the nearby Western District with frequency. The Government does not oppose this request.

### III.     Relevant Authorities

The Bail Reform Act (the "Act"), 18 U.S.C. § 3141, et seq., ("The Act") provides that a person shall be released on his recognizance unless no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community. *See* 18 U.S.C. § 3142(b). If the court determines that a personal recognizance bond is not sufficient, then the court shall order the defendant released subject to the conditions that the defendant not commit a federal, state, or local crime while on release and "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." *See* 18 U.S.C. § 3142(c)(1)(B). The conditions of release can be amended at any time. *See* 18 U.S.C. § 3142(c)(3).

### IV.     Argument in Support of Requested Relief

The Government does not oppose the requested relief in this motion. Mr. Matlock's requested relief does not alter the reasonable assurance that he will appear when commanded nor does it call into question the safety of any person or the community. In short, Mr. Matlock poses zero danger to any person or the community. He is not a violent person and is not charged with a violent crime. He is a day trader and family man. His pre-trial bond conditions already preclude him from posting on social media about his stock trading – a condition that adequately addresses the government's allegations of securities fraud.[1]

---

[1] The Government alleges Mr. Matlock and the other indicted defendants engaged in a conspiracy to illegally increase the price of publicly traded securities by posting false statements on various social media sites and then selling their holdings at a profit. By preventing Mr. Matlock and all other defendants from making such posts on social media, the government's core allegation has been addressed during the pretrial bond period. Notably, Mr. Matlock's bond conditions allow him to keep trading securities while on bond as long as he does not post about it.

Likewise, Mr. Matlock is not a flight risk. A careful consideration of Mr. Matlock's personal characteristics and the posture of this case results in only one conclusion: Mr. Matlock is not a flight risk….Mr. Matlock was born, raised, and lives in the Houston, Texas area. He is married and shares custody of his 11-year-old daughter with her mother, who also lives in the Houston area. Mr. Matlock's mother, who raised him, lives in the Houston area, as do his in-laws. Conversely, Mr. Matlock does not own any foreign residence. He has never lived abroad, and his international travel has been limited to vacations of less than two weeks. He does not maintain foreign bank accounts. He does not speak any other languages. He is not a citizen of any other country and does not possess travel documents (e.g., a passport or travel visa) for any other country. He has already surrendered his U.S. passport to the Court. In short, his ties to the Houston run deep, and he has no significant ties to any other geographic area. Furthermore, Mr. Matlock has posted a $500,000 secured bond, meaning he would lose a half million dollars if he failed to appear in this case. He has also engaged counsel, which is another significant expense that would be wasted if he did not appear in this case. He fully understands that a failure to appear in this case would result in his bond being revoked, a new and separate charge against him, and serious negative consequences at sentencing if he were found guilty of the original charge.

### V.     Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant Matlock respectfully requests that this Court grant this Motion to Allow for Travel outside the Southern District and to Modify Pretrial Bond Conditions to Allow for Travel within the Western District of Texas.

Respectfully submitted,

**ASHCROFT SUTTON REYES, LLC**

/s/ *Luis A. Reyes*
Luis A. Reyes

lreyes@ashcroftlawfirm.com
Texas Bar No. 90001831
Johnny Sutton
jsutton@ashcroftlawfirm.com
Texas Bar No. 19534250
Ashcroft Sutton Reyes, LLC
919 Congress Ave., Ste. 1325
Austin, TX 78701
Phone: (512) 370-1800
Facsimile: (512) 397-3290

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 21, 2023, the undersigned counsel communicated with AUSA Thomas Carter who indicated that the government did not oppose the requested relief.

/s/ Luis A. Reyes

Luis A. Reyes

ATTORNEY FOR DEFENDANT
PERRY MATLOCK

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 21st day of February 2023, copies of the foregoing were served on all registered parties via email and CM/ECF, concurrent with the filing of the same.

/s/Luis A. Reyes

Luis A. Reyes

ATTORNEY FOR DEFENDANT
PERRY MATLOCK