**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU,** *et al.* | § | **The Honorable Andrew S. Hanen** |
| | § | |
| **Defendants.** | § | |

<u>**United States' Response in Opposition to Defendant Hennessey's Motion to Dismiss**</u>

The United States, by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant Hennessey's Motion to Dismiss Counts 8, 9, and 11 of the Superseding Indictment (ECF No. 159). The Court should deny the motion because the Superseding Indictment meets the minimum constitutional standards sufficient to allege the charged crimes.

**I.      Background**

A Grand Jury in this District returned the original Indictment on December 7, 2022, charging the Defendant and seven alleged coconspirators with conspiracy to commit securities fraud, substantive counts of securities fraud, and a money laundering count. (ECF No. 1.) That Indictment charged Defendant Hennessey in the conspiracy count and with two substantive counts of securities fraud. (*Id.* ¶¶ 116, 120.) A Grand Jury in this District returned a Superseding Indictment on February 8, 2023, which realleges all charges in the original Indictment and adds nine substantive counts of securities fraud. (*See* ECF No. 134 ¶ 121.) Three of those new counts charge Defendant Hennessey, thus, charging him with a total of five substantive securities fraud counts. (*See id.*) Those three new counts are the subject of his instant Motion. (ECF No. 159.)

The Superseding Indictment in this case contains 34 pages and 115 paragraphs of introductory allegations preceding the paragraphs containing the charging language. (*See generally*

ECF No. 134.) Those 115 introductory paragraphs include both general and specific allegations that explain in significant detail how the scheme operated. (*See id.* ¶¶ 1–115.) For example, the first paragraph alleges the scheme generally, stating that the Defendant and his codefendants:

> engaged in a scheme to "pump and dump" securities based on false and misleading information and material omissions about those securities that the defendants published on social media platforms, including Twitter, Inc. and Discord, Inc. To carry out the scheme, the defendants (1) purchase shares of a security in their trading accounts; (2) posted messages on social media platforms with false, positive information about the security—including as to, among other things, the defendants' position in the security, how long the defendants intended to hold the security, the defendants' view that the security would increase in price, and the price the security could reach—to induce other investors to buy the security and artificially drive up its price, and (3) secretly sold their own shares of the security at a higher price to secure a profit for themselves, at or around the time they posted messages to induce other investors to purchase the same security and concealed their intent to sell.

(*Id.* ¶ 1.)

After that, paragraphs 2 through 9 introduce the defendants and include specific details about their social media accounts and other information relevant to the means by which they executed their scheme, including Defendant Hennessey's podcast. (*See id.* ¶¶ 2–9.) Paragraphs 10 through 19 then provide additional general detail about the defendants' scheme, including specific examples of both the types of social media posts used to execute the scheme and private communications discussing it. (*See id.* ¶¶ 10–19.)

Further still, the Superseding Indictment then provides copious detail about ten specific examples of the scheme in operation, corresponding to ten of the substantive counts of securities fraud alleged. (*See id.* ¶¶ 20–121.) The detail in this section provides far more information than what is constitutionally required and to which the defendants are entitled. Specifically as to Count 11, which the Defendant challenges, this section includes nine paragraphs of detail specifying

certain means by which the relevant defendants committed securities fraud as charged in that Count, including information as to Defendant Hennessey. (*See id.* ¶¶ 63–71.)

Finally, all of those initial 115 paragraphs, including both the general facts sections and the ten examples of specific means, are expressly incorporated into the central charging paragraphs for the substantive securities fraud offenses. (*See id.* ¶ 120.) Paragraph 121 then recites verbatim the statutory text, and adds a chart containing information about each substantive securities fraud count, including: the defendant(s) charged in each particular count, the month(s) in which the relevant defendant(s) executed the securities fraud scheme (often over multiple days or weeks), the name of the respective securities issuers, and the ticker symbols under which the securities of those issuers traded. (*See id.*)

## II.    Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) requires that indictments include "a plain, concise, and definite written statement of the essential facts constituting the offense charges . . . ." An indictment is constitutionally sufficient if it (1) contains the offense elements, (2) fairly informs the defendant of the charge, and (3) enables him to plead an acquittal or conviction as a bar to future prosecutions of the same offense. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). "The test for sufficiency is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to [these] minimal constitutional standards." *Kay* 359 F.3d at 742 (internal quotations omitted). "Under this liberal review, [the court] look[s] to a practical, non-technical reading of the indictment as a whole, and an indictment will be held sufficient unless '**no reasonable construction** of the indictment would charge the offense . . . .'" *United States v. Cluck*, 143 F.3d 174, 178 (5th Cir. 1998) (quoting *United States v. McKay*, 12 F.3d 66, 69 (5th Cir. 1994)) (emphasis added).

"Apart from meeting this minimum constitutional standard, the government need not describe all evidentiary details establishing the facts of the [allegations.]" *United States v. Rafoi*, No. 21-20658, 2023 WL 1811921, at *3 (5th Cir. Feb. 8, 2023) (reversing district court's grant of defendants' motion to dismiss because indictment adequately conformed to minimal constitutional standards). "[A] defendant's constitutional *right* to know the offense with which he is charged must be distinguished from a defendant's *need* to know the evidentiary details establishing the facts of such offense . . . ." *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986). Indeed, "neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every *means* by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976) (emphasis added). An indictment that tracks the language of the statute is generally adequate. *See, e.g.*, *United States v. Bailey*, 444 U.S. 394, 414 (1980); *United States v. Franco*, 632 F.3d 880, 884–885 (5th Cir. 2011) (per curiam); *United States v. Williams*, 679 F.2d 504, 508–09 (5th Cir. 1982) (collecting cases).

### III.   The Court should deny the Defendant's motion because the indictment conforms to minimal constitutional standards.

The Superseding Indictment in this case (1) sets forth the elements of the offense in the precise wording of the statute and provides profuse particulars, both general and specific; (2) fairly informs the Defendant of the charges; and (3) is sufficient to bar future prosecution of the same offense. *See, e.g.*, *Kay* 359 F.3d at 742.

*First*, the Superseding Indictment contains the elements of the offense in the full statutory language along with substantial particulars. As noted, paragraph 121 recites the text of the statute and provides a chart supplying specific information about each count. (ECF No. 134 ¶ 121.) That information includes the respective defendant(s) charged in each count and the relevant month(s)

4

in which the defendant(s) executed the scheme with respect to each particular securities issuer and security ticker symbol. (*Id.* ¶ 121.) Further, paragraph 120 incorporates and realleges the first 115 paragraphs of the Superseding Indictment, supplying further particularity to the statutory text as applied in this case. (*See id.* ¶ 120.)

*Second*, the Superseding Indictment fairly informs the Defendant of the charges he faces. *See, e.g.*, *Franco*, 632 F.3d at 884 ("Generally, an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged."). Beyond the statutory text, the incorporated first 115 paragraphs provide abundant detail as to how the defendants executed their social media-based pump and dump scheme. The information in the securities fraud chart in paragraph 121 regarding the months and securities at issue—combined with both general explanation and specific examples of how the defendants used social media to execute their scheme—sufficiently specify the Defendant's trading and social media activity at issue for each challenged Count.[1] (*See* ECF No. 134 ¶ 121.) Nothing more is required. *See, e.g.*, *United States v. Motz*, 652 F. Supp. 2d 284, 296 (E.D.N.Y. 2009) (rejecting a challenge to the sufficiency of § 1348 securities fraud count where the indictment contained a general description of alleged harm to victims from which fraudulent intent could be inferred).

With respect to the time of the fraud, the months alleged are more than sufficient. As the United States Court of Appeals for the Fifth Circuit has explained:

> In *Lavergne*, we sustained an indictment that "allege[d] no facts other than the conclusion that appellants embezzled a particular sum of money during a particular time frame." 805 F.2d at 521.

---

[1] Further, the Defendant has, through discovery, the full scope of his relevant social media and trading activity for the time periods alleged in each challenged Count. The activity is a definite set of social media posts and trades regarding the specifically named securities at issue in the Counts. The metes and bounds of that set are established clearly by the months in which the scheme was executed as to the securities described. Thus, the general and specific allegations in the Superseding Indictment are sufficient to inform the Defendant of the charges he faces in the Counts, and the information available to him through discovery allows him, practically, to understand with precision the definite scope of those charges.

Similarly, in *United States v. Giles*, 756 F.2d 1085, 1086–87 (5th Cir. 1985), this Court held that an indictment was sufficient when it charged the defendant with conspiring to distribute drugs "on or about April 1981, and continuing through August, 1982, in Harris County, in the Southern District of Mississippi, and elsewhere." **The precise dates on which the appellant committed the alleged acts are not necessary.**

*United States v. Ellender*, 947 F.2d 748, 755–56 (5th Cir. 1991) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986) (alteration in original)) (emphasis added).

In providing the defendants more notice for many of the counts than the minimum to which they are constitutionally entitled, the United States did not raise the bar with respect to what must be provided for the three Counts at issue in the Defendant's Motion. The Court should reject the Defendant's attempt to raise this constitutional bar because it is unsupported by the law and he is fairly informed of the charges he faces. *See, e.g.*, *id.*

*Third*, for similar reasons, the Superseding Indictment is sufficient to bar future prosecutions of the same offense. Specifically as to the Counts Defendant challenges, the Superseding Indictment allows him to avoid future prosecution for violations of 18 U.S.C. §§ 1348 & 2 and 1349 that is premised on his Twitter, Discord, and trading activity with respect to (i) RGLS in March and June 2021, and (ii) ALZN in June 2021. (*See* ECF No. 134 ¶ 121.) There is no reasonable concern of subsequent prosecutions for allegations at that level of specificity. Nothing more is constitutionally required. *See, e.g.*, *Kay* 359 F.3d at 742.

The Defendant's sole substantive case citation from a court not in this District is wholly unpersuasive and factually distinct. In *United States v. Miller*, the court found that a recitation of the statutory language was insufficient to sustain a count in the indictment that was "not preceded by a general facts section," contained no other allegations, and did not cross-reference other counts. 605 F. Supp. 3d 63, 67 (D.D.C. 2022).

The Superseding Indictment here is unlike the *Miller* indictment. There, the indictment was six pages and the only substantive language in the entire document was a single paragraph for each of the twelve counts charged. *See* Second Superseding Indictment, *United States v. Miller*, 1:21-cr-119 (D.D.C. Nov. 10, 2021) (ECF No. 61). The sole paragraph alleging the single count at issue in *Miller* did not incorporate any other paragraphs by reference and was unsupported by general allegations, as no such allegations were included. *See id.* at 2–3.

In stark contrast, here, the combination of the Superseding Indictment's first 115 paragraphs with the information contained in paragraph 121 far more than "alleges or even implies" that the Defendant committed securities fraud as to each charged Count. *See Miller*, 605 F. Supp. at 67. As the *Miller* court made clear: "To be sure, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every *means* by which the prosecution hopes to prove that the crime was committed." *Id.* at 70 (internal quotation and citation omitted). With this Superseding Indictment's plentiful particulars, the concerns raised in *Miller* are inapplicable here.

## CONCLUSION

In this case, with this Superseding Indictment, it is incredible to suggest that "no reasonable construction of the indictment would charge the offense . . . ." *United States v. McKay*, 12 F.3d 66, 69 (5th Cir. 1994). The United States respectfully urges the Court to deny the Defendant's Motion because the Superseding Indictment's allegations conform to minimal constitutional standards and should not be dismissed.

Dated: February 22, 2023                    Respectfully submitted,


                                             GLENN S. LEON
                                             Chief, Fraud Section
                                             Criminal Division, Department of Justice

By:      */s/ John J. Liolos*
       Scott Armstrong, Assistant Chief
       John J. Liolos, Trial Attorney
       Fraud Section, Criminal Division
       United States Department of Justice
       1400 New York Ave. NW
       Washington, DC 20005
       Tel.: (202) 768-2246


       ALAMDAR HAMDANI
       United States Attorney
       Southern District of Texas

By:      */s/ Thomas Carter*
       Thomas H. Carter
       Assistant United States Attorney
       State Bar No.:  TX24048387
       1000 Louisiana Street, 25th Floor
       Houston, Texas 77002
       Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section