# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,       .
                                .
        Plaintiff,              .
                                . Case No. 22-mj-10339
vs.                             .
                                . Newark, New Jersey
MITCHELL HENNESSEY,             . December 13, 2022
                                .
        Defendant.              .
                                .


              TRANSCRIPT OF INITIAL APPEARANCE
           BEFORE THE HONORABLE MICHAEL A. HAMMER
               UNITED STATES MAGISTRATE JUDGE


APPEARANCES (the parties appeared (heard via Zoom)):

 For the Government:    KELLY M. LYONS, ESQ.
                        DOJ-CRM
                        970 Broad Street, Suite 700
                        Newark, NJ 07102
                        (202) 923-6451
                        kelly.m.lyons@usdoj.gov


 For the Defendant:     JEFFREY BROWN, ESQ.
                        Dechert LLP
                        1095 Avenue of the Americas
                        New York, NY 10036
                        (212) 698-3511
                        jeffrey.brown@dechert.com




Audio Operator:

Transcription Service:  KING TRANSCRIPTION SERVICES
                        3 South Corporate Drive, Suite 203
                        Riverdale, NJ  07457
                        (973) 237-6080

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

```
 1                  (Commencement of proceedings)
 2
 3             THE COURT:  All right.  Good afternoon, everyone.
 4   This is the matter of United States versus Mitchell
 5   Hennessey.  This is a Rule 5 on an indictment from the U.S.
 6   District Court for Southern District of Texas.
 7             Can I have appearances, please, beginning with the
 8   Government.
 9             MS. LYONS:  Good afternoon, Your Honor.  Kelly
10   Lyons on behalf of the United States.
11             THE COURT:  All right.  Good afternoon, Ms. Lyons.
12             And how about for Mr. Hennessey?
13             MR. BROWN:  For Mr. Hennessey, Jeffrey Brown from
14   the Dechert LLP for purposes of today's proceedings only.
15             THE COURT:  All right.  Thank you, Mr. Brown.
16             So let me begin with advising Mr. Hennessey of his
17   rights.
18             So, Mr. Hennessey, you have the right to remain
19   silent.  You're not required to make -- oh, I'm sorry.
20             Before I get too far down the road, Mr. Brown, does
21   Mr. Hennessey consent to proceeding remotely today?  Or would
22   he prefer to adjourn today and conduct this initial
23   appearance in person?
24             MR. BROWN:  We consent to remote appearance.
25             THE COURT:  All right.  Thank you.
```

1        So, Mr. Hennessey, let me go back to advising you
2   of your rights.
3        You have the right to remain silent.  You're not
4   required to make any statements or to speak with anyone at
5   any time.  If you do speak, you may stop at any time.  And
6   anything you do say can and likely will be used against you
7   in a court of law.
8        I know that you're represented by Mr. Brown from
9   the Dechert firm.  But let me just advise you that you have
10  the constitutional right to be represented by counsel in this
11  matter.  If you could not afford an attorney, the Court would
12  appoint counsel for you at no cost to you.
13       Also, the Government has an affirmative obligation
14  pursuant to Supreme Court case law -- such as <u>Brady v.</u>
15  <u>Maryland</u>; in <u>Giglio v. United States</u> -- to timely disclose
16  information to the defense as to criminal liability on the
17  charged offenses as well as mitigation of any punishment that
18  may be imposed.  So, for example, if the Government had in
19  its possession information that might cast doubt on the
20  credibility of government witnesses or information that might
21  be used to disprove the Government's charges or theory of the
22  case against you, the Government has an obligation to turn
23  that information over to the defense at an appropriate point
24  in the case.
25       If the Government failed to do this, to produce

|Initial Appearance
|22-mj-10339, December 13, 2022

4

```
 1  this information -- and I am not at all suggesting that the
 2  Government would -- but if the Government failed to do that,
 3  the Government itself could face some pretty significant
 4  penalties, including but not limited to exclusion of
 5  evidence, dismissal of charges, and ethics proceedings.
 6            Further, you have the right to have an identity
 7  hearing where the Government would have to prove that you
 8  are, in fact, the same Mitchell Hennessey as set forth in the
 9  indictment.
10            Finally, pursuant to Federal Rule of Criminal
11  Procedure 19, you have the right to request that this case be
12  transferred to the District of New Jersey for the purposes of
13  waiving trial and pleading guilty.
14            Now, please understand, I am not at all suggesting
15  that you necessarily should do those things.  I'm merely
16  advising you of your rights.
17            If you were interested in doing that, you would
18  have to so indicate in writing, and then the United States
19  attorneys for both the District of New Jersey and the
20  Southern District of Texas would have to agree to that.
21            All that having been said, Mr. Hennessey, do you
22  understand your rights?
23            You have to -- there you go.
24            THE DEFENDANT:  Yes, Your Honor.  I do.
25            THE COURT:  Okay.  Good.
```

1           And so, obviously, you are represented by counsel.

2           So let me ask Mr. Brown, has the defense received a

3   copy of the indictment in this matter?

4           MR. BROWN:  We have, Your Honor.  And we will waive

5   any reading.

6           THE COURT:  All right.  Thank you.

7           Can I ask the Government to please advise the

8   defense of the statutory violations, maximum penalties, and

9   any appropriate advisements.

10          MS. LYONS:  Yes, Your Honor.

11          The defendant is charged in Count 1 with conspiracy

12  to commit securities fraud in violation of 18 U.S.C. § 1349.

13  He's also charged in Counts 3 and 5 with securities fraud in

14  violation of 18 U.S.C. §§ 1348 and 2.

15          The maximum penalties for both of those offenses

16  are 25 years in prison; $250,000 fine or twice the gross

17  pecuniary gain to any person or loss to any person; five

18  years' supervised release; and a $100 mandatory special

19  assessment.

20          I would also note that we believe the defendant is

21  a United States citizen.  However, if he were not a citizen

22  of the United States, conviction of the charged offenses may

23  result in the defendant being subject to immigration

24  proceedings and removed from the United States.  If the

25  defendant is a citizen of another country, the defendant has

```
 1  a right to contact the consulate of that country concerning
 2  these charges.
 3              THE COURT:  All right.  Thank you.
 4              Mr. Brown, have you spoken to Mr. Hennessey
 5  concerning the identity hearing and what he wants to do about
 6  that?
 7              MR. BROWN:  Not in detail.  My expectation is that
 8  we're not going to contest identity, Your Honor.  And so I
 9  don't know if you want to set a control date for an identity
10  hearing that we could then write to the Court and put off or
11  whatever your preferred procedure is.
12              THE COURT:  Yeah.  That's fine.  Why don't we
13  say -- today's Tuesday.  Why don't we say if there's no
14  objection from either side, we'll put it down tentatively for
15  Friday at 2 P.M.  Obviously, if the defense notifies the
16  Court and the Government before then that they're waiving
17  identity, then we can adjourn it.  Okay?  --
18          (Simultaneous conversation)
19              THE COURT:  Or cancel --
20          (Simultaneous conversation)
21              MS. LYONS:  I'm sorry, Your Honor.  Would that be
22  in person or over Zoom, just for planning purposes?
23              THE COURT:  Well, let's talk about that.
24              Mr. Brown, what's the defendant's preference?
25              MR. BROWN:  I would expect -- I think the chances
```

```
 1  of us having it are so limited that I would not want to
 2  burden everybody by suggesting that we should prepare to be
 3  present in person.  So if we were to have it, I think we
 4  would waive everyone's appearance and proceed on consent with
 5  a virtual hearing.
 6              THE COURT:  Ms. Lyons, any objection to what
 7  Mr. Brown just articulated?
 8              MS. LYONS:  No objection, Your Honor.
 9              THE COURT:  All right.  Great.  That makes sense to
10  me too.
11              So tentatively, Friday, 2 P.M., via Zoom.
12              Okay.  If I am not mistaken, the only thing left
13  for us to cover is bail.  I trust that parties have seen
14  Pretrial's recommendation.
15              Ms. Lyons, what's the Government reaction?
16              MS. LYONS:  No objections to the package and the
17  conditions proposed by Pretrial --
18              THE COURT:  All right.
19              Mr. Brown, how about for the defense?
20              MR. BROWN:  No objections at present, Your Honor.
21  We may have some qualms about certain of the conditions, but
22  we think the better place to address them is in the Southern
23  District of Texas.  And we're willing to accept those terms
24  for present purposes.
25              THE COURT:  Well, I won't disagree with that.
```

1    So -- and I find that in light of the charged
2 conduct and my review of Pretrial Services's report and
3 Title 18 U.S.C. § 3142, the conditions proposed by Pretrial
4 are appropriate and reasonable.  So I'm going to order that
5 Mr. Hennessey be released on a $250,000 unsecured bond,
6 subject to Pretrial Services supervision.
7    Mr. Hennessey must surrender all passports and
8 travel documents to Pretrial Services.  He may not apply for
9 any new travel documents.  His travel is restricted to the
10 continental United States unless Pretrial Services --
11 sorry -- unless the Court approves otherwise.
12    He must maintain his current residence or a
13 residence approved by Pretrial.
14    He must maintain or actively seek employment as
15 approved by Pretrial.
16    He shall have no contact with co-defendants,
17 victims or witnesses unless in the presence of counsel.
18    He may not post on social media about securities.
19    He may not be employed in the sale of securities or
20 engage in trading securities.
21    For any financial transactions greater than
22 $10,000, Mr. Hennessey must get the advance approval of
23 Pretrial Services.
24    And at a date to be determined, Mr. Hennessey shall
25 report to the United States marshal in Newark, New Jersey,

|Initial Appearance
|22-mj-10339, December 13, 2022

9

```
 1  for processing.
 2              Ms. Lyons, anything else for the Government today?
 3              MS. LYONS:  Nothing from the Government,
 4  Your Honor.
 5              THE COURT:  All right.
 6              Mr. Brown, how about on behalf of Mr. Hennessey?
 7              MR. BROWN:  No.  Nothing from us.  Thank you,
 8  Your Honor.
 9              THE COURT:  All right.  Thank you.  And then we'll
10  wait to hear from Mr. Brown concerning Friday.  Okay?
11              MR. BROWN:  Understood, Your Honor.
12              THE COURT:  All right.  Have a good afternoon,
13  everyone.
14              Thank you very much.
15              MR. BROWN:  Thank you.
16                  (Conclusion of proceedings)
17
18
19
20
21
22
23
24
25
```

|Initial Appearance
|22-mj-10339, December 13, 2022
|Certification

10

1 Certification

2     I, SARA L. KERN, Transcriptionist, do hereby certify

3 that the 10 pages contained herein constitute a full, true,

4 and accurate transcript from the official electronic

5 recording of the proceedings had in the above-entitled

6 matter; that research was performed on the spelling of proper

7 names and utilizing the information provided, but that in

8 many cases the spellings were educated guesses; that the

9 transcript was prepared by me or under my direction and was

10 done to the best of my skill and ability.

11     I further certify that I am in no way related to any of

12 the parties hereto nor am I in any way interested in the

13 outcome hereof.

18 s/ *Sara L. Kern*         4th of January, 2023

19 Signature of Approved Transcriber     Date

Sara L. Kern, CET**D-338
King Transcription Services
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080