| | |
|---|---|
| **From:** | Armstrong, Scott (CRM) < > |
| **Sent:** | Wednesday, December 21, 2022 9:27 PM |
| **To:** | Tate Williams; Matthew Aaron Ford |
| **Cc:** | Philip Hilder; Stephanie McGuire; Carter III, Thomas (USATXS); Liolos, John (CRM) |
| **Subject:** | RE: [EXTERNAL] Re: US v. Constantinescu, 22-cr-612 |

Tate,

Option B. We will disclose the tickers included in that $114-million figure.

Scott

**From:** Tate Williams < >
**Sent:** Wednesday, December 21, 2022 9:11 PM
**To:** Armstrong, Scott (CRM) < >; Matthew Aaron Ford < >
**Cc:** Philip Hilder < >; Stephanie McGuire < >; Carter III, Thomas (USATXS) < v>; Liolos, John (CRM) < >
**Subject:** RE: [EXTERNAL] Re: US v. Constantinescu, 22-cr-612

Scott-

Having compared the general allegations in the indictment (profit of at least $114 million) to the specific allegations relating to 10 named stocks, I think it would be helpful if the Government would clarify whether the alleged illegal activity during the relevant time-period the subject of this indictment is:

> a) limited to those ten stocks named in Counts 2-10 and elsewhere;  *or*
> b) a much larger set (or perhaps all) of the defendant's trading activity during that time period of which these named stocks are just a representative sample, but the government is going to be pursuing remedies (guidelines calculations, restitution, forfeiture etc.) for activity relating to many more not identified in the indictment.

If it is the latter, is the discovery going to identify which trading activities the government contends are fraudulent beyond the ten in the indictment?

Thank you,

Q. Tate Williams
*Attorney*
**HILDER & ASSOCIATES, P.C.**
819 Lovett Blvd.
Houston, Texas  77006-3905
713-655-9111 office
713-609-9125 direct
713-655-9112 fax

