

February 16, 2023

BY EMAIL

Thomas H. Carter III
Assistant United States Attorney
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
U.S. Attorney's Office for the Southern District of Texas
Thomas.Carter.III@usdoj.gov
cc: john.liolos@usdoj.gov; scott.armstrong@usdoj.gov

Re: *United States v. Constantinescu*, et al., No. 4:22-cr-00612-S

Dear Mr. Carter:

    On behalf of our client Mr. Edward Constantinescu ("Mr. Constantinescu"), and pursuant to Federal Rule of Criminal Procedure 7(f), we make the following demand for a bill of particulars. Please provide the requested particulars promptly in order to facilitate the timely filing of appropriate motions. Please advise us promptly and with specificity should you decline to make any of the requested particulars available:

**Re: General Allegations**

1. With respect to the allegations contained in Paragraphs 1-115, please provide the following particulars:

   **A. Particulars Regarding the Defendants' Alleged Profits of $114 Million**

2. Paragraph 1 alleges that "From in or around January 2020 to in or around April 2022, the defendants profited at least approximately $114 million their scheme." With respect to these allegations, please provide the following particulars:

   a. Identify the method of calculation used to conclude that defendants profited "at least approximately $114 million," including, but not limited specific identification of:

      i. The source of information used to calculate defendants' profits, including but not limited to specific identification of the name of any trading platform or brokerage firm with records reflecting alleged profits,

      ii. The varying amounts of profits attributable to the individual defendants,

    iii. The varying amounts of profits attributable to trading in specific securities, including whether the calculations were limited to the securities listed in the Indictment;

    iv. Whether the calculations deducted or otherwise accounted for the value used to purchase securities and any of the defendants' losses with respect to the securities used to calculate approximate profits, and

    v. Whether the calculations include any estimation with respect to defendants' approximate profits, and if so, the basis for that estimation, including but not limited to identification of whether the following was included in the calculation of the defendants' approximate profits:

        1. The estimated value of any of the defendants' known or unknown property or assets, or

        2. Information adduced from any of the defendants' posts on social media, including but not limited to any written or spoken statements, photos or videos regarding their purported profits or purchase of luxury residential properties, vehicles, jewelry, and other luxury items.

**B. Particulars Regarding Mr. Constantinescu's Alleged Profits**

3. Identify whether the government's calculation of Mr. Constantinescu's alleged profits includes profits from trading in securities not referenced or otherwise identified in the Indictment ("Unidentified Securities"). If so, identify the following:

    a. Each security for which the government alleges Mr. Constantinescu's trading profits would be subject to a money judgment. For each security, identify:

        i. The precise amount of Mr. Constantinescu's alleged profits in the Unidentified Security,

        ii. The relevant time period of trading activity,

        iii. The source of information for each Unidentified Security, including but not limited to each trading platform or brokerage firm with records reflecting Mr. Constantinescu's alleged profits,

        iv. Whether the calculations deducted or otherwise accounted for the value used to purchase that Unidentified Security, and

> v. And whether the calculations deducted or otherwise accounted for Mr. Constantinescu's losses with respect to that Unidentified Security.

4. Identify whether the government's calculation of Mr. Constantinescu's alleged profits includes profits from Mr. Constantinescu's trading in any of the securities identified in connection with counts of securities fraud charged to other defendants ("Co-Defendant Securities"), meaning:

   a. China SXT Pharmaceuticals, Inc. (SXTC),

   b. CBAK Energy Technology, Inc. (CBAT),

   c. Torchlight Energy Resources, Inc. (TRCH),

   d. Vislink Technologies, Inc. (VISL),

   e. GTT Communications, Inc. (GTT),

   f. Regulus Therapeutics, Inc. (RGLS),

   g. Surface Oncology, Inc. (SURF),

   h. Alzamend Neuro, Inc. (ALZN),

   i. Universe Pharmaceuticals, Inc. (UPC),

   j. ABVC BioPharma, Inc. (ABVC),

   k. Naked Brand Group (NAKD),

   l. EZFill Holdings, Inc. (EZFL), or

   m. ShiftPixy, Inc. (PIXY).

5. For each Co-Defendant Security which the government alleges that Mr. Constantinescu's profits from trading in that security would be subject to a money judgment, identify:

   a. The precise amount of Mr. Constantinescu's alleged profits in that Co-Defendant Security,

   b. The relevant time period of trading activity,

    c. The source of information for each, including but not limited to each trading platform or brokerage firm with records reflecting Mr. Constantinescu's alleged profits,

    d. Whether the calculations deducted or otherwise accounted for the value used to purchase that Co-Defendant Security, and

    e. Whether the calculations deducted or otherwise accounted for Mr. Constantinescu's losses with respect to that Co-Defendant Security.

6. Identify the precise amount of Mr. Constantinescu's alleged profits with respect to all of the government's allegations of wrongdoing in connection with Mr. Constantinescu's trading, social media posting, and any other alleged activity related to the following securities ("Charged Securities"):

    a. Onconova Therapeutics, Inc. (ONTX),

    b. Camber Energy, Inc. (CEI),

    c. DatChat, Inc. (DATS),

    d. My Size, Inc. (MYSZ), and

    e. Brickell Biotech, Inc. (BBI).

7. For every Charged Security, identify the government's method of calculation of Mr. Constantinescu's alleged profits, including but not limited to:

    a. The precise amount of Mr. Constantinescu's alleged profits in each Charged Security,

    b. The relevant time period of trading activity,

    c. The source of information for each Charged Security, including but not limited to each trading platform or brokerage firm with records reflecting Mr. Constantinescu's alleged profits,

    d. Whether the calculations deducted or otherwise accounted for the value used to purchase that Charged Security, and

    e. And whether the calculations deducted or otherwise accounted for Mr. Constantinescu's losses with respect to that Charged Security.

FORD O'BRIEN LANDY   |   3700 Ranch Road South, Suite B, Austin, TX 78738   |   P: 212.858.0040   |   fordobrien.com

### C. Particulars Regarding Mr. Constantinescu's Posts on Social Media

8. Identify every social media application that the government alleges Mr. Constantinescu posted or otherwise publicly shared information on with respect to the allegations in the Indictment.

9. Identify every communication platform, including but not limited to text/SMS messages, messaging applications, and social media chat platforms, which the government alleges Constantinescu communicated with any other person in furtherance of the alleged scheme set forth in the Indictment.

10. Identify every social media post, reply, comment, or other representation (each an "At-Issue Post") that the government alleges was shared by Constantinescu in furtherance of his alleged securities fraud or conspiracy to commit securities fraud, including but not limited to:

    a. The date of each At-Issue Post,

    b. The platform that the At-Issue Post was shared on,

    c. The specific content of each At-Issue Post, including whether it features any quotes, links, images, videos, or any other attachments,

    d. Whether the At-Issue was purportedly written by Mr. Constantinescu or otherwise attributable to a statement made by any other person (e.g. re-Tweet).

    e. Each security, company name, and/or ticker symbol that the At-Issue Post relates to, and

    f. Which count of the Indictment the government alleges the At-Issue Post forms a factual predicate for.

11. Identify the date of Mr. Constantinescu's first social media post on any platform which makes any reference, either directly or indirectly, to each Charged Security.

### D. Particulars Regarding Mr. Constantinescu's Allegedly "False Representations"

12. Multiple times, the Indictment alleges that Mr. Constantinescu made "false representations, pretenses, and material omissions." *See* Paragraphs 92, 99, 101, 106–15. With respect to those allegations, please provide the following particulars:

    a. For every statement made by Mr. Constantinescu that the government contends constitutes a false representation, pretense, and/or material omission, indicate whether the government alleges that the statement was "false," a "pretense," and/or a "material omission,"

    b. For each alleged "false" representation by Mr. Constantinescu:

        i. Identify the source of the government's knowledge, information, or suspicion that the representation was, in fact, "false,"

        ii. Identify the source of the government's knowledge, information, or suspicion that Mr. Constantinescu was aware that the representation was "false."

    c. For each statement by Mr. Constantinescu that the government alleges was a "pretense," identify the source of the government's knowledge, information, or suspicion that the statement was, in fact, a "pretense,"

    d. For each statement that the government alleges contained a "material omission," identify the alleged source of the government's knowledge, information, or suspicion that Mr. Constantinescu was aware that he was making a statement that contained a "material omission."

13. With respect to the government's allegation that Mr. Constantinescu "secretly planned to load shares of DATS with others," as alleged in Paragraph 104, identify:

    a. The source of the government's knowledge, information, or suspicion that Mr. Constantinescu "secretly planned to load shares of DATS with other," and

    b. Who exactly Mr. Constantinescu kept this alleged plan "secret" from.

**E. Particulars Regarding Mr. Constantinescu's Purchase or Sale of Securities**

14. Identify each sale of securities by Mr. Constantinescu that the government alleges was fraudulent or otherwise unlawful.

15. Paragraph 99 alleges that, on or about October 5, 2021, Mr. Constantinescu "sold approximately 2,070,000 shares [of CEI] at an approximate price of $2.609 for an approximate profit of $4,301,439.70 and closed his position." With respect to these allegations, please identify the following particulars:

    a. The precise date(s) and time(s) that Mr. Constantinescu purchased those 2,070,000 shares of CEI,

    b. The precise price that Mr. Constantinescu paid for each of those shares,

    c. The date(s) and time(s) that Mr. Constantinescu sold those shares,

    d. The trading platform(s) that Mr. Constantinescu used to purchase and sell those shares, and

    e. Whether the government's allegation that Mr. Constantinescu committed securities fraud with respect to CEI, as alleged in Count 14, concerns any other trading activity by Mr. Constantinescu in CEI other than that described in Paragraph 99. If so, identify:

        i. Each trade by Mr. Constantinescu in CEI that the government alleges was unlawful.

16. Paragraph 102 alleges that Mr. Constantinescu, along with Mr. Rybarczyk, Mr. Deel, Mr. Hrvatin, Mr. Cooperman, and Mr. Knight "collectively purchased and held approximately 833,054 shares of DATS at an approximate price of $3.729." With respect to these allegations, please identify the following particulars:

    a. The quantity of those 833,054 shares purchased by Mr. Constantinescu from "on or about August 15, 2021 to on or about September 1, 2021,"

    b. The precise date(s) and time(s) that Mr. Constantinescu purchased those shares,

    c. The precise price that Mr. Constantinescu paid for each of those shares between August 15, 2021 to September 1, 2021,

    d. The trading platform(s) that Mr. Constantinescu used to purchase and sell those shares,

    e. The date(s) that Mr. Constantinescu sold those shares, and

    f. Whether the government's allegation that Mr. Constantinescu committed securities fraud with respect to DATS, as alleged in Count 15, concerns any other trading activity by Mr. Constantinescu in DATS other than that described in Paragraphs 102 and 107–08. If so, identify:

        i. Each trade by Mr. Constantinescu in DATS that the government alleges was unlawful.

17. Identify whether the government's allegation that Mr. Constantinescu committed securities fraud with respect to BBI, as alleged in Count 20, concerns any other trading activity by Mr. Constantinescu in BBI other than that described in Paragraphs 111–15. If so, identify:

    a. Each trade by Mr. Constantinescu in BBI that the government alleges was unlawful.

    **F. Particulars Regarding Mr. Constantinescu's Communications**

18. Paragraph 103 alleges that on August 23, 2021, Mr. Constantinescu engaged in private messages with a person identified as "Individual-2." With respect to these allegations, please identify the following particulars:

    a. The legal name and Twitter account name of the individual identified as "Individual-2,"

    b. Whether the excerpt included in Paragraph 103 omits any statements made by "Individual-2" between Mr. Constantinescu's alleged forwarded link ("[forwarding a link to a chat room]") and Mr. Constantinescu's alleged statement: "Keep this to yourself. I'm only inviting people I think are good," and

    c. The full URL address of the alleged forwarded link referenced in Paragraph 103.

19. Paragraph 109 alleges that on November 3, 2021, Mr. Constantinescu "was asked in a Twitter direct message by another Twitter user: 'You holding large on DATS still?' CONSTANTIN responded, 'No lol.'" With respect to these allegations, identify the following particulars, identify the legal name and Twitter account name of the individual referred as "another Twitter user."

**Re: Count One (Conspiracy to Commit Securities Fraud)**

20. With respect to the allegations contained in Paragraphs 116-19, please provide the following particulars:

    **A. Particulars Regarding the Alleged Scheme to Commit Securities Fraud**

21. Identify the "Manner and Means" that Mr. Constantinescu participated in a conspiracy to commit securities fraud, as referenced on Page 36 of the Indictment.

22. Identify each alleged securities transaction by Mr. Constantinescu that the government claims was executed in furtherance of the alleged conspiracy.

23. With respect to each securities transaction, identify the alleged agreement between Mr. Constantinescu and Perry "PJ" Matlock, John Rybarczyk, Gary Deel, Stefan Hrvatin, Tom

Cooperman, Mitchell Hennessey, and Daniel Knight (the "Co-Defendants"), or any other person, to commit securities fraud.

24. Identify each specific communication between Mr. Constantinescu and the Co-Defendants, or any other person, that the government alleges was in furtherance of the conspiracy.

25. For each communication that the government alleges was in furtherance of the conspiracy, identify:

    a. The date or dates on which the communication occurred,

    b. The method of communication used (e.g. verbal (telephone/in-person), text message, social media message), and

    c. Every person (including non-defendants) that participated in, observed, or were in any way otherwise apprised of or aware of the communication.

**B. Particulars Regarding the Alleged Co-Conspirators**

26. Identify the individuals the government alleges Mr. Constantinescu conspired with, including, but not limited to, the Co-Defendants, CC-1, CC-2, and "other individuals, known and unknown." This request includes, but is not limited to, particulars regarding the specific individuals who the government alleges:

    a. "did knowingly, that is, with the intent to advance the conspiracy, combine, conspire, and agree... to commit an offense against the United States, namely securities fraud...," as described in Paragraph 117,

    b. "knowingly, and with the intent to defraud, execute, and attempt to execute, and scheme and artifice (1) to defraud any person in connection with any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l)...," as described in Paragraph 117, and

    c. "knowingly, and with the intent to defraud, execute, and attempt to execute, and scheme and artifice... (2) to obtain, by means of materially false and fraudulent pretenses, representations, promises, and material omissions, any money and property in connection with the purchase and sale of any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l)...," as described in Paragraph 117.

**Re: Counts Two, Fourteen, Fifteen, Eighteen, and Twenty (Securities Fraud)**

27. Identify each securities transaction by Mr. Constantinescu that the government alleges was unlawful under 18 U.S.C. § 1348.

28. Paragraph 121 alleges that Mr. Constantinescu "did knowingly, and with the intent to defraud, execute, and attempt to execute, a scheme and artifice (1) to defraud any person in connection with any security...and (2) to obtain, by means of materially false and fraudulent pretenses, representations, promises, and material omissions, any money and property in connection with the purchase and sale of any security..." with respect to the following securities:

    a. Onconova Therapeutics, Inc. (ONTX)

    b. Camber Energy, Inc. (CEI)

    c. DatChat, Inc. (DATS)

    d. My Size, Inc. (MYSZ)

    e. Brickell Biotech, Inc. (BBI)

29. With respect to the securities fraud charges in Counts Two, Fourteen, Fifteen, Eighteen, and Twenty, please provide the following particulars:

    a. Identify each specific post by Mr. Constantinescu, on Twitter, the Atlas Trading Discord, or any other social media application, that the government alleges constitutes a fraud,

    b. Identify each specific post by Mr. Constantinescu, on Twitter, the Atlas Trading Discord, or any other social media application, that the government alleges constitutes materially false and fraudulent pretenses, representations, promises, and material omissions,

    c. With respect to each specific post by Mr. Constantinescu, identify the platform it was posted on as well as the precise date, time, and content of the post. In addition, identify whether the post was purportedly written by Mr. Constantinescu or otherwise attributable to a statement made by any other person (e.g. re-Tweet), and

    d. Identify the precise amount, character, and nature of the money and property Mr. Constantinescu allegedly obtained by means of materially false and fraudulent pretenses in connection with the purchase and sale of the securities specified in Counts Two, Fourteen, Fifteen, Eighteen, and Twenty.

30. Unlike the descriptions of CEI, DATS, and BBI in its "General Allegations," the Indictment does not include any description of Mr. Constantinescu's activity with respect to two of the securities it alleges provide the predicate for two counts of securities fraud: Onconova Therapeutics, Inc. (ONTX) and My Size, Inc. (MYSZ). With respect to these securities, describe Mr. Constantinescu's trading activity, social media activity, communications, and any other activity related to ONTX and MYSZ that the government alleges was unlawful.

**Re: Count Twenty-One (Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)**

31. With respect to the allegations in Paragraphs 121–26, please provide the following particulars:

    a. To the extent 18 U.S.C § 1957 only applies to property derived from "specified unlawful activity" as that term is defined in 18 U.S.C § 1956,[1] identify the applicable category of "specified unlawful activity" to which the allegations in Count Twenty-One apply, and

    b. Identify every activity by Mr. Constantinescu that the government alleges constitutes "specified unlawful activity" to form the predicate for a charge under 18 U.S.C. § 1957.

Thank you for your anticipated cooperation in this matter.

Sincerely,

Matthew A. Ford
Ford O'Brien Landy, LLP
3700 Ranch Road 620 South, Suite A
Austin, Texas 78738
Telephone: (212) 858-0040
mford@fordobrien.com

*Attorney for Defendant*
*Edward Constantinescu*

---

[1] *See* 18 U.S.C. 1957(f)(3) ("the terms 'specified unlawful activity' and 'proceeds' shall have the meaning given those terms in section 1956 of this title").