UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22-cr-612 |
| | § | |
| CONSTANTINESCU, *et al.* | § | The Honorable Andrew S. Hanen |
| | § | |
| **Defendants.** | § | |

### United States' Opposed Motion for a Scheduling Order

The United States, by and through undersigned counsel, respectfully requests that the Court enter and adopt the proposed scheduling order in this case, which serves the interests of justice. Defendants oppose the motion.

On January 3, 2023, the Court set this case for trial on October 23, 2023 (Doc No. 88). At the March 14, 2023 hearing on several motions, the Court reiterated its expectation that this case proceed to trial on that date and endorsed the entry of a modified scheduling order. To that end, the United States respectfully requests that the Court enter the following deadlines in this case in preparation for the October 23, 2023 trial:

- United States' expert disclosures:  June 5, 2023
- Defendants' expert disclosures:  August 5, 2023
- United States' exhibit and witness list:  August 11, 2023
- Defendants' exhibit and witness list:  August 25, 2023
- Motions in limine:  September 13, 2023
- Responses:  September 22, 2023
- Parties' Proposed Jury instructions and Proposed Voir Dire Questions:  October 6, 2023

1

- Pretrial Conference: October 16, 2023
- Trial: October 23, 2023

Defendants unanimously object to this scheduling order, even though (1) the United States has voluntarily disclosed every single ticker and date range that may be put at issue at trial; (2) did so more than six months before trial; and (3) voluntarily agreed to provide defendants a full catalog of defendants' false and misleading social-media posts for those tickers and date ranges on June 5, 2023. Even more, the United States will agree to produce its trial exhibits approximately 60 days before trial. Such disclosures, along with the Superseding Indictment's vast detail about the allegations in this case, readily arm the Defendants for trial on October 23, 2023.

In spite of the allegations in the Superseding Indictment, the United States' disclosures in this case, and its forthcoming disclosures, Defendants still want more, want it yesterday, but will not commit to the existing trial date.[1] This litigation posture seeks to gut the adversarial process and inject unnecessary delay into this case. Defendants claim ignorance of the false and misleading nature of their own social-media posts, despite the plain allegations in the Superseding Indictment and the United States' representations in Court. Indeed, Defendants can easily put together the evidence on their own. Defendant Rybarczyk was able to assemble a profit calculation in approximately ten days of receiving the United States' March 31, 2023 letter with ticker and date range information. *See* Doc. No. 238 at 7 n.8.

To be sure, the United States in no way wants the Defendants to guess about the nature of the charges against them, and there is no need to do so. If Defendants genuinely engage with the evidence that was produced months ago, the pattern of their alleged misconduct, as alleged in the

---

[1] In opposing this motion, Defendants Rybarczyk, Cooperman, and Hrvatin separately indicated potential, future opposition to the current trial date.

Superseding Indictment, is stark and repeated. The false and misleading statements of Defendants are so numerous that the United States could fill volumes cataloging each one and explaining the theory of falsity as to each. But the Defendants do not need to guess, despite their specious protestations to the contrary. *See, e.g.* Doc. No. 219 (claiming lack of fair notice about how Defendant Constantin's statements are false and misleading but ignoring the Superseding Indictment's allegations about how Defendant Constantin repeatedly posted positive information about tickers immediately before selling his shares, (SI ¶¶ 99, 107(i), 114, 115).

Put simply, the Superseding Indictment tells Defendants what to look for, *see, e.g.*, SI ¶ 13, and the March 31, 2023 disclosure tells them exactly where to look. With more than six months before trial, there is no excuse for doing just that. Indeed, Defendant Rybarczyk started to do so and produced results in ten days.

The entry of the proposed scheduling order is therefore necessary to maintain the current trial in this case and ensure that all parties work towards that end. Without the entry of the scheduling order, the Defendants, as already alluded to in objecting to this motion, will likely seek to take advantage of the United States' voluntary and advanced productions, make no reciprocal productions of their own, and then seek to move trial in this case after the United States has made its further disclosures. Such gamesmanship is inconsistent with the adversarial process and contrary to the ends of justice.

The United States therefore respectfully requests that the Court adopt the proposed scheduling order and maintain the current trial setting, which serves the interests of justice. A proposed order is attached.

Dated: April 11, 2023                                   Respectfully submitted,

                                            GLENN S. LEON
                                            Chief, Fraud Section
                                            Criminal Division, Department of Justice

By:    */s/ Scott Armstrong*
         Scott Armstrong, Assistant Chief
         John J. Liolos, Trial Attorney
         Fraud Section, Criminal Division
         United States Department of Justice
         1400 New York Ave. NW
         Washington, DC 20005
         Tel.: (202) 768-2246


         ALAMDAR S. HAMDANI
         United States Attorney
         Southern District of Texas

By:    */s/ Thomas Carter*
         Thomas H. Carter
         Assistant United States Attorney
         State Bar No.: TX24048387
         1000 Louisiana Street, 25th Floor
         Houston, Texas 77002
         Tel.: (713) 567-9470

**CERTIFICATE OF CONFERENCE AND SERVICE**

I hereby certify that on April 11, 2023, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

I hereby certify that undersigned counsel conferred with counsel for defendants about this motion. Defendants oppose.

*/s/ Scott Armstrong*
Scott Armstrong
U.S. Department of Justice
Criminal Division, Fraud Section