# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| EDWARDS CONSTANTINESCU, PERRY "PJ" MATLOCK, JOHN RYBARCZYK, GARY DEEL, STEFAN HRVATIN, TOM COOPERMAN, and MITCHELL HENNESSEY, | § § § § § § § § § | |
| *Defendants*. | § | |

## PERRY "PJ" MATLOCK'S, GARY DEEL'S, AND MITCHELL HENNESSEY'S RESPONSE TO GOVERNMENT'S MOTION FOR A SCHEDULING ORDER

Messrs. Matlock, Deel, and Hennessey respectfully file this response to the government's motion for a scheduling order to clarify their objection. These defendants do not object to the dates in the scheduling order,[1] but as they advised the government, they:

(1) object to the government using an "expert disclosure" to provide notice of what statements are allegedly false and the calculations underlying the $114 million allegation; and

(2) request that the scheduling order include a due date of June 5, 2023 for all disclosures required by *Brady*, *Giglio*, and 18 U.S.C. § 3500.

The government maintains that it will not disclose "the approximate profit and loss figures for each Defendant as to each of those stocks in each of those specified time periods [listed in its March 31, 2023 disclosure], and particular false or misleading statements occurring with respect to each of those stocks in each of the specified time periods" until June 5, 2023, nearly eight weeks

---

[1] Mr. Hennessey has asserted and maintains his right to a speedy trial and does not waive that right by agreeing to the scheduling order. *See* ECF 124; ECF 209.

from now. *See* ECF 234 at 4; ECF 240 at 2. The government's delay is puzzling because the government presented this case to the grand jury in December 2022, and at that time, the indictment alleged a $114 million securities fraud conspiracy. *See* ECF 1 at 2, 35–36. That was more than four months ago. The government presented the superseding indictment, which contained the same $114 million allegation, to the grand jury on February 8, 2023, just over two months ago. *See* ECF 134 at 1. The government's presentations to the grand jury should have included evidence supporting the essential elements of the offense, including the "particular false or misleading statements" and "the approximate profit and loss figures for each Defendant" for each allegedly fraudulent stock transaction. Presumably, then, the government has had this information for more than four months, yet steadfastly refuses to provide it to the defendants until two months from now, which will be just four months before trial. *See* ECF 240; ECF 234.

The government provides no explanation for why it plans to continue withholding this information for a full six months past indictment and produce it just four months before the scheduled trial date in October 2023. While the defendants have reviewed and will continue to review the discovery, such efforts are undoubtedly far less efficient than they would be if the government would simply identify the essential facts of the charged offenses. The government's approach is particularly problematic here because each of the eight defendants typically posted multiple times a day, on multiple platforms, over the span of two and a-half years. Further, the government has alleged that there are unindicted co-conspirators, but the government refuses to identify those individuals. Thus, there are tens of thousands, and potentially hundreds of thousands, of posts the defendants must review just to try to identify what posts the government may claim at trial were false.

Messrs. Matlock, Deel, and Hennessey do not object to the dates in the government's proposed scheduling order, but respectfully request that the government be required to produce:

(1) the underlying factual allegations immediately; and

(2) all disclosures required by *Brady*, *Giglio*, and 18 U.S.C. § 3500 by June 5, 2023.

Respectfully submitted,

JACKSON WALKER LLP

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

Luis Alejandro Reyes
lreyes@ashcroftlawfirm.com
Johnny Keane Sutton
jsutton@ashcroftlawfirm.com
Ashcroft Law Firm
919 Congress Ave, Suite 1500
Austin, TX 78701
512-370-1800

William M. Stradley
1545 Heights Blvd., Suite 200
Houston, TX 77008
713-725-8743
Fax: 7135204395
bill@stradleylaw.com

**ATTORNEYS FOR DEFENDANT
PERRY "PJ" MATLOCK**

Neal Andrew Davis
Attorney At Law
1545 Heights Blvd.
Houston, TX 77008
713-227-4444
Fax: 800-760-7140
neal@nealdavislaw.com

Zachary Brown Fertitta
Zachary B. Fertitta P.C.
902 Heights Blvd.
Houston, TX 77008
832-723-9900
zach@fertittalaw.net

**ATTORNEYS FOR DEFENDANT
GARY DEEL**

3

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for the government about the relief requested herein on April 10, 2023. The government is opposed to the requested relief.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova