UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

**United States' Response in Opposition to Defendant Constantinescu's Motion to Compel**

The Court should easily deny Defendant's Motion to Compel (ECF No. 286), because Defendant asks the Court to compel the production of documents that are not in the United States' possession, custody, or control. Put simply, Defendant seeks what the United States doesn't have. Defendant would have learned this had counsel conferred with the United States prior to filing the Motion. The United States has already produced Defendants' brokerage records within the United States' possession. The Court should deny the Motion.

**I.      Legal Standard**

As numerous courts have made clear, "the *Brady* obligations of the prosecutors extend only to materials within the prosecutors' possession, custody or control . . . ."[1] *United States v. Blaszczak*, 308 F. Supp. 3d 736, 742 (S.D.N.Y. 2018); *see also United States v. Portillo*, 969 F.3d 144, 183 (5th Cir. 2020) ("[Defendant's] *Brady* claim fails because he has not demonstrated that the prosecution team had access to [the relevant] records—a necessary prerequisite for the claim to succeed." (internal quotations and citation omitted)); *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009) ("[T]he defendant must also show that the favorable evidence was in the

---

[1] In responding to Defendant's Motion, the United States does not agree or concede that the materials sought do constitute *Brady* material.

possession or control of the government."); *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("The prosecution is under no obligation to turn over materials not under its control.").

## II. The Court should deny the Motion because Defendant seeks documents not in the United States possession, custody, or control.

Defendant requests that the United States produce documents that are not in its possession, custody or control. Had Defendant conferred with the United States on the Motion, the United States would have confirmed that point. The Motion can therefore be denied in the ordinary course.

The United States has already produced to Defendants the trading records in its possession relevant to the United States' allegations in this case. Ironically, Defendant's own filing demonstrates the defense has greater access to the sought information at this point, given that Defendant "personally downloaded" the document cited in his Motion. (Br. at 286.)

Further, not only does the information sought not appear to be *Brady* material, much of the information—including that cited by Defendant in his Motion—is utterly irrelevant to the allegations at issue for trial. Defendants' repeated discussions of irrelevant material in this filing and others raise concerns that merit the Court's attention. Simply put: Defendants' trading not alleged to be fraudulent is irrelevant to this case.

The at-issue trading episodes are those in the United States' June 15, 2023 disclosure, which generally incorporated with slight modification those referenced in the March 31, 2023 disclosure. Defendants' trading outside those identified tickers and time periods simply has no relevance for trial and would serve only to confuse the issues and attempt impermissibly to invite jury nullification. *See, e.g.*, Fed. R. Evid. 401, 403. The United States' anticipates filing a motion *in limine* to bar evidence of Defendants' trading outside of the at-issue episodes.

For example, the sole ticker Defendant raised in his Motion is WISH, a ticker not included in the Superseding Indictment or among the at-issue trading episodes intrinsic to this scheme and

conspiracy. (*See* Br. at 5.) To the extent Defendant's hyperbole about a "bloody glove" has any merit, it is only to underscore how Defendant seeks to litigate a case that has not been charged. WISH is not a security that the United States will put at issue at trial and is irrelevant to the issues at hand.

Evidence outside of the at-issue episodes amounts to classic "other good conduct" evidence that has no place in this case or before this jury. *See, e.g.*, Fed. R. Evid. 404; *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012) ("Evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment."); *United States v. Whitfield*, 590 F.2d 325, 361 (5th Cir. 2009) ("We have held that evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." (internal quotations and citation omitted)). The fact that Defendants lost or made money trading in some other stock like WISH—or in an at-issue ticker trading outside an at-issue time frame—is irrelevant to what Defendants did during the at-issue executions of the charged scheme. *See, e.g.*, *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) ("The district judge correctly refused to admit the evidence on this basis because evidence that [defendant] engaged in certain legal trades is generally irrelevant to the issue of whether he knew of other illegal trades.").

## Conclusion

The Court should deny Defendant's Motion because it seeks to compel the production of documents that are not in the United States' possession, custody, and control.

Dated: June 16, 2023                           Respectfully submitted,

                                                GLENN S. LEON
                                                Chief, Fraud Section
                                                Criminal Division, Department of Justice

By:    */s/ John J. Liolos*
          Scott Armstrong, Assistant Chief
          John J. Liolos, Trial Attorney
          Fraud Section, Criminal Division
          United States Department of Justice
          1400 New York Ave. NW
          Washington, DC 20005
          Tel.: (202) 768-2246


                                                ALAMDAR S. HAMDANI
                                                United States Attorney
                                                Southern District of Texas

By:    */s/ Thomas Carter*
          Thomas H. Carter
          Assistant United States Attorney
          State Bar No.: TX24048387
          1000 Louisiana Street, 25th Floor
          Houston, Texas 77002
          Tel.: (713) 567-9470

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF. system, which will provide copies to counsel for all parties.

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section