UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

### United States' Notice of Intent to Admit Evidence Under Rule 404(b)

The United States, by and through undersigned counsel, notices its intent to offer at trial evidence of Defendants' other crimes, wrongs, or acts under two legal bases: (1) the evidence is intrinsic to, or inextricably intertwined with, the charged fraudulent scheme and conspiracy or, in the alternative, (2) constitutes evidence admissible under Federal Rule of Evidence 404(b).

The noticed evidence involves Defendants' conduct underlying the tickers and time periods, including the noticed false statements, that the United States produced to Defendants on June 15, 2023 (collectively, "Episodes"). The United States produced the Episodes more than four months before trial to ensure that this case maintains its current trial setting of October 23, 2023. The United States previously provided notice to Defendants of its intent to use such evidence in this way on March 31, 2023. (*See* ECF No. 234, Exs. 1–2.)

The United States respectfully submits this Notice of intent to introduce at trial evidence regarding Episodes as intrinsic to, or inextricably intertwined with, the charged scheme and conspiracy or, in the alternative, otherwise admissible under Rule 404(b).

### I. Legal Standard

"Before getting to the Rule 404(b) inquiry, it is important to examine whether th[e] evidence is even extrinsic, because intrinsic evidence is generally admissible, and its admission is

not subject to Rule 404(b)." *United States v. Anderson*, 558 Fed. App'x 454, 463 (5th Cir. 2014) (internal quotations and citation omitted). "Evidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)," but rather is intrinsic evidence. *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991). Evidence may also be intrinsic "when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005) ("The uncharged offense arose out of the same series of transactions, because the funds were co-mingled and used to make lulling payments to investors from both schemes.") (internal quotations and citation omitted).

Even where evidence is extrinsic, Rule 404(b) permits its introduction for purposes of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

> **II.  Evidence of the Episodes is intrinsic and inextricably intertwined with the charged offenses or, in the alternative, otherwise admissible under Rule 404(b).**

Each of the Episodes occurred during the charged conspiracy period and constitutes conduct and transactions that parallel the charged conduct: pumping and dumping securities via false statements disseminated on Atlas Trading Discord, Twitter, or both. Thus, evidence of the Episodes is intrinsic to, and inextricably intertwined with, the charged scheme and conspiracy. *See, e.g.*, *Freeman*, 434 F.3d at 374.

In the alternative, the evidence is also admissible under Rule 404(b) as evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The United States anticipates introducing evidence of the Episodes through various means, including Defendants' trading and social media records, private text and direct message

conversations, audio recordings, and witness testimony of percipient witnesses and co-conspirators. Such evidence of the Episodes tends to both prove the United States' case-in-chief for the above-stated reason and rebut anticipated defenses that Defendants have already cited in their pre-trial briefs.

## Conclusion

The United States provides formal notice of its intent to introduce evidence of Defendants' other crimes, wrongs, or acts that are (1) intrinsic to, or inextricably intertwined with, the charged scheme and conspiracy or, in the alternative, (2) admissible under Rule 404(b).

Dated: July 5, 2023

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division, Department of Justice

By:    /s/ John J. Liolos
      Scott Armstrong, Assistant Chief
      John J. Liolos, Trial Attorney
      Fraud Section, Criminal Division
      United States Department of Justice
      1400 New York Ave. NW
      Washington, DC 20005
      Tel.: (202) 768-2246

                ALAMDAR S. HAMDANI
                United States Attorney
                Southern District of Texas

By:   */s/ Thomas Carter*
       Thomas H. Carter
       Assistant United States Attorney
       State Bar No.: TX24048387
       1000 Louisiana Street, 25th Floor
       Houston, Texas 77002
       Tel.: (713) 567-9470

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 5, 2023, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                                 */s/ John J. Liolos*
                                 John J. Liolos, Trial Attorney
                                 U.S. Department of Justice
                                 Criminal Division, Fraud Section