**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU,** *et al.* | § | **The Honorable Andrew S. Hanen** |
| | § | |
| **Defendants.** | § | |

### United States' Response to Defendants' Joint Motion for a Continuance

The United States, by and through its undersigned counsel, respectfully responds to the Defendants' Joint Motion for a Continuance (Dkt. No. 323; "Mot."). Defendants' request to continue this case from its October 23, 2023 setting runs contrary to judicial economy and the public's interest in a speedy trial on the merits. The United States respectfully requests a prompt resolution of this Motion due to the forthcoming exhibit deadline on August 11, 2023.

### I.   BACKGROUND

Since the Court entered the Amended Scheduling Order (Dkt. No. 254), the United States has gone above and beyond its discovery obligations to maintain the October 23, 2023 trial date in this case. A continuance is unwarranted.

On June 15, 2023, the United States provided an expert report to Defendants that laid out in assiduous detail the potential at-issue trades, alleged false public statements, and profit detail for each trading episode.[1] It is wrong to suggest that Defendants were "just recently" made aware of this information. Mot. at 2. As the Court knows, the United States provided to Defendants on March 31, 2023 the list of tickers and date ranges that may be at issue at trial. *Cf. id.* at 7 (claiming

---

[1] An episode is referred to herein as a an at-issue security and time period. *See* Ex. 1 (discussed *infra*).

the United States "finally" revealed its episodes but continuing to ignore the March 31, 2023

disclosure).

The June 15, 2023 disclosure built out the March 31, 2023 disclosure and added even more

detail, again more than four months before trial. For each episode, the United States provided

spreadsheets that aggregated, among other information, the relevant trading and social-media

information across all Defendants, as well as separate spreadsheets detailing each individual

Defendant's activity.[2]

As an example, the United States appends to this response the Defendants' trading activity

for ABVC, which is charged in Count 13 of the Superseding Indictment. *See* Ex. 1.  Each episode

in the June 15, 2023 disclosure has a cover sheet similar to that on page 1 of Exhibit 1 that details

for the at-issue time period in which a Defendant (1) purchased shares of the security; (2) posted

information about that security on social media; or (3) profited from trading that security.  As to

each episode, the United States also provided a separate spreadsheet for each relevant Defendant

that aggregated (1) social-media posts that reference the at-issue security; (2) the trading activity

for that security; and (3) the alleged false statements.

Given this disclosure, it defies common sense, and the record, for Defendants to continue

claiming they cannot understand the at-issue conduct.  Doc. No. 323 at 6.  Each at-issue episode

neatly and succinctly packages the relevant trading and social-media activity. To the extent the

Defendants desire further investigation, the United States has shown Defendants where to look,

what to look for, and provided at least four months before trial to do so.

---

[2] Note that, with the discovery previously produced and the United States March 31, 2023 disclosures, the
Defendants could have prepared (and perhaps did in some fashion) these same documents in the intervening months.

As shown in Exhibit 1, Defendant Rybarczyk's at-issue conduct for ABVC (Count 13) is summarized in four pages.  Defendant Rybarczyk purchased shares of ABVC on August 10, 2021, Ex. 1 at 2, and then dumped all of those shares between 9:35 a.m. and 12:25 p.m., Ex. 1 at 4-5.  In the midst of dumping his shares, he falsely  claimed, among other things, that he was *not* selling shares.  *See* Ex. 1 at 4-5, Lines 194 & 249 ("full position in tact" & "holding 300k full").  It's that simple.

The detail in Exhibit 1 is replicated across every trading episode identified on June 15, 2023.  The United States worked hard to provide organized detail—far more than that required by law—four months before trial for the sole purpose of maintaining the October 23, 2023 trial date.

Since the entry of the Amended Scheduling Order, the United States has also met with its potential trial witnesses and made a good-faith production of witness statements by the Court's July 7, 2023 deadline.[3]  As trial preparation continues, the United States will continue to produce additional reports of interview as necessary to comply with its discovery obligations.  Nonetheless, the United States does not anticipate at this point calling fact witnesses beyond those disclosed by July 7, 2023. That considerable effort, too, was expended to maintain the October 23, 2023 trial date.

More than four months before trial, the United States has provided to Defendants extensive detail about its case.  The United States met and surpassed its discovery obligations to ensure this case goes forward on October 23, 2023.  Even more, the United States is on track to provide its trial exhibits to Defendants on August 11, a full two months before trial and in advance of this Court's ordinary practice of requiring exhibits to be marked "prior to final pretrial" conference,

---

[3] As a technical matter, a FBI FD-302 is not a "witness statement" of the potential fact witness, but the United States did not split hairs on this issue and sought to produce as complete a record as possible.

which is scheduled for October 16, 2023.  *See* J. Hanen, Criminal Procedures, Rule 8(A); ECF No. 254.  Defendants cannot legitimately claim prejudice given this accelerated disclosure schedule.

## II.    ARGUMENT

No legitimate basis exists to move the October 23, 2023 trial date.  Indeed, doing so would run contrary to judicial economy and the interest of justice. *See* 18 U.S.C. § 3161(h)(7)(A).

Defendants are seemingly taking the untenable position that the United States' disclosures are so detailed that they require moving this case at least six months.  The disclosure was detailed expressly because the Court expected as much to maintain the current trial setting.  The United States delivered on time the "A+ work" the Court requested. To feign surprise of the details at this juncture ignores both the previous productions in this case and the record. And in reality, the at-issue episodes—limited by time and ticker—distill the vast majority of the trading and social media records in this case to a very manageable set of relevant information.

To the extent Defendants seek to spend "hundreds" of hours to review the United States' expert disclosure, such is their prerogative.  Indeed, the United States respectfully submits that such time would not be well spent given the stark conduct highlighted in Exhibit 1.  Nonetheless, if Defendants seek to spend their time and resources in that manner, they are well equipped to do so.  Defendants are obviously working together in this case, and collectively 20 attorneys have entered appearances on behalf of Defendants.  The number of attorneys in this case does not count the presumably others working behind the scenes.  Put simply, the Defendants are well equipped to defend the charged case on its current schedule if they choose to do so.

Continuing this case would also run contrary to judicial economy and the public interest. Delaying this case – and not focusing on the relevant issues – would only invite more time to litigate tangential issues, such as successive purported "*Brady*" motions, (ECF Nos. 286, 322), or the status of ankle monitors, (ECF Nos. 160, 187, 321), or motions to travel (ECF No. 203, 260, 273, 277), or to sell property (ECF No. 276).

Continuing this case would also deprive the public of a fair and timely resolution of this case. Indeed, it is facially unreasonable, *cf.* Mot. at 7, to continue this case at least six months given the Amended Scheduling Order and the United States' full compliance to date. Further, as the Court is aware and the Motion makes clear, even the Defendants do not all agree—Defendant Hennessey sought to proceed to trial post haste and appears to maintain that position. The Court already acknowledged balancing the voluminous discovery in this case (the bulk of which the defense has had since January) with Defendant Hennessey's interest prior to fashioning the current Amended Scheduling Order. Those interests—plus the United States' significant work in meeting every deadline so the Defendants are in a position to prepare a defense and have no legitimate reason for a continuance—should compel the maintenance of the current trial date.

To the extent the Defendants continue to argue about the "complexity" of the case, Mot. at 8, that complexity is addressed by the Amended Scheduling Order and the United States' full compliance therewith. At bottom, however, the case can be distilled to a simple fraud "[w]hen you say one thing and do another . . . ." Apr. 12, 2023 Hr'g Tr. ("Tr.") at 23:22–24. Four months from trial, the United States has now teed up for Defendants exactly what they allegedly said and did.

III.    **CONCLUSION**

No legitimate reason exists to move trial from October 23, 2023. The public, too, has a

right to a speedy trial in the interests of justice. *See* 18 U.S.C. § 3161(h)(7)(A).


Dated: July 10, 2023                                    Respectfully submitted,


                                                        GLENN S. LEON
                                                        Chief, Fraud Section
                                                        Criminal Division, Department of Justice

                                        By:     */s/ Scott Armstrong*
                                                        Scott Armstrong, Assistant Chief
                                                        John J. Liolos, Trial Attorney
                                                        Fraud Section, Criminal Division
                                                        United States Department of Justice
                                                        1400 New York Ave. NW
                                                        Washington, DC 20005
                                                        Tel.: (202) 768-2246


                                                        ALAMDAR S. HAMDANI
                                                        United States Attorney
                                                        Southern District of Texas

                                        By:     */s/ Thomas Carter*
                                                        Thomas H. Carter
                                                        Assistant United States Attorney
                                                        State Bar No.: TX24048387
                                                        1000 Louisiana Street, 25th Floor
                                                        Houston, Texas 77002
                                                        Tel.: (713) 567-9470

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2023, I will cause the foregoing brief to be electronically

filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel

for all parties.


*/s/ Scott Armstrong*
Scott Armstrong, Assistant Chief
U.S. Department of Justice
Criminal Division, Fraud Section