IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

### NOTICE OF MITCHELL HENNESSEY'S
### POSITION REGARDING MOTION FOR CONTINUANCE

Defendant Mitchell Hennessey has steadfastly maintained his innocence and continues to assert his right to a speedy trial. Other defendants ("Moving Defendants") have now moved for a second continuance of the trial setting, citing the government's delayed identification of the allegations in this case, voluminous expert reports, ongoing production of discovery, and refusal to produce known *Brady* material. *See* ECF 322, 323. While Mr. Hennessey does not oppose the Court granting Moving Defendants a continuance, Mr. Hennessey respectfully requests that the Court maintain its current October 2023 trial setting as to Mr. Hennessey.

### I.   BACKGROUND

Mr. Hennessey was arrested seven months ago on December 13, 2022. *See* ECF 75. On December 28, 2022, before Mr. Hennessey appeared in the Southern District of Texas, four of Mr. Hennessey's co-defendants had already filed a motion requesting an open-ended continuance and for the case to be certified as complex. ECF 72. The government opposed the request for an open-ended continuance, arguing that a trial date should be set in June 2023. ECF 76. On January 3, 2023, the Court granted the motion to certify the case as complex, ECF 87, and issued a scheduling order setting the trial for October 23, 2023. ECF 88. On January 27, 2023, Mr. Hennessey filed his Motion for a Speedy Trial. ECF 124. The Court denied Mr. Hennessey's Motion on March 14,

2023, noting that the "*current trial schedule*"—i.e., October 23, 2023—balanced the complexity of the case with Mr. Hennessey's interest in a speedy trial. ECF 209 at 1 (emphasis added); *see also* Transcript of Motions Proceedings on April 12, 2023 at 52:8–14 ("April 12 Hearing Transcript") (noting that the current October 2023 setting remains, in part, to recognize Mr. Hennessey's speedy trial right).

On July 10, 2023, Mr. Rybarczyk, joined by Messrs. Constantinescu, Matlock, Deel, Hrvatin, and Cooperman, filed a joint motion for a continuance of at least 180 days. ECF 323.

## II.   ARGUMENT

The Court should maintain the October 2023 trial setting for Mr. Hennessey for two reasons. *First*, the government's delay in providing defendants with discovery should not deprive Mr. Hennessey of his right to a speedy trial. *And second*, although the case against Moving Defendants may be complex, the case against Mr. Hennessey is not.

*First*, the government's delay of more than six months before identifying the supposedly false statements that form the basis of the allegations in this case and its production of voluminous (and in many instances, duplicative) discovery is not a proper basis to deprive Mr. Hennessey of his rights under the Speedy Trial Act and the Sixth Amendment to the United States Constitution.

Despite repeated requests from Mr. Hennessey's counsel, the government did not produce *any* discovery until January 5, 2023, more than three weeks after Mr. Hennessey was arrested. The government has consistently slow-rolled its production in this case—despite the Court's admonition to the government to be forthcoming (*see* March 14, 2023 Hearing Transcript at 17:13–19)—and has failed entirely to produce known *Brady* material. *See* ECF 286, Defendant Edward Constantinescu's Motion to Compel Disclosure of *Brady* Material (concerning 1099-Bs); *see also* ECF 322, Defendant Edward Constantinescu's Second Motion to Compel Disclosure of *Brady* Material (concerning SEC investigation of meme stocks). In fact, the government adamantly

refused to identify the defendants' supposedly false social media posts—the crux of the government's novel prosecution—until June 15, 2023, more than six months after Mr. Hennessey was arrested. *See* ECF 293, United States' Response to Defendants' Joint Motion to Compel at 2. Mr. Hennessey should not be punished for the government's refusal to provide timely disclosures and discovery in this case.

Notwithstanding the government's inexcusable delay in identifying the allegations and producing discovery, Mr. Hennessey and his counsel have worked diligently to be trial-ready in October. The charges and evidence against each defendant in this case are different, as are the trial schedules and other circumstances of counsel for each defendant. While Mr. Hennessey does not dispute that other defendants and their counsel may need more time to prepare for trial given their unique circumstances, Mr. Hennessey and his counsel do not need more time, and forcing Mr. Hennessey to wait even longer for his day in court would serve a manifest injustice.

A continuance of trial would prejudice Mr. Hennessey by once again delaying his right to publicly address the unfounded charges against him and by requiring him to continue living under a cloud of anxiety and suspicion. *See Barker v. Wingo*, 407 U.S. 514, 533 (1972). Mr. Hennessey is innocent. He is entitled to a speedy trial under the Speedy Trial Act and United States Constitution, and he should not have to wait to clear his name of these charges any longer.

If the Court is inclined to grant Moving Defendants request for a continuance, it should not do so for Mr. Hennessey. Rather, it should permit Mr. Hennessey to proceed to trial in October 2023 (independently if need be).

*Second*, the Court should not continue Mr. Hennessey's trial under 18 U.S.C. § 3161(h)(7)(B)(ii) because the case *against him* is not complex. The case against Mr. Hennessey

is both small and weak. Even the government's own expert disclosures demonstrate how small the case is against Mr. Hennessey. According to the government's expert, Mr. Hennessey allegedly:

- made only **$1,938,072** of the **$121,474,499** (1.6%) of supposed profits;
- posted a mere **72** of the **2,048** (3.5%) allegedly false social media posts; and
- traded in just **88** of the **397** (22%) "episodes" analyzed by the government's expert.

Additionally, several of the 72 posts the government attributes to Mr. Hennessey are duplicative (i.e., the same message posted in Discord and Twitter is counted twice). And Mr. Hennessey's statements that the government asserts are somehow criminal include things like: "i added YVR"; "i took AREC"; "i like that cscw"; "i still thin ntec can see 10"; "added wwr"—statements of objective fact ("i added YVR") that can quickly be proven true at trial, or constitutionally protected opinion ("i like that cscw"). None of these statements can constitute securities fraud as alleged.

In addition to involving only a small number of posts and trades, the case against Mr. Hennessey is not complex. As set forth in Mr. Hennessey's motion to dismiss, the government's entire case hinges on a theory of falsity that the Supreme Court has already rejected. And as the government's response to Mr. Hennessey's motion to dismiss made clear, the government has not alleged, nor can it prove, that Mr. Hennessey acted with criminal intent. Each time the government has sought to address the element of intent, it has pointed to statements made by others, *not* Mr. Hennessey. *See* ECF 296 at 24. For example, the quotation that has garnered so much attention in this case—Daniel Knight's statement that "We're robbing f*cking idiots of their money" (ECF 134 at ¶ 49)—was taken from a surreptitiously recorded conversation that had absolutely *nothing* to do with Mr. Hennessey. Mr. Hennessey was not part of that conversation, and the fact that the government is relying on that conversation to somehow prove *Mr. Hennessey's* intent demonstrates how weak its case against him is.

In short, to the extent the Court allows any of this case to proceed to trial, Mr. Hennessey is ready and eager to go to trial in October. The government's purported case against Mr. Hennessey is significantly different, and far narrower, than what the government claims is the case against some of the Moving Defendants. The case against Mr. Hennessey is discreet, and a trial of Mr. Hennessey alone would likely take merely days, rather than the weeks or months that a trial of all defendants may take. Accordingly, even if a continuance is appropriate under § 3161(h)(7)(B)(ii) for Moving Defendants, it is not for Mr. Hennessey.

### III.   CONCLUSION

Mr. Hennessey is entitled under the Sixth Amendment to the United States Constitution and 18 U.S.C. § 3161 to a speedy trial where he may publicly address the charges that have been pending against him for seven months now. The government's delay in identifying the allegations and producing discovery does not change that. Further, the case against Mr. Hennessey is not complex, and Mr. Hennessey will be ready to proceed in October 2023. Therefore, the Court should enforce Mr. Hennessey's speedy trial right and permit him to proceed to trial in October 2023, even if it grants a continuance as to Moving Defendants.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 11, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

                                            */s/ Laura M. Kidd Cordova*
                                            Laura M. Kidd Cordova