UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. 4:22-cr-00612-3 |
| § | |
| JOHN RYBARCZYK § | |

**RYBARCZYK'S REPLY IN FURTHER SUPPORT OF HIS RENEWED MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant, John Rybarczyk ("Rybarczyk"), replies to the "Government's Response in Opposition to Defendant Rybarczyk's Renewed Motion to Modify Bond Conditions" (ECF No. 334), in support of his request to remove his GPS ankle monitor as follows:

## INTRODUCTION

The Government does not dispute that: 1) Rybarczyk has scrupulously followed every condition of his release since his December 2022 arrest, dutifully following this Court's directives at every turn; 2) there is no difference between Rybarczyk and Daniel Knight, a convicted co-defendant who the government consented to have the GPS monitor removed (ECF No. 309), and in fact, Knight is more of a flight risk as he's admitted his guilt and awaiting sentencing and likely incarceration; and 3) there are alternatives to replace the clanky and noisy GPS ankle monitor—such as a GPS watch—should this Court deem monitoring to still be required. Put simply, the Government's opposition contains no actual argument as to why a GPS monitor is the "least restrictive further condition" that could "reasonably assure [Rybarczyk's] appearance" at trial (*see* 18 USC Section 3142(c)(1)(B)), and instead makes three meritless points.

1

## ARGUMENT AND AUTHORITIES

*First*, the Government deems Rybarczyk's motion to be "untimely" because his child has not yet been born. Of course, it is not untimely—the birth of Rybarczyk's child was but one of the multiple reasons meriting the removal of the GPS monitor. Regardless, the Government's argument makes little sense given that there is no dispute either that the GPS loudly beeps and emits a computerized voice shouting "battery charged" *or* that his wife will soon give birth. Instead, the Government contends that the motion is premature because it seeks to "shield a baby that is not yet present to register complaints and whose sleep patterns may be wholly unaffected by the monitoring system." But that argument misses the point. As the motion makes clear, Rybarczyk sought removal of the GPS to benefit both *his* wife ("wake up the new mother") and "their slumbering baby." Rybarczyk's wife is currently "present," and the GPS monitor wakes her up. While barely tolerable without a newborn, it will be intolerable once the newborn arrives. Even crediting the Government's argument—which this Court should not do—focusing solely on the newborn ignores the multiple family members—present and not present—discussed in Rybarczyk's motion.[1]

*Next*, relying solely on the fact that "two of Defendant Rybarczyk's co-defendants have pled guilty and are assisting the United States in its prosecution," the government contends that the case against Rybarczyk has "strengthened since his arrest." Not so. The Government has provided to the defense the proffer reports for these two witnesses and both co-defendants are highly exculpatory towards Rybarczyk. One barely mentioned Rybarczyk, conceding that he had

---

[1] It should be noted that despite the prosecution's stated objection to "shield[ing] a baby not yet present," since the 2004 passage of the "Unborn Victims of Violence Act" (Pub L. 108-212) federal law criminalizes harm to the unborn from resulting from the commission of many specified crimes. *See* 18 U.S.C. § 1841, "Protecting Unborn Children," (incorporating 64 other federal crimes); 10 U.S.C. § 919a, "Death or Injury of an Unborn Child" (incorporating 8 other articles of the UCMJ). Similarly, 18 U.S.C. § 3596(b) prohibits the imposition of a death sentence upon a pregnant woman, codifying a reprieve available for centuries at common law.

never met him, communicated with him only over Discord, confirmed he was not in a conspiracy with Rybarczyk, and that Rybarczyk "did not have the ability to post" stock tips "in the Atlas room." The other co-defendant told the Government that Atlas and "Sapphire Trading" (Rybarczyk's group) were competitors, that he did not know if any of the Atlas traders actually gave any "calls" to Rybarczyk, and that he did *not* have a conversation with Rybarczyk (or anyone else) "about how what they were doing was wrong." Neither co-defendant identifies Rybarczyk as committing *any* illegal act. Instead, they write him out of the conspiracy all together.

*Finally*, it is unclear what the Government's motion says about pretrial services. Pretrial services told Rybarczyk that it did not oppose the removal of the GPS. While the government concedes this is "technically correct," it tries to now say that Pretrial took "no position" on this request, claiming that Pretrial "as in all such requests" is "neither opposed or unopposed, instead deferring to the wisdom of the Court as a neutral party." But that is unavailing. The operative statute compels pretrial services to make recommendations to the Court about the conditions of a person's pretrial release. *See* 18 USC Section 3154(1) (pretrial services "shall … if release is recommended, recommend appropriate conditions of release") (6) (pretrial services "shall … recommend appropriate modifications of release conditions."). This Court, as well as others, look to Pretrial Services— the agency monitoring Rybarczyk and which deems him to be "in compliance"—to make recommendations concerning the conditions of Rybarczyk's release. Here, at least initially, Pretrial Services did not oppose the removal of the GPS.

## CONCLUSION

For all the above-noted reasons, Defendant, JOHN RYBARCZYK, requests that this motion be granted and his conditions of release be amended to remove the GPS ankle monitor.

Respectfully submitted,

**HILDER & ASSOCIATES, P.C.**

/S/ *Q. Tate Williams*
Q. Tate Williams
Texas Bar No.: 24013760
Philip H. Hilder
Texas Bar No. 09620050
Stephanie K. McGuire
Texas Bar No. 11100520
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

Eric Samuel Rosen
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 802-9157
erosen@dynamisllp.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2023 a true and correct copy of the above and foregoing was served on all counsel of record via ECF, certified mail, return receipt requested, facsimile, electronically, or hand delivery.

/s/ *Q. Tate Williams*
Q. Tate Williams