IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD CONSTANTINESCU,<br>PERRY "PJ" MATLOCK,<br>JOHN RYBARCZYK,<br>GARY DEEL,<br>STEFAN HRVATIN,<br>TOM COOPERMAN,<br>MITCHELL HENNESSEY,<br>DANIEL KNIGHT. | No. 4:22-CR-00612-S |

## DEFENDANT EDWARD CONSTANTINESCU'S NOTICE OF ADDITIONAL AUTHORITY IN SUPPORT OF HIS MOTION TO DISMISS THE SUPERSEDING INDICTMENT (ECF 262)

Defendant Edward Constantinescu writes to apprise the Court of additional authority that further supports the arguments set forth in his motion to dismiss the Superseding Indictment (ECF 262), specifically the Fifth Circuit's decision in *United States v. Greenlaw* (Case No: 22-10511, 5th Cir. July 31, 2023) (Ex. A hereto). As the Court is aware, on May 10, 2023, Constantinescu moved to dismiss the Superseding Indictment on the grounds that the government (1) has failed to allege any "false" statements made by Constantinescu and (2) has failed to provide fair notice that Constantinescu's lawful conduct could have given rise to charges under 18 U.S.C. §§ 1348 and 1349 or how he could have conformed his conduct to render it not criminal. In support of the *sub judice* motion to dismiss, Constantinescu noted that "§ 1348 has yet to be interpreted by the Fifth Circuit." [ECF at 27, Mot. pg. 19].

On July 31, 2023, the Fifth Circuit's *Greenlaw* opinion interpreted §§ 1348 and 1349. While the *Greenlaw* decision has no directly applicable holding or findings (the Fifth Circuit

affirmed a conviction of the executives of a residential real estate fund who ran "a classic Ponzi-like scheme" and made knowingly false statements in *required* SEC filings), it recognizes two legal principles advocated for in Constantinescu's motion to dismiss. First, it confirms Constantinescu's position that falsity is a required element of § 1348 distinct from its intent element. *See Greenlaw*, at 8 *citing United States v. Scully*, 951 F.3d 656, 671 (5th Cir. 2020) ("To establish that the defendant engaged in a scheme to defraud, the Government must prove that he 'made some kind of false or fraudulent material misrepresentation'."). In so ruling, the *Greenlaw* Court implicitly adopted the Third Circuit's *Harra* reasoning, which requires objective indicia of a statement's falsity separate from the speaker's intent to defraud, while distinguishing *Harra* because in *Greenlaw* the securities laws "*expressly defined the statute and regulatory definitions.*" *Id.* at 13 (discussing *United States v. Harra*, 985 F.3d 196, 225 (3d Cir. 2021)) *compare* [ECF 262 at 10, 17, 19, 21, 35, Mot. pgs. 2, 9, 11, 13, 27) (citing *Harra* and arguing that "the falsity element stand[s] independent of a defendant's subjective intent" and that the government must allege some *objective indicia of falsity*)]. Secondly, the *Greenlaw* decision illuminates Constantinescu's fair notice argument because the at-issue statements in *Greenlaw* were made *by insiders who were required to make quarterly and annual filings with the SEC and who made objectively false statements about the company in those filings*. *Id.* at 11–14.[1]

Dated: August 2, 2023                                       Respectfully submitted,

                                                            _____
                                                            Matthew A. Ford

---

[1] In *Greenlaw*, the Fifth Court has extended to § 1348 the principle recently espoused by the Supreme Court that "there is no cognizable property interest in the ethereal right to accurate information," which appears to apply to the Superseding Indictment. *Greenlaw*, at 21. Constantinescu stands prepared to address the issue should the Court wish.

desire
Texas Bar No. 24119390
mford@fordobrien.com
FORD O'BRIEN LANDY, LLP
3700 Ranch Road 620 South, Suite B
Austin, Texas 78738
Telephone: (512)-503-6388
Facsimile: (212) 256-1047

*Attorneys for Defendant*
*Edward Constantinescu*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, a true and correct copy of the foregoing document has been electronically served on all counsel of record via the Court's CM/ECF system.

*/s/ Matthew A. Ford*
Matthew A. Ford