IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:22-cr-00612 |
| MITCHELL HENNESSEY, | § § § | |
| *Defendant*. | § | |

## MITCHELL HENNESSEY'S EMERGENCY MOTION TO SEVER

Defendant Mitchell Hennessey has steadfastly maintained his innocence and is preparing to proceed to trial on October 23, 2023. Co-defendants have moved on multiple occasions for a continuance of the trial setting, however, on the basis that the government's delayed productions, combined with their attorneys' demanding schedules, make it impossible for them to adequately prepare for trial in October.

Mr. Hennessey has consistently asserted his Sixth Amendment right to a speedy trial and is ready to proceed to trial. Mr. Hennessey's Fifth Amendment right to a fair trial would be at risk, though, if he proceeds to an October 2023 trial setting where co-defendants' attorneys will not be adequately prepared. Mr. Hennessey therefore respectfully requests that the Court sever him from his co-defendants and allow him to proceed to trial in October 2023 independently.

Mr. Hennessey respectfully requests expedited relief on this motion given the current scheduling order deadlines. ECF 254. Trial is now less than two months away, with motions in limine less than one month away. *Id.*

### I.   BACKGROUND

Mr. Hennessey was arrested eight months ago on December 13, 2022. *See* ECF 75. On December 28, 2022, before Mr. Hennessey appeared in the Southern District of Texas, four of Mr.

Hennessey's co-defendants had already filed a motion requesting an open-ended continuance and for the case to be certified as complex. ECF 72. The government opposed the request for an open-ended continuance, arguing that a trial date should be set in June 2023.[1] ECF 76. On January 3, 2023, the Court granted the motion to certify the case as complex, ECF 87, and issued a scheduling order setting the trial for October 23, 2023. ECF 88.

On January 27, 2023, Mr. Hennessey filed his Motion for a Speedy Trial. ECF 124. The Court denied Mr. Hennessey's Motion on March 14, 2023, maintaining the current October 2023 trial schedule. ECF 209.

On July 10, 2023, Mr. Rybarczyk, joined by Messrs. Constantinescu, Matlock, Deel, Hrvatin, and Cooperman, filed a joint motion for a continuance of at least 180 days, citing the voluminous discovery and the government's only recent identification of the details of the allegations in this case. ECF 323. The Court denied the motion on July 24, 2023. ECF 342.

On August 15, 2023, Mr. Cooperman filed a notice of joinder of expert designation, renewing his request for a continuance on the basis that the government's ongoing production of discovery, and his attorneys' currently full trial dockets, prevented his team from adequately preparing for trial under the current scheduling order. ECF 353.

On August 17, 2023, Mr. Constantinescu filed his motion for an extension to disclose expert testimony due to, in part, the need for more time to review the government's belated discovery productions and identify and retain an expert. ECF 355.

And on August 22, 2023, Mr. Cooperman, joined by Messrs. Constantinescu, Matlock, Rybarczyk, and Deel, filed a joint motion to continue the deadline to produce exhibit and witness

---

[1] Despite the government's assertion that it would be ready to go to trial in June 2023, the government refused to identify the allegedly false statements that form the core of this case until June 15, 2023. *See* ECF 302.

**MITCHELL HENNESSEY'S EMERGENCY MOTION TO SEVER – PAGE 2**

lists, citing the need for further time to adequately prepare for trial due to the government's recent production of over 900 exhibits, many of which contain exhibits created by the government that were not previously produced in their current format. ECF 361. The motion also cited counsels' significant urgent obligations in other trials set to occur prior to the October 2023 trial date in this case. *Id.* Those motions remain pending.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 14 provides an exception to the general rule that defendants indicted together should be tried together. Under Rule 14, a severance of defendants is warranted if the continued joinder of defendants at trial would prejudice one or more of those defendants. *See United States v. Crawford*, 581 F.2d 489, 491 (5th Cir. 1978) (discussing FED. R. CRIM. P. 14).

## III. ARGUMENT

The Court should sever Mr. Hennessey from his co-defendants and maintain the October 2023 trial setting for Mr. Hennessey for two reasons. *First*, Mr. Hennessey will be ready to proceed to trial, but his Fifth Amendment right to due process will be violated if he is forced to proceed to a trial in which his co-defendants' counsel are not adequately prepared. *And second*, a severance will not offend judicial economy.

If the Court denies Mr. Hennessey's request for a severance, Mr. Hennessey alternatively requests that the Court grant a short continuance for all defendants.

**A. A severance of Mr. Hennessey from his co-defendants is necessary.**

*First*, the Court should sever Mr. Hennessey from his co-defendants so he can proceed to trial and clear his name in October 2023 without risking an unfair trial in violation of his Fifth Amendment right to due process. The First Circuit's decision in *United States v. Baptiste*, 8 F.4th 30 (1st Cir. 2021), demonstrates why a severance is necessary here. In *Baptiste*, the trial court

found not only that Baptiste was entitled to a new trial under Rule 33 due to his attorney's ineffective assistance of counsel, but it also concluded that Baptiste's co-defendant, Boncy, was entitled to a new trial because "Baptiste's lawyer's ineffectiveness influenced how the jury viewed both defendants and so impaired his (Boncy's) *Fifth Amendment* due process right to a fair proceeding." *Id.* (cleaned up). The First Circuit affirmed. *Id.* at 41–42.

Here, Mr. Hennessey faces compelling prejudice because his team will be prepared for an October 2023 trial, but his co-defendants' attorneys have made it clear that they will not be prepared. Mr. Hennessey is therefore facing a potential violation of his Fifth Amendment right if he proceeds to trial in October, or a potential violation of his Sixth Amendment right to a speedy trial if the trial is continued. *See Baptiste*, 8 F.4th at 41–42; *Barker v. Wingo*, 407 U.S. 514, 515 (1972).

Co-defendants' counsel include experienced, highly-regarded attorneys,[2] but their trial schedules, coupled with the government's delayed productions, have prevented them from being ready for trial in October. In contrast, the government's case specific to Mr. Hennessey is considerably smaller than most of his co-defendants, and he and his counsel have worked diligently and invested considerable resources to be trial-ready in October. Thus, the Court should allow Mr. Hennessey to proceed independently to preserve both his Fifth Amendment and Sixth Amendment rights.

*Second*, a severance will not offend judicial economy. Procedurally, a severance here would result in only two separate trials, with Mr. Hennessey's individual trial being dramatically shorter than a joint trial. *See United States v. Romanello*, 726 F.2d 173 (5th Cir. 1984) (holding

---

[2] This fact is evidenced alone by the trust that the Texas House Committee on General Investigating has placed in Ms. Erin Epley, Chief Counsel and Director for the Committee.

that considerations of judicial economy did not weigh heavily enough against a severance to prevent one when a severance would only result in two separate trials). The case against Mr. Hennessey is discreet, and a trial of Mr. Hennessey alone would likely take days, rather than the weeks or months that a trial of all defendants may take.

Substantively, the case against Mr. Hennessey is relatively small as compared to most of his co-defendants. According to the government's expert report, Mr. Hennessey allegedly:

- made only **1.6%** of the purported profits ($1,938,072 of $121,474,499);
- posted only **3.5%** of the at-issue social media posts (72 of 2,048); and
- traded in only **22%** of the "Episodes" (91 of 397) analyzed by the government's expert.

Additionally, several of the 72 at-issue posts the government attributes to Mr. Hennessey are duplicative (i.e., the same message posted in Discord and Twitter is counted twice). Finally, while the government's recent exhibit list totals around 900 separate documents, after setting aside the government's inadmissible summary "Episode" charts,[3] only approximately **9.3%** of those exhibits actually concern Mr. Hennessey. ECF 351.

In short, to the extent the Court allows any of this case to proceed to trial after considering the defendants' motions to dismiss, Mr. Hennessey is ready and eager to go to trial in October. Because his co-defendants' attorneys will not be prepared due to the variances in the cases against each defendant, and counsels' prior trial schedules, however, Mr. Hennessey respectfully requests that the Court sever him to protect his Fifth Amendment right to a fair trial.

---

[3] Mr. Hennessey intends to file a motion in limine explaining why the summary episode charts are inadmissible.

**MITCHELL HENNESSEY'S EMERGENCY MOTION TO SEVER – PAGE 5**

**B. If the Court is not inclined to grant a severance, the Court should grant all defendants a continuance of the October 2023 trial setting.**

If the Court denies Mr. Hennessey's request for a severance, Mr. Hennessey alternatively requests that the Court grant a short continuance for all defendants under 18 U.S.C. § 3161(h)(7)(B)(i). Co-defendants have detailed their needs for a continuance in prior filings. *See* ECF Nos. 342, 353, 355, and 361. Based on the reasons articulated in those motions, co-defendants' attorneys believe they cannot be adequately prepared to proceed to trial. If Mr. Hennessey is to proceed to trial with co-defendants, then he believes that a continuance is necessary to protect his Fifth Amendment right.

## IV.   CONCLUSION

Mr. Hennessey is eager to proceed to trial in October 2023 so that he can clear his name and remove the cloud of the indictment that hangs over him. Given that co-defendants' attorneys need more time to prepare, a fair *joint* trial is not possible in October. Thus, a severance is necessary to protect Mr. Hennessey's Fifth Amendment due process right to a fair trial. If the Court will not grant a severance, however, Mr. Hennessey alternatively requests a short continuance.

Mr. Hennessey respectfully requests expedited relief on this motion given the current scheduling order deadlines.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT
MITCHELL HENNESSEY**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for the government about the relief requested herein on August 24, 2023. The government stated that it is opposed.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova