UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22-cr-612 |
| | § | |
| CONSTANTINESCU, *et al.* | § | The Honorable Andrew S. Hanen |
| | § | |
| Defendants. | § | |

**United States' Response in Opposition to Defendants Deel and Matlock's Motion for a Continuance**

The United States, by and through its undersigned counsel, respond to Defendants Deel and Matlock's Motion for a Continuance (ECF No. 379) ("Motion"). The Court should deny this Motion for many of the same reasons laid out in the United States' opposition to Defendant Rybarczyk's continuance request (ECF No. 377). Nonetheless, several points raised in the Motion merit addressing.

First, the trial preparation of Defendant Hennessey is not categorically different from that of the other Defendants, *cf.* Mot. ¶ 2. Defendant Hennessey is charged in the conspiracy count and five substantive counts under Section 1348 (Cts. 5, 8, 9, 10 & 11). The numerosity of those counts, as well as the types of evidence in support, are comparable, if not more than, that facing other Defendants.

Second, Defendants seek to highlight the work of Aaron Hughes to support their continuance bid but nothing in the Motion explains why his work will yield admissible evidence that would justify moving the trial date that has been scheduled since well before he was retained. *Cf.* Mot. ¶¶ 6–8 (discussing only in a vague terms the "reports"). Based on the Motion, it does not appear clear why random "open source" material, *id.* 6, would be either relevant or admissible. It appears, based on the Motion (and Defendants' other irrelevant filings in this case), that

Defendants again seek to move trial based on efforts that will yield, at best, results of dubious admissibility. Nor is it clear why Defendants waited until July to engage Mr. Hughes—who Defendants represent will take three additional months to complete his work—when Defendants had the pillars of the evidence in this case since January, more than six months before engaging him. The United States told Defendants what to look for and where to look in December, February, March, and June, with increasing specificity, until the United States gave Defendants its case 75 days before trial.

Third, Defendants have now added more nuance to their representations about the exhibits in this case. It appears that they have abandoned Defendant Constantinescu's misleading representation that the exhibits are new materials, ECF No. 355 at 2, and have now shifted to explaining that the exhibits now contain "new rendered images," Mot. ¶ 10. This argument is no basis for a continuance. It is unclear what exactly Defendants are citing but what is unsaid is important: there is no new *content* to the noticed exhibits. The *content* comes from Defendants' own words and from their own accounts produced in discovery. That the United States put that *content* into exhibits to present only relevant, admissible material for trial should be no grounds for a continuance, especially since the content has been available to Defendants for months.

Fourth, Defendants suggest that the United States is seeking "tactical advantage" by pushing for a trial date that has been in place since April. That argument is ironic since the tactical advantage has mostly inured to Defendants' benefit since the start of this case and would dramatically so inure should the Court grant these continuances. The United States has produced its exhibits 75 days before trial, which is a timeline that is almost unheard of in this District. There is no surprise as to the evidence or the issues, and the United States has taken unprecedented steps to ensure trial is fair.

Fifth, all Defendants have not, in fact provided timely and complete notice of their experts' opinions and the reasons and bases therefore as claimed in the Motion (¶ 4) and as required by both the Court's Amended Scheduling Order (ECF No. 254 at 1 n.2) and Rule 16. The Court is already aware of Defendant Constantinescu's utter disregard for the Court's Scheduling Order (*see* ECF Nos. 355 and 357), but that disregard extends to other Defendants as well. For example, Defendant Matlock produced on August 15 an expert disclosure for Professor Marks that contained numerous deficiencies. On August 16, the United States provided a numbered list of those deficiencies, specified with pin cites and quotations, and requested the missing reasons and bases for numerous of Professor Marks' opinions. As of this writing 13 days later, Defendant has not resolved these shortcomings. Similar deficiencies existed with Defendant Rybarczyk's expert disclosures. At the United States' prodding, Defendant Rybarczyk cured some of those deficiencies, but appears to maintain that yet undisclosed expert analyses may still be forthcoming. The Court should see this for what it is: yet another, perhaps coordinated, delay tactic to attempt to undermine these proceedings and deny the public a speedy trial in the interests of justice.

At bottom, the United States urges the Court to affirm the trial date. No good reason exists to move it. We are still approximately **55** days out from trial. Instead of working towards that date in earnest, Defendants continue their pattern of drowning the Court in tangential filings. The Court should put a stop to the deluge and dilatory tactics. In light of the United States' disclosures in this case and the time remaining, Defendants can be ready, and the Court should not inject unnecessary delay into this case.

Dated: August 29, 2023         Respectfully submitted,

                                    GLENN S. LEON
                                    Chief, Fraud Section
                                    Criminal Division, Department of Justice

By:   */s/ John J. Liolos*
       Scott Armstrong, Assistant Chief
       John J. Liolos, Trial Attorney
       Fraud Section, Criminal Division
       United States Department of Justice
       1400 New York Ave. NW
       Washington, DC 20005
       Tel.: (202) 768-2246


       ALAMDAR S. HAMDANI
       United States Attorney
       Southern District of Texas

By:   */s/ Thomas Carter*
       Thomas H. Carter
       Assistant United States Attorney
       State Bar No.: TX24048387
       1000 Louisiana Street, 25th Floor
       Houston, Texas 77002
       Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, I will cause the foregoing motions to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                    */s/ John J. Liolos*
                    John J. Liolos, Trial Attorney
                    U.S. Department of Justice
                    Criminal Division, Fraud Section