UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22-cr-612 |
| | § | |
| MITCHELL HENNESSEY, | § | The Honorable Andrew S. Hanen |
| | § | |
| Defendant. | § | |

**United States' Response in Opposition to Defendant Hennessey's Motion to Compel**

The United States, by and through its undersigned counsel, responds to Defendant's Motion to Compel (ECF No. 374) ("Motion"). For the below-stated reasons, it is unclear what, if anything, requires the Court's attention. The Court should deny the Motion.

At its core, Defendant's Motion seeks the United States to reproduce in a new format the various emails and attachments, which were generally produced from earlier this year through the *Jencks*' deadline.[1] Defendant Hennessey apparently had difficulty in matching attachments to the emails themselves. The Court no doubt has better uses of its time than recreating, and intervening in, a chain of requests and responses.

At bottom, the United States produced to Defendants on Monday (August 28, 2023), a few hours after Defendant Hennessey filed his Motion, the at-issue emails and attachments with sequential bates numbers. This production took no small amount of effort from litigation-support staff to produce on Monday, August 28, the materials in the manner requested by Defendant

---

[1] The United States did produce several additional emails relating to its trial witnesses in August. The United States produced these additional materials in an abundance of caution and as part of its ongoing re-review of its files. The United States will continue to review its files and produce any similar material in an abundance of caution not only to go above and beyond its discovery obligations but also to reduce unnecessary litigation.

Hennessey on Thursday, August 24 (a two-day turnaround excluding the weekend). On August 31, the United States also provided to Defendants an index showing that – with a handful of exceptions related to tertiary communications – the complained-of attachments had already been produced. Those efforts should put to rest the bulk of the complaints in the Motion.

Beyond the resolved complaints, the United States submits that it will not be producing drafts to search warrants (or expert reports) in this case, whether attached to emails or otherwise. Given that the United States has already produced the at-issue warrants and expert reports, drafts of the same are not discoverable. *See, e.g.*, *United States v. Gonzalez*, 2020 WL 3868788 at \*\*2-4, No. 3:20MJ00347(SALM) (D. Conn. July 9, 2020) (denying defendant's request for draft affidavits, and accompanying emails, and collecting authority); *United States v. Wickens*, 2011 WL 13289882 at \*\*1-3, No. 1:11-cr-00076-JAP (D. NM. Aug. 15, 2011) (denying defendant's motion to compel a draft affidavit). For his part, Defendant Hennessey does not provide any authority for this request. Wrapping a request in important terms like "*Giglio*," "*Brady*" and "*Jencks*" does not make an unsupported argument any more compelling.

Finally, the United States respectfully submits that Defendant Hennessey, for all his indignation, needs to comply with the Court's deadlines. On August 25, he filed his exhibit list. That list included the brokerage records for the accounts of Mr. Hennessey (and his parents) that have been produced as discovery in this case. Those noticed records contain every single trade in every account. It cannot be that every single trade over a multi-year period constitutes admissible evidence and to contend as much would be absurd. When asked to clarify which specific trades he intended to notice as exhibits, he did not respond. To the extent Defendant Hennessey seeks to

introduce exhibits at trial, the United States requests that he promptly notice such exhibits so that motions in limine can be filed.

Thus, the Court can deny the Motion. A proposed order is attached.

Dated: August 31, 2023                                        Respectfully submitted,

                                                         GLENN S. LEON
                                                         Chief, Fraud Section
                                                         Criminal Division, Department of Justice

By:    */s/ Scott Armstrong*
           Scott Armstrong, Assistant Chief
           John J. Liolos, Trial Attorney
           Fraud Section, Criminal Division
           United States Department of Justice
           1400 New York Ave. NW
           Washington, DC 20005
           Tel.: (202) 768-2246

           ALAMDAR S. HAMDANI
           United States Attorney
           Southern District of Texas

By:    */s/ Thomas Carter*
           Thomas H. Carter
           Assistant United States Attorney
           State Bar No.: TX24048387
           1000 Louisiana Street, 25th Floor
           Houston, Texas 77002
           Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

      I hereby certify that on August 31, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                                            */s/ Scott Armstrong*
                                            Scott Armstrong
                                            U.S. Department of Justice
                                            Criminal Division, Fraud Section