United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,* § § § | |
| v. § | CRIMINAL ACTION NO. 4:22-CR-612 |
| § EDWARD CONSTANTINESCU, *et al.*, § *Defendants.* § § | |

## ORDER

The Motion to Dismiss Count Twenty-One of the Superseding Indictment (Doc. No. 170) is hereby **DENIED**. The Court, however, feels compelled to address one of the arguments made in support of the motion. The Defendant correctly argued that 18 U.S.C. § 1957 criminalizes money laundering but it only covers certain monetary transactions including those transactions using funds derived from activities listed in 18 U.S.C. § 1961(1). That subsection contains a list of illegal activities that includes "fraud in the sale of securities." *Id.* In his motion, the Defendant emphasized that this statute very clearly only covers *sales* of securities. In support, he referred this Court to *United States v. Deeb*, 175 F.3d 1163 (9th Cir. 1999). In that case, the Ninth Circuit specifically held that the money laundering statute only covers fraud in the sales of securities—not purchases. *Id.* at 1167.

While the Court is denying the Defendant's motion, it makes clear that it agrees with this proposition. At this stage in the proceedings, however, the Court must accept the factual allegations in the Superseding Indictment as true. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011). The Superseding Indictment sets out potential acts of fraud involved in both the purchase and sale of certain securities. That being the case, the Court at this time cannot make a determination that there was no fraud involved in the sales of securities.

SIGNED this 6th day of September, 2023.

Andrew S. Hanen
United States District Judge