UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendant. | § § | |

### United States' Response in Opposition to Defendant Rybarczyk's Second Joint Motion to Dismiss

The United States, by and through its undersigned counsel, respectfully responds to Defendant Rybarczyk's Second Joint Motion to Dismiss (ECF No. 397). The Court should deny the Motion because the cases cited are not dispositive.

*First*, the Supreme Court's opinion in *Ciminelli v. United States*, 598 U.S. 306 (2023), is not applicable because this case does not concern a "right-to-control" theory of fraud, the sole theory at issue in *Ciminelli*. Rather, the Superseding Indictment more than adequately alleges a scheme to defraud victims of money or property, which are traditional property rights protected by the federal fraud statutes.

*Second*, the Fifth Circuit's opinion in *United States v. Greenlaw*, 76 F.4th 304 (5th Cir. 2023), is not dispositive for the same reasons. In pertinent part, that case stands for the simple proposition that an "intent to defraud" requires an intent both to deceive and to deprive of money or property. The Superseding Indictment alleges both that Defendants sought to deprive victims of money or property *and* did so with fraudulent intent. *Greenlaw*'s only application to this case is to the "intent to defraud" jury instruction, which the United States will ensure is correct in its proposed instructions. Thus, the Court should deny the Motion.

**I.      The Supreme Court's opinion in *Ciminelli* is not applicable because the Superseding Indictment alleges Defendants' fraudulent intent to deprive victims of money or property.**

In *Ciminelli*, the Supreme Court held that the "right-to-control" information theory of fraud alone could not form the basis for conviction under the federal wire fraud statute because the statute criminalizes "only schemes to deprive people of traditional property interests." 598 U.S. at 309. "Under the right-to-control theory, a defendant is guilty of wire fraud if he schemes to deprive the victim of potentially valuable economic information necessary to make discretionary economic decisions." *Id.* (internal quotations and citation omitted). But because "potentially valuable economic information necessary to make discretionary economic decisions is not a traditional property interest," the right-to-control theory alone "is not a valid basis for liability under" the wire fraud statute. *Id.* (internal quotations omitted).

The Court made clear, however, that "money or property" were traditional property interests squarely under the ambit of the wire fraud statute. *Id.* at 312. Indeed, "we have consistently understood the 'money or property' requirement to limit the 'scheme or artifice to defraud' element because the common understanding of the words 'to defraud' when the statute was enacted referred to wronging one in his property rights." *Id.* (internal quotations and citation omitted). Thus, *Ciminelli* stands for the proposition that the federal fraud statutes do not criminalize schemes to deprive "the right to control one's assets," without more, *i.e.*, schemes to deprive the actual traditional assets like money or property. *Id.* at 316.

By contrast, the Superseding Indictment adequately alleges Defendants' fraudulent intent to deprive victims of money or property (*i.e.*, cash or securities), which are traditional property interests squarely protected by the federal fraud statutes. The Superseding Indictment adequately tracks the language of 18 U.S.C. § 1348, which criminalizes "a scheme or artifice (1) **to defraud**

any person in connection with any security . . . and (2) **to obtain**, by means of material false and fraudulent pretenses, representations, promises, and material omissions, **any money and property** . . . ." (ECF No. 134, ¶ 121 (emphasis added) ("SI").)

That statutory language is buttressed by factual allegations throughout the Superseding Indictment that adequately plead Defendants' scheme to defraud involved their fraudulent intent to "rob[] . . . idiots of their money." (*See, e.g.*, SI, ¶¶ 1, 14, 49.) As alleged, Defendants' depravation of information as to their trading intentions does not stand alone, as such information deprivation did in *Ciminelli*. Nor is the depravation of information the *object* of the alleged scheme, but rather the *means* by which Defendants executed their scheme with the intent to deprive victims of traditional property rights. Money or property, not information, was the *object* of the alleged scheme here. *Compare Ciminelli*, 598 U.S. at 312 ("[T]he Government must prove not only that wire fraud defendants engaged in deception, but also that money or property was an object of their fraud." (internal citations and quotations omitted)) *with* (SI, ¶ 14 (". . . defendants concealed their intent to use these messages to induce other investors to purchase the securities so that defendants could sell their shares at a higher price at and around the time of the messages. . . . In this way, the defendants used social media to induce other investors to purchase and hold the same securities that the defendants were selling or dumping so that the defendants could maximize their own profits.").[1]

Thus, *Ciminelli* does not apply as Defendants claim. Indeed, the Court's dicta on the wire fraud statute's use of the term "money or property," which also appears in Section 1348, actually

---

[1] For the same reasons, the district court's opinion in *United States v. Nordlicht*, 16-cr-640, 2023 WL 4490615 (E.D.N.Y. July 12, 2023), is unpersuasive. That court vacated wire fraud convictions (though affirmed Title 15 securities fraud convictions) based solely on a "right-to-control" theory, without more, in light of *Ciminelli*. *Id.* at *5–6.

reinforces that the Superseding Indictment adequately pleads a cognizable scheme to defraud. *See Ciminelli*, 598 U.S. at 312–316. Thus, this Court should deny the Motion.

**II.     The Fifth Circuit's opinion in *Greenlaw* similarly is not dispositive and concerns a jury instruction issue the United States will ensure is correct in this case.**

In *Greenlaw*, the Fifth Circuit held in pertinent part that the "intent to defraud" element of 18 U.S.C. § 1348 requires the United States to prove both "an intent to (1) deceive, *and* (2) cause some harm to result from that deceit." 76 F.4th at 319 (internal quotations and citation omitted) (emphasis added). The court explained "[t]his element is generally satisfied when a defendant acts knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself." *Id.* (internal quotations and citation omitted).

Under this law, the court found that Fifth Circuit Pattern Jury Instruction defining an "intent to defraud," was a misstatement of the law, both as written and applied in that case.[2] *Id.* at 328–30. An "intent to defraud" was defined as "a conscious, knowing intent to deceive *or* cheat someone," rather than the correct "deceive *and* cheat." *Id.* at 329. Although the Fifth Circuit held the instruction should have been conjunctive, this was harmless error because the United States introduced "overwhelming facts supporting these elements." *Id.* at 331.

As with *Ciminelli*, *Greenlaw* is similarly not dispositive here because the Superseding Indictment adequately alleges both Defendants' (1) fraudulent intent and (2) intent to deprive victims of money or property or to enrich themselves.[3] *Compare id.* at 328–31, *with* (SI, ¶¶ 14, 49,

---

[2] The Fifth Circuit declined to decide whether the "scheme to defraud" instruction was erroneous based on similar arguments because "there [were] overwhelming facts supporting these elements" such that any error was harmless. *Greenlaw*, 76 F.4th at 331.

[3] Defendant's citation to *United States v. Takhalov* is similarly unpersuasive. 827 F.3d 1307 (11th Cir. 2016). That case is consistent with the *Greenlaw* opinion in requiring both intent to deceive and to cheat as a basis for a fraud conviction, both of which are alleged here. *Compare Takhalov*, 827 F.3d at 1313 ("[A] schemer who tricks someone to enter into a transaction has not 'schemed to defraud' so long as he

4

121). The United States will ensure that the "intent to defraud" jury instruction in this case is conjunctive, which is the only relevant application of the *Greenlaw* opinion. As such, the Court should deny the Motion.

Defendants spend much of their brief mistakenly arguing two points related to victim-witnesses that are irrelevant red herrings the Court can ignore. First, Defendants mistake the purpose of anticipated victim-witness testimony, which goes to the materiality element, not to Defendants' fraudulent intent, and is thus irrelevant to these arguments. *See, e.g.*, *United States v. Neder*, 527 U.S. 1, 24–25 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decisionmaking body to which it is addressed.").

Second, Defendants references to actual harm to victims are similarly confused. The *Defendants' intent* to harm is at issue. Actual harm is irrelevant because, as the *Greenlaw* court made clear, the law punishes the scheme to defraud, not its success. *See, e.g.*, *Greenlaw*, 76 F.4th at 325 ("[The] success of the scheme is immaterial.").

## Conclusion

The Court should deny Defendant's Motion because the Superseding Indictment adequately alleges a fraudulent scheme in which Defendants sought to deprive victims of money or property to enrich themselves and did so with fraudulent intent. The jury should decide whether those allegations are true.

---

does not intend to harm the person he intends to trick.") *with* (SI, ¶ 49 ("We're robbing . . . idiots of their money.")).

Dated: September 15, 2023　　　　　　　　　Respectfully submitted,

                                              GLENN S. LEON
                                              Chief, Fraud Section
                                              Criminal Division, Department of Justice

By:    */s/ John J. Liolos*
          Scott Armstrong, Assistant Chief
          John J. Liolos, Trial Attorney
          Fraud Section, Criminal Division
          United States Department of Justice
          1400 New York Ave. NW
          Washington, DC 20005
          Tel.: (202) 768-2246


          ALAMDAR S. HAMDANI
          United States Attorney
          Southern District of Texas

By:    */s/ Thomas Carter*
          Thomas H. Carter
          Assistant United States Attorney
          State Bar No.: TX24048387
          1000 Louisiana Street, 25th Floor
          Houston, Texas 77002
          Tel.: (713) 567-9470

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

*/s/ John J. Liolos*
John J. Liolos
U.S. Department of Justice
Criminal Division, Fraud Section