IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **MITCHELL HENNESSEY,** <br>    a.k.a. "Hugh_Henne" <br>    a.k.a. "HoodHughBear#4034" <br><br>       **Defendant.** | Case No. 4:22-cr-612-7 <br><br> UNDER SEAL |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT RYBARCZYK'S RENEWED MOTION TO MODIFY BOND CONDITONS

The United States, by and through undersigned counsel, respectfully files this opposition to Defendant HENNESSEY's motion seeking permission to remove his Court ordered GPS monitoring device. (*See* Def.'s Mot., ECF No. 426.) The Defendant's motion should be denied because a change in his release conditions is unwarranted, as elaborated below.

**I.  The Case Against the Defendant has Strengthened since his Arrest**

Defendant Hennessey has identified no change in circumstances since the Court last denied such a motion that would warrant a modification to Defendant Hennessey's bond conditions.  Nor has Defendant Hennessey identified any circumstances that meaningfully differentiate himself the rest of his similarly situated co-defendants, all of whom have been ordered to wear GPS monitoring systems during the pendency of this case.  If anything, the United States' case against Defendant Hennessey has strengthened significantly since

the initial order of monitoring now that two of Defendant Hennessey co-defendants have pled guilty and are assisting the United States in its prosecution. More recently, the Defendant's attempt to avoid trial through multiple motions to dismiss failed with this Court's denial of those motions, leaving Defendant Hennessey to face the prospect of trial by a jury of his peers. As the case against Hennessey builds and his legal options narrow, so grows his incentive to flee.

## II. Defendant Hennessey has ample resources with which to flee

Defendant Hennessey is believed to have ample resources with which to abscond. Ten months before his arrest, in an interview with "JerseyMan Magazine," Defendant Hennessey claimed to be worth roughly $10 million as a result of his trading acumen.[1] Whatever assets Defendant Hennessey had at arrest remain unencumbered. Additionally, Defendant Hennessey is located in the District of New Jersey in close proximity to several major international airports in the New York City/Newark area. As such, Defendant Hennessey is not under the direct supervision of the United States Probation Department in the Southern District of Texas. Without more direct oversight, Defendant Hennessey's day to day location will be impossible to monitor effectively from either district. Notably, the United States Probation Department takes no position on this, or any other, request.

---

[1] See https://jerseymanmagazine.com/hugh-henne-stock-market-wizard/ "Hugh Henne" Stock Market Wizard, Jan. 17, 2022.

### III. Defendant Hennessey's current conditions allow for employment

Defendant Hennessey's current conditions allow for multiple types of employment of his choosing. For example, Defendant Hennessey's current conditions do not prevent Defendant Hennessey from engaging in his pre-arrest employment, namely trading stocks. As a solitary pursuit with limited exposure to the public, this activity seems uniquely suited to satisfy to Defendant Hennessey's concerns regarding the potential embarrassment of wearing a monitor. It is unclear why Defendant Hennessey believes he can no longer pursue his original employment profitably now that this Court has restricted him from communicating with the public or other traders about his trading activities. Regardless, the Court should not repeatedly be forced to consider modifications to Defendant Hennessey's bond based solely on Defendant Hennessey's shifting employment (or vacation) preferences.

### IV. Conclusion

This Court has correctly identified defendant Hennessey as a flight risk, imposed GPS monitoring as a condition of release, and denied multiple prior motions. Defendant Hennessey's legal peril has only compounded since the Court's first imposed monitoring. Defendant has failed to identify any new or novel circumstances that would warrant this Court to consider removing his GPS monitor. The government continues to agree with the Court that GPS monitoring, combined with the other Court-imposed conditions, is necessary to secure Defendant Hennessey's presence at trial.

Dated: October 3, 2023

                        Respectfully submitted,

                        ALAMDAR S. HAMDANI
                        United States Attorney
                        Southern District of Texas

By:   *s/ Thomas H. Carter*
            Thomas H. Carter
            Assistant United States Attorney
            1000 Louisiana Street,
            Houston, Texas 77002
            Tel.: (713) 567-9470

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITCHELL HENNESSEY,<br>    a.k.a. "Hugh_Henne"<br>    a.k.a. "HoodHughBear#4034"<br><br>    **Defendant** | Case No. 22-CR-00612-3 |

# O R D E R

HAVING CONSIDERED Defendant Hennessey's Motion to modify his bond condition to remove electronic monitoring, as well as the Government's response in opposition, the COURT rules accordingly:

_____GRANTED

_____DENIED

Signed at Houston, Texas this the \_\_\_\_\_ day of _____, 2023.

_____
THE HONORABLE ANDREW HANEN
UNITED STATES JUDGE

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties, and serve a copy via email to Defendant's attorney of record, Lara Cordova at lcordova@jw.com.

*/s/ Thomas H. Carter*

Thomas H. Carter
Assistant US Attorney, SDTX
Houston, TX
713-567-9470