# EXHIBIT N



U.S. Department of Justice

Criminal Division

---

*Fraud Section*

June 15, 2023

**Via Email**

Re:     *United States v. Constantinescu, et al.*, 22-cr-612 (S.D. Tex.)

Dear Counsel:

The United States provides notice of its intent to call Joseph Varani, Senior Digital Investigative Analyst with the Department of Justice's Cybercrime Lab, as a witness to testify about the certain social-media messages from Twitter, Inc. and Discord, Inc. The United States does not intend to qualify Mr. Varani as an expert and does not believe that any of his testimony would implicate Federal Rules of Evidence 702, 703, and/or 705 or Federal Rule of Criminal Procedure 16(a)(1)(G). Nonetheless, we are providing you notice of Mr. Varani's anticipated testimony in an abundance of caution.

As referenced in the enclosed CV, Mr. Varani has worked as a Digital Investigative Analyst at DOJ since 2010. *See* Ex. A (CV). Mr. Varani's work experience prior to his current position at DOJ is also detailed in the enclosed CV. Mr. Varani previously testified in *United States v. Heyn*, 11-cr-80210 (S.D. Fl.), *United States v. Ahmed Mohammed El Gammal*, 15-cr-588 (S.D. N.Y.); and *United States v. Avenatti*, 19-c4-00061 (C.D. Ca.). Mr. Varani has not been compensated for his work in this case, beyond his regular compensation as an employee at DOJ. Mr. Varani does not have any relevant publications.

We anticipate that Mr. Varani would testify about the below-referenced topics, among others, relating to the search-warrant returns obtained from Twitter, Inc. and Discord, Inc.

1

### A. Twitter, Inc.

Mr. Varani processed the search-warrant returns from September 2022 and March 2023. Those returns included text files for tweets, direct messages, and group messages (collectively, "Content"), and the folders containing attachments associated with the Content. The Content related to the following Twitter accounts: @dipdeity; @Hugh_Henne; @LadeBackk; @MrZackMorris; @notoriousalerts; @ohheytommy; @PJ_Matlock; and @Ultra_Calls.[1]

Mr. Varani ran a Python script that read the Content in the text files, removed duplicate Content, and formatted the date column for ease of sorting and general viewing.[2] All tweets from the Accounts were then processed and saved into both a html page (which included the attachments) and an Excel workbook. For the direct and group messages, keywords in Exhibit B were searched across the specific conversations and any conversation that hit on a keyword was processed in both a html page (which included the embedded attachments) and an Excel workbook. Other conversations that did not hit on a keyword were not processed. As to both the tweets and the conversations, the attachments were matched to the message by following the steps described in the Twitter readme file. *See* Ex. C.[3]

### B. Discord, Inc.

Mr. Varani processed this search-warrant return in a similar manner as the Twitter search-warrant return. This return contained folders for attachments, messages, and servers. Mr. Varani ran a Python script that read the server JSON files to identify the channel names. The Python script also read the CSV files for the messages. The script formatted the underlying information for both the channels and the messages.[4] The channels requested by DOJ[5] were processed in html format (which included the embedded attachments). As with the Twitter search-warrant return, keywords in Exhibit B were searched across the messages and any conversation that hit on a keyword was processed in both a html page (which included the embedded attachments) and an Excel workbook. As to both the channels and the conversations, the attachments were matched to the message by following the steps described in the Discord readme file. *See* Ex. D.[6]

---

[1] Please note that the search-warrant returns for both Twitter, Inc. and Discord, Inc. that Mr. Varani processed are referenced in discovery as the original search warrant returns.

[2] All Content is in UTC time zone.

[3] The processed Content has been produced to each defendant in discovery.

[4] The above-referenced information is also in UTC time zone.

[5] The processed channels have been produced to each defendant in discovery.

[6] The processed materials have been produced to each defendant in discovery.

   The United States reserves the right to supplement and/or amend Mr. Varani's anticipated testimony and to call additional experts in its case-in-chief or rebuttal case, based on information made known to the United States and/or Mr. Varani before or during trial, including in response to Defendants' experts or case.

                Very truly yours,

         By: _____
            Scott Armstrong, Assistant Chief
            John J. Liolos, Trial Attorney

         By: JOSEPH VARANI
            Digitally signed by JOSEPH VARANI
            Date: 2023.06.14 15:35:43 -04'00'
            Joseph Varani
            Senior Digital Investigative Analyst