**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU,** *et al.* | § | **The Honorable Andrew S. Hanen** |
| | § | |
| **Defendants.** | § | |

**United States' Response to Defendant Cooperman's Motion to Exclude**
**Co-Conspirator's Hearsay Statements**

The United States, by and through its undersigned counsel, responds to Defendant Cooperman's Motion to Exclude Co-Conspirator's Hearsay Statements, ECF No. 503 ("Motion"). The challenged statements meet all the requirements of Fed. R. Evid. 801(d)(2)(E). The Court should deny the Motion.

## I.   SUMMARY OF THE ARGUMENT

The Motion seeks to exclude a statement made by Defendant Cooperman's co-conspirator: Daniel Knight, who has pleaded guilty in this case. That statement, "we are robbing fucking idiots of their money[,]" ("The Statement") was made on March 1, 2021, which is during the charged conspiracy. It was made in furtherance of the conspiracy because it was a statement about the purpose of the ongoing conspiracy, made in a chatroom with Defendant Cooperman, and part of a conversation in which Defendant Knight encouraged others to take additional steps to participate in the ongoing offense for financial benefit. The Statement is therefore admissible under Rule 801(d)(2)(E).

## II.    BACKGROUND

The following is a transcript of the recorded conversation that the includes the Statement (collectively, "Conversation").  The United States will seek to introduce the Conversation at trial as Government Exhibit 7P.

| | |
|---|---|
| [00:00:00] Defendant Cooperman: | $90,000.00 worth?  I was, like, oh, no.  I made it smaller.  I should not have made it smaller. |
| [00:00:06] Other Participant: | You slapped it all at one time? |
| [00:00:08] Defendant Cooperman: | Yeah. |
| [00:00:10] Defendant Knight:  $7,500.00 | Ross, my first buy was $35,000.00.  My next was |
| [00:00:13] Other Participant: | I know.  I just, I just don't like, I don't want to get caught, so I just add slowly. |
| [00:00:18] Defendant Knight: | Get caught? |
| [00:00:20] Other Participant: | I just want to do it the right way.  I don't want to, like -- |
| [00:00:23] Defendant Knight: | **The fucking right way?  We're robbing fucking idiots of their money.** |
| [00:00:27] Other Participant: | I'm just saying, you know what I'm saying. |
| [Crosstalk] | |
| [00:00:31] Defendant Knight: | I honestly have no idea what you're saying Ross.  **Why will you not just type in four digits, four zeros, after a five**? |
| [00:00:40] Other Participant: | I don't know. |
| (emphasis added). | |

//

//

//

III.    **LEGAL AUTHORITY**

A party may submit hearsay by the opposing party if the statement "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).  To satisfy this rule, the proponent must show "by a preponderance of the evidence" "(1) the existence of the conspiracy; (2) the statement was made by a co-conspirator of the party; (3) the statement was made during the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *United States v. Fairley*, 880 F.3d 198, 213 (5th Cir. 2018).

As to the fourth requirement, the Fifth Circuit has repeatedly eschewed a strict construction of whether a statement furthers the conspiracy so as to avoid defeating the purpose of the exception.  *See, e.g.*, *United States v. Fairley*, 880 F.3d 198, 214 (5th Cir. 2018) (quoting *United States v. Cornett*, 195 F.3d 776, 782 (5th Cir. 1999)); *see also United States v. Broussard*, 80 F.3d 1025, 1039 (5th Cir. 1996) ("[w]e have shunned an overly literal interpretation of this phrase" (internal quotations omitted)). While "mere idle chatter" is not in furtherance of the conspiracy, the requirement is satisfied by statements that are intended "to advance, facilitate or promote the ultimate conspiratorial objective." *United States v. Cornett*, 195 F.3d 776, 783 (5th Cir. 1999) (distinguishing backward-looking statements or "narratives of past conduct").  Similarly, a statement is in furtherance of a conspiracy if it reflects "puffing, boasts" or contain information that "facilitates the conspiracy's operations . . . or [is] intended to affect the future dealings between the parties." *United States v. Adkism*, 180 F.3d 264, 1999 WL 301315, at *10 (5th Cir. 1999) (citation omitted).

IV.    **ARGUMENT**

Defendant Cooperman only challenges whether the Statement was made "in furtherance" of the conspiracy.  It was.  The Court should deny the Motion.

In the Conversation and Statement, Defendant Knight is actively encouraging Defendant Cooperman and others to continue participating in the ongoing offenses.  Indeed, after describing the exact purpose of the ongoing, charged scheme in the Statement, Defendant Knight encourages others in the Conversation to add even more money to the scheme:  "Why will you not just type in four digits, four zeros, after a five?"  Defendant Knight's reference to "zeros" in the Conversation refers to adding more money to the trades so that they can continue to "rob fucking idiots of their money" and do so for even greater financial benefit.

In this way, Defendant Knight is describing the profitability of the ongoing scheme and plans to continue profiting even more at the expense of others.  Far from "mere idle chatter," Defendant Knight is actively encouraging others to participate in the scheme, explaining the reasons why, and describing exact steps to maximize their own respective, unlawful profits.  The statement is admissible under Rule 801(d)(2)(E) and should be admitted.  *See supra* Sec. III; *see also United States v. Battle*, No. 22-10336, 2023 WL 3918996, at *1 (5th Cir. June 9, 2023) (admitting a co-conspirator's testimony describing an affiliate co-conspirator's boasts about how the defendant compensated the affiliate co-conspirator, since the affiliate co-conspirator's boasts were "intended to inform [the] []other co-conspirator, … , about the details of an ongoing scheme, likely … to encourage her continued participation in the conspiracy.")

V.    **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion.

Dated: February 7, 2024                    Respectfully submitted,


                                           GLENN S. LEON
                                           Chief, Fraud Section
                                           Criminal Division, Department of Justice

                          By:     */s/ Scott Armstrong*
                                           Scott Armstrong, Assistant Chief
                                           John J. Liolos, Trial Attorney
                                           Fraud Section, Criminal Division
                                           United States Department of Justice
                                           1400 New York Ave. NW
                                           Washington, DC 20005
                                           Tel.: (202) 768-2246


                                           ALAMDAR S. HAMDANI
                                           United States Attorney
                                           Southern District of Texas

                          By:     */s/ Thomas Carter*
                                           Thomas H. Carter
                                           Assistant United States Attorney
                                           State Bar No.: TX24048387
                                           1000 Louisiana Street, 25th Floor
                                           Houston, Texas 77002
                                           Tel.: (713) 567-9470

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2024, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

*/s/ Scott Armstrong*
Scott Armstrong
U.S. Department of Justice
Criminal Division, Fraud Section
