**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EDWARD CONSTANTINESCU,**<br>**PERRY "PJ" MATLOCK,**<br>**JOHN RYBARCZYK,**<br>**GARY DEEL,**<br>**STEFAN HRVATIN,**<br>**TOM COOPERMAN,**<br>**MITCHELL HENNESSEY,**<br>**DANIEL KNIGHT.** | **No. 4:22-CR-00612-S** |

## DEFENDANT EDWARD CONSTANTINESCU'S MOTION IN LIMINE TO PRECLUDE EVIDENCE FROM DR. MARIA GARIBOTTI AND MR. PETER MELLEY

Defendant Edward Constantinescu respectfully files the following motion in limine seeking to preclude testimony of and documents created by Dr. Maria Garibotti, and testimony from Mr. Melley about said documents, from being presented to the jury at trial. Constantinescu requests a hearing to determine admissibility of the testimony and created documents.

The government lists Garibotti, an economist, as a witness who purportedly calculated the "profits" and "loss" that Constantinescu and others allegedly made trading certain stocks from 2020 to 2022. To this end, the government has produced a "declaration" and a subsequent "revised declaration" that includes, among other things, a spreadsheet listing stock tickers, dates, and "profits" or "loss" attributable to each defendant. In addition, Garibotti produced 397 excel spreadsheets that she created which purport to list trading activity and tweets, discord posts, and private messages, which Garibotti lists as "false" and highlights in bright yellow. The government has listed at least 54 of these created spreadsheets on its exhibit list.

Garibotti should be precluded from testifying and the excel spreadsheets she created should be excluded from trial for the following reasons:[1]

- The calculations concerning profit and loss are inaccurate, inconsistent, and unreliable;

- The data relied on in formulating her expert opinion and creating the spreadsheets is incomplete and inaccurate;

- The expert's report is based on representations made by the DOJ that defendants "artificially inflated" stocks prices or otherwise affected stocks' volume, yet the government has offered no foundational evidence on its exhibit list nor any testifying expert witness who will testify that the defendants caused any increase or decrease in a stock's price or volume;

- The expert's report and created spreadsheets are based on representations made by the DOJ that certain statements are false, a fact on which (1) expert testimony is not required, (2) she is not qualified to opine, and (3) which will likely confuse the jury and unfairly prejudice defendants by highlighting them in yellow;

- The expert report produces the tweets and messages from the defendants in edited form to render them misleading;

- The expert report includes trading data and internal messages (which the defendants were not aware of at the time) alongside public messages on social media, giving the misleading impression that the defendants were all aware of this information in real time, yet the government has no witnesses nor evidence supporting the notion that any defendant had access to or was aware of others' trading at all, let alone in real time;

- The expert report excludes cancelled and expired orders;

- The expert report and spreadsheets incorrectly attribute instances where an unverified twitter user only *tags* Constantinescu as "tweets" by Constantinescu himself; and

- The revised January 19 expert report and spreadsheets conflict with the original June 5 expert report and spreadsheets.

In addition, the government has noticed that it intends to introduce Peter Melley in a dual role both as an "expert" witness and a "summary" witness. The government's notice states that it intends to have Melley testify about defendants' trading records, brokerage records, bluesheet

---

[1] Constantinescu has also joined defendant Rybarczyk's motion to exclude testimony from Dr. Garibotti (ECF No. 532) and adopts the reasons set forth in that motion.

data, unidentified "relevant social media activity," and "certain of the United States disclosures to the defense in this case." This offered summary testimony is inappropriate; it will almost certainly mislead and confuse the jury and permit the jury to give weight to Melley's testimony purportedly summarizing records not in this evidence.

Dated: February 9, 2024

Respectfully submitted,

/s/ Matthew A. Ford

Matthew A. Ford
Texas Bar No. 24119390
mford@fordobrien.com
Jamie Hoxie Solano
Admitted Pro Hac Vice
jsolano@fordobrien.com
Stephen Halpin
shalpin@fordobrien.com
S.D. Tex. Bar No. NY5944749
FORD O'BRIEN LANDY, LLP
3700 Ranch Road 620 South, Suite B
Austin, Texas 78738
Telephone: (512) 503-6388
Facsimile: (212) 256-1047

Attorneys for Defendant
Edward Constantinescu

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 9, 2024, a true and correct copy of the foregoing document has been electronically served on all counsel of record via the Court's CM/ECF system.

<u>*/s/ Matthew A. Ford*</u>
Matthew A. Ford