UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § § | The Honorable Andrew S. Hanen |
| Defendants. | § | |

### United States' Reply in Support of Motion to Amend (ECF No. 558)

The Court should grant the United States' motion to amend the Trial Episodes and correct a scrivener's error that omitted three days of trading described in the Superseding Indictment. (ECF No. 558.) Defendants have been on notice of the at-issue trading since it was described in detail in the Indictment and other points in between, including after the error, when the United States again included the trading in its trial exhibits produced on January 19, 2024. (*See id.* at 1–2.) As soon as the United States realized the error, it alerted Defendants and the Court.

Defendants' hyperbole to the contrary lacks foundation in the record. Defendants make much of "adding three days" from February 26 through 28, 2021. (ECF No. 568 at 3–6.) But, as the relevant exhibit clearly shows, *there is no relevant activity on those days*. (*See* ECF No. 558, Ex. 2 at 4.) Defendants manufacture outrage out of nothing. The Court should not be misled.

The irony is the loudest voice claiming prejudice—Defendant Hennessey, who filed the response—is not even charged in Count 7 and his trading is not at issue in the episode. The irony is double because the two Defendants who *are* charged in the Count, Matlock and Rybarzcyk, *already analyzed* the at-issue trading in their proffered expert reports, including a report first produced on January 29, 2024. (*See* ECF No. 551, Ex. 1 at 10; ECF No. 551, Ex. 3 at

JRYBARCZYK-004447–455.) The record shows Defendants have been preparing to address this trading the entire time. As well they should; it is described in the Indictment.

As to the *Brady* question, the United States made the same inquiry of the SEC and FINRA as to the corrected date range for GTT (February 24 through March 3, 2021) as it did for all other Trial Episodes. The SEC and FINRA have reported back they have nothing further to produce in response.

The notion that Defendants "will have to pivot just a few weeks before trial to address these entirely new allegations" is a fiction without foundation. (ECF No. at 8.) Defendants have been on notice since Indictment and the record shows they have been preparing to address that trading and related evidence all the way through.

The Court should grant the Motion (ECF No. 558).

Dated: February 28, 2024                    Respectfully submitted,

                                            GLENN S. LEON
                                            Chief, Fraud Section
                                            Criminal Division, Department of Justice

                                        By: */s/ John J. Liolos*
                                            Scott Armstrong, Assistant Chief
                                            John J. Liolos, Trial Attorney
                                            Fraud Section, Criminal Division
                                            United States Department of Justice
                                            1400 New York Ave. NW
                                            Washington, DC 20005
                                            Tel.: (202) 768-2246

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: */s/ Thomas Carter*
Thomas H. Carter
Assistant United States Attorney
State Bar No.: TX24048387
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9470

## Certificate of Service

I hereby certify that on February 28, 2024, I will cause the foregoing motions to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

*/s/ John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section