UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. 4:22-cr-00612-3 |
| § | |
| JOHN RYBARCZYK § | |

## MR. RYBARCZYK'S SUPPLEMENTAL MEMORANDUM CONCERNING *CIMINELLI V. UNITED STATES*

TO THE HONORABLE JUDGE ANDREW S. HANEN:

COMES NOW, John Rybarczyk, and respectfully files this brief supplemental memorandum of law in support of his motion to dismiss the indictment without prejudice pursuant to *Ciminelli v. United States*, 593 U.S. ____ (2023). *See* Dkt. 397.

After extensive oral argument this afternoon, the Government, in an attempt to salvage their legally deficient Indictment (Dkt. 134), hung their hat on paragraph 12 of the Indictment, which reads: "The defendants used their credibility to maximize their own trading profits through their tweets and posts in Atlas Trading Discord, *often at the expense of their Twitter followers and members of Atlas Trading Discord*. Indeed, the defendants used their social media influence to pump and dump securities for their own financial gain." According to the Government, the conclusory and factually unsupported phrase "often at the expense of their Twitter followers and members of Atlas Trading Discord" is sufficient to both state an offense(s) *and* apprise the defendants of all the "essential facts constituting the offense charged …" as required by the Constitution and the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. Proc. 7(c)(1) (essential facts and elements must be pled); *see also Hamling v. United States*, 418

U.S. 87, 117 (1974) ("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). It is not.

As an initial matter, the Indictment as a whole does not contain the elements of the charged offense, as set forth under *Ciminelli*, because the charging language used in the charged counts does not plead that the defendants obtained any "money and property" from any "*victims*." That should end this inquiry.

But even putting that aside, the barebones conclusions set forth in paragraph 12—that the defendants "often" gained "at the expense of their" social media followers—does not cure the indictment defect because, from a constitutional perspective, it neither informs Mr. Rybarczyk (or the other defendants) about the charges against him or allows him to plead an acquittal or conviction to bar re-prosecution.

Indeed, the phrase "often at the expense of their Twitter followers and members of Atlas Trading Discord" means nothing without additional context that the Indictment as a whole fails to provide.[1] The Indictment does not identify a single specific victim. It does not identify a single specific defendant who obtained money from any victim. The Indictment does not specify which tickers have resulted in identifiable (or even unidentifiable) victims and which do not. The Indictment does not allege even how much the defendants gained, in total, from victims or what percentage of their earnings came from victims. It is the Government's burden to tell the defendants what they are accused of in order to allow a defendant to "prepare his defense" and

---

[1] Parsing out a single phrase to try and save an Indictment flies in the face of well-established Fifth Circuit precedent which holds that an Indictment must be read "as a whole to determine its meaning." *See United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981).

assert double jeopardy down the road, and the meaningless phrase "often at the expense" of social media followers does not meet that burden. *See United States v. Dentier*, 492 F.3d 306, 309 (5th Cir. 2007) (facts in the indictment must allow an accused to "prepare his defense").

It is this utter lack of specificity in the Indictment that directly resulted in the mayhem we witnessed today because it has allowed the government to move the goalposts and proof at every turn. As one example, the alleged conspiracy has gone from 19 trading episodes to 397 episodes and then back down to 54 trading episodes (with the caveat, as the Government set forth today, that they wish to introduce dozens of statements from charged defendants (and others) concerning stocks or trading episodes that are not part of the 54 episodes). The offenses charged here are constitutionally undefinable from this lack of detail, and the conclusory allegation about undefined followers "often" being victims only adds to that infirmity.

Moreover, while the specific allegations contained in the Indictment about specific charged tickers such ABVC or GTT *could* potentially cure the generality of paragraph 12, they do not. The specific allegations for every charged ticker also contain no identifiable (or unidentifiable) victims or loss, or even general allegations concerning who is a victim. Instead, the final paragraph of each charged trading episode is the exact same—the Defendants made money and profited from their trading. *See, e.g*. Dkt. 134 Paras. 31, 42, 53, 100. This is the exact *opposite* of what constitutes a sufficiently charged Title 18 fraud case as defined by the Supreme Court in *Kelly* and *Ciminelli*. In short, far from curing any alleged pleading defect, the conclusory statements of paragraph 12 simply highlight the lack of constitutionally-required specificity that the defendants need in order to defend this case at trial.

This argument is not conjecture by Mr. Rybarczyk or his counsel. What took place today in Court in our argument over the Government's exhibits arose precisely because the essential

level of detail and specificity concerning who is a victim in this case, what that victim lost, and which stocks are at issue, is missing from the Indictment (as well as the provided discovery). Rewarding the Government by allowing this case to proceed on this Indictment, which fails to allege the essential *facts* that are statutorily and constitutionally required, will only result in mayhem increasing going forward.

Finally, it must be noted that the Indictment does not contain just a single charge to which Paragraph 12 could be said to apply. Rather, there is a general conspiracy charge and 19 separate individual counts. None of the individual counts allege anything at all about having identifiable or even unidentifiable victims, and certainly, Paragraph 12 does not purport, on its face, to apply to *any* of the specific charged tickers. To the contrary, Paragraph 12 makes clear that it does *not* apply to every count in the Indictment. *See* Para. 12 (describing the maximization of (entirely legal) trading profits that came "often" at the expense of Twitter followers). Thus, even if Paragraph 12 could purport to save the Indictment generally (to be clear, it cannot), it certainly cannot save the individual charged counts because it does not explicitly cover those charged counts. Either way, the Indictment must be dismissed.

Again, and to reiterate our request, the Indictment must be dismissed and to the extent that it is re-pled, a Second Superseding Indictment must contain the essential facts concerning who the victims are and what specifically they lost as a direct result of the defendants' actions.

Dated: March 20, 2024

Respectfully submitted,

*/s/ Q. Tate Williams*
Q. Tate Williams
Texas Bar No.: 24013760
Philip H. Hilder
Texas Bar No. 09620050
Stephanie K. McGuire
Texas Bar No. 11100520
**Hilder & Associates, P.C.**
819 Lovett Blvd.
Houston, Texas 77006
Tel.: (713) 655-9111
Fax: (713) 655-9112
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com


*/s/ Eric S. Rosen*
Eric Samuel Rosen
**Dynamis LLP**
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 977-4163
erosen@dynamisllp.com

*Attorneys for Defendant*
*John Rybarczyk*

### CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, a true and correct copy of the above and foregoing was served on all counsel of record via ECF, certified mail, return receipt requested, facsimile, electronically, or hand delivery.

*/s/ Q. Tate Williams*
Q. Tate Williams